UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL DONOGHUE and PREMIUM
MORTGAGE CORP.,

                     Plaintiffs,

  -against-

CYNTHIA NOSTRO, DYLAN RANDALL, DAVID
POPHAM and EVERETT FINANCIAL, INC. d/b/a
SUPREME LENDING,

                     Defendants.

**MEMORANDUM OF LAW**

Civil Action No.:
6:20-CV-06100-EAW

**PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO COMPEL DISCOVERY**

Abrams, Fensterman, Fensterman, Eisman,
Formato, Ferrara, Wolf & Carone, LLP

Sharon P. Stiller, Esq.
Maureen T. Bass, Esq.
*Attorneys for Plaintiffs*
160 Linden Ave, Suite E
Rochester, New York 14625
sstiller@abramslaw.com
mbass@abramslaw.com

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS ........................................................................................................ 1

ARGUMENT .............................................................................................................................. 3

    POINT I:  DEFENDANT MUST BE COMPELLED TO PROVIDE RESPONSES TO DISCOVERY REQUESTS ................................................................................................. 3

    POINT II:  DEFENDANT MUST BE REQUIRED TO PAY THE REASONABLE COSTS OF THIS MOTION TO COMPEL ..................................................................................... 4

CONCLUSION ........................................................................................................................... 5

## TABLE OF AUTHORITIES

**Cases**

*Cooper v. Niagara Cmty. Action Program*, No. 08-CV-468S, 2009 WL 104261 (W.D.N.Y. Jan. 14, 2009) ................................................................................................................................ 5

*Zhao v. U.S. Dep't of Homeland Sec.*, No. 06-CV-106S, 2008 WL 123933 (W.D.N.Y. Jan. 10, 2008) ............................................................................................................................. 5, 6

**Statutes**

Fed. R. Civ. Pro. 37(a)(5)(A) .......................................................................................................... 6

## PRELIMINARY STATEMENT

Plaintiffs seek an order compelling the response of Defendant Everett Financial, Inc. d/b/a Supreme Lending (the "Defendant" or "Supreme") to Plaintiffs' discovery requests served over a year ago. Plaintiffs have repeatedly sought to resolve this issue directly with Supreme but have not been successful. Plaintiffs also seek reasonable attorneys' fees and costs incurred as a result of this motion.

## STATEMENT OF FACTS

Plaintiffs Michael Donoghue ("Mr. Donoghue") and Premium Mortgage Corp. ("Premium," and together with Mr. Donoghue, "Plaintiffs") commenced this action by filing a Summons and Verified Complaint against Defendants on January 6, 2020. Dkt. No. 1-2 at 2-57. On February 14, 2020, Defendants removed the case to this Court. Dkt. No. 1. On March 2, 2020, Defendant filed an Answer. Dkt. No. 8. On March 20, 2020, Plaintiffs filed an Amended Complaint. Dkt. No. 15. On April 2, 2020, Defendant filed an Answer to the Amended Complaint. Dkt. No. 19.

On or about October 30, 2020, Plaintiffs served their Rule 26(a) Initial Disclosures upon all Defendants, along with Plaintiffs' First Interrogatories, Notice to Produce Documents, and Notice of Deposition. On April 8, 2021, after counsel for the parties had conferred and submitted a Proposed Discovery Plan (Dkt. No. 29), the Court issued a scheduling order setting the deadline for all factual discovery as September 30, 2021. Dkt. No. 32 at ¶ 2.

On or about June 29, 2021, Plaintiffs' counsel sent a letter to opposing counsel for all Defendants, requesting that they respond to the outstanding discovery that had previously been due on November 30, 2020 by no later than July 19, 2021. Counsel for Supreme did not respond to this letter.

On July 21, 2021, Plaintiffs' counsel sent an email to Defendants' respective counsel, noting that Plaintiffs had still not received discovery responses and intended to proceed with motion practice if Defendants did not respond on or before July 23, 2021. On July 22, 2021, counsel for Supreme, Steven Cole, indicated that he would be willing "to discuss the completion of discovery." Counsel for Plaintiffs responded the same day and requested that Mr. Cole provide Supreme's discovery responses within ten days.

On August 12, 2021, Plaintiffs' counsel circulated a proposed amended scheduling order to all counsel and requested that Defendants provide discovery responses by the end of the next week. Mr. Cole responded that he would provide Supreme's responses "soon."

On or about August 13, 2021, counsel for the parties agreed upon an Amended Scheduling Order to extend discovery deadlines, which was then Ordered by the Honorable Mark W. Pedersen on August 17, 2021. That Order set the deadline for all factual discovery as March 30, 2022.

On November 4, 2021, after repeated communications, counsel for the individual Defendants Cynthia Nostro, Dylan Randall, and David Popham provided responses to Plaintiffs' discovery requests. Plaintiffs reserve the right to challenge the sufficiency of those responses at a later date.

To date, Defendant Supreme has failed to either answer or object to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents, although Plaintiffs have made numerous good faith efforts to procure them. In fact, Defendant has promised to provide them on several occasions, but has failed to do so.

Defendant's discovery responses should have been provided no later than November 30, 2020. Despite numerous communications and extensions of time, Defendant has still failed to comply with its discovery obligations, nearly a full year past its deadline to respond.

The Case Management deadline for completion of fact discovery is March 30, 2022. However, Defendant's delays will significantly impact this schedule since Plaintiffs cannot proceed to deposition before obtaining the necessary discovery. As such, Plaintiffs reserve the right to request an extension of time to complete discovery. In addition, despite Plaintiffs' many entreaties to Defendant to provide the responses, Plaintiffs have now been forced to incur attorneys' fees to draft this motion.

## ARGUMENT

### POINT I:  DEFENDANT MUST BE COMPELLED TO PROVIDE RESPONSES TO DISCOVERY REQUESTS

Although due on November 30, 2020, Defendant has yet to provide its responses to Plaintiffs' discovery requests. Plaintiffs have made a good faith effort to procure those responses over the past year but have been unsuccessful. Defendant's recalcitrance requires this Court's intervention.

"Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an Order compelling disclosure, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention." *Cooper v. Niagara Cmty. Action Program*, No. 08-CV-468S, 2009 WL 104261 (W.D.N.Y. Jan. 14, 2009) (internal citations omitted); *see also Zhao v. U.S. Dep't of Homeland Sec.*, No. 06-CV-106S, 2008 WL 123933, at *1 (W.D.N.Y. Jan. 10, 2008).

Plaintiffs served their discovery demands on or about October 30, 2020.  Defendant was required to respond to those demands by November 30, 2020.  Nearly a year later, despite numerous reminders, communications, and attempts to procure the outstanding discovery, Defendant has failed to comply with its obligations.  The newly extended deadline for factual discovery of March 30, 2022 is steadily approaching, and the parties will be unable to proceed to depositions until Supreme provides its discovery responses.

### POINT II:  DEFENDANT MUST BE REQUIRED TO PAY THE REASONABLE COSTS OF THIS MOTION TO COMPEL

When a party fails to comply with discovery requests and the movant succeeds on a Motion to Compel, the Court must award costs, including reasonable attorneys' fees, unless: (1) the moving party failed to make good faith attempts to obtain the information without court action, (2) the party's failure to provide the disclosure was substantially justified, or (3) there are other reasons why an award of fees would be unjust. Fed. R. Civ. Pro. 37(a)(5)(A); *Zhao*, 2008 WL 123933, at *2.

Here, Plaintiffs' counsel contacted Defendant's counsel by phone, letter and email on numerous occasions attempting to obtain the responses without court intervention, but to no avail.  Defendant has provided no justification for its noncompliance, and there are no additional circumstances which would render an award of fees unjust.

This motion would have been unnecessary if the discovery had been timely provided or if Defendant had heeded the many reminders and communications Plaintiffs' counsel sent in an effort to move the case forward.  Plaintiffs should not be required to bear the cost of this motion when it was only made necessary by Defendant's recalcitrance.

## CONCLUSION

Based upon the foregoing, Defendant Supreme should be compelled to provide responses to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents, and Defendant and/or its counsel should be required to pay the costs of the Motion, including reasonable attorneys' fees.

Date:  November 19, 2021    Respectfully submitted,
       Rochester, New York

       ABRAMS, FENSTERMAN, FENSTERMAN,
       EISMAN, FORMATO, FERRARA, WOLF &
       CARONE, LLP

       /s/ Sharon P. Stiller
       Sharon P. Stiller, Esq.
       Maureen T. Bass, Esq.
       *Attorneys for Plaintiffs*
       160 Linden Ave, Suite E
       Rochester, New York 14625
       Telephone:  (585) 218-9999
       sstiller@abramslaw.com
       mbass@abramslaw.com