UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL DONOGHUE and PREMIUM MORTGAGE CORP.,

                              Plaintiffs,

-against-

CYNTHIA NOSTRO, DYLAN RANDALL, DAVID POPHAM and EVERETT FINANCIAL, INC. d/b/a SUPREME LENDING,

                              Defendants.

**STILLER AFFIRMATION OF GOOD FAITH IN SUPPORT OF MOTION TO COMPEL**

Civil Action No.:
6:20-CV-06100-EAW

      SHARON P. STILLER, Esq. hereby affirms that the following is true and correct under penalty of perjury:

      1.    I am a partner with the law firm of Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, attorneys for Plaintiffs, MICHAEL DONOGHUE, and PREMIUM MORTGAGE CORP., (the "Plaintiffs") in the above-referenced matter. I am fully familiar with the facts set forth and circumstances described herein.

      2.    I submit this affirmation in support of the Plaintiffs' motion to (1) compel the Defendant EVERETT FINANCIAL, INC. d/b/a SUPREME LENDING (the "Defendant" or "Supreme") to respond to discovery requests served on October 30, 2020, including Plaintiffs' First Notice to Produce and First Set of Interrogatories; (2) award Plaintiffs the costs of this motion and reasonable attorneys' fees; and (3) for such other and further relief as this Court deems just and proper.

      3.    On or about October 30, 2020, Plaintiffs served their Rule 26(a) Initial Disclosures upon Defendant, along with Plaintiffs' First Interrogatories, Notice to Produce Documents, and Notice of Deposition. A copy of the October 30, 2020, cover letter served with

Plaintiffs' Initial Disclosures and the discovery requests to Supreme's counsel, Steven E. Cole, Jeremy M. Sher, and Jared K. Cook, is attached as Exhibit "A."

4. On April 8, 2021, after counsel for the parties had conferred and submitted a Proposed Discovery Plan, the Court issued a scheduling order setting the deadline for all factual discovery as September 30, 2021. Dkt. No. 32 at ¶ 2.

5. On or about June 29, 2021, our firm sent a letter to opposing counsel for all Defendants, requesting that they respond to the outstanding discovery that was previously due on November 30, 2020 by no later than July 19, 2021. A copy of the June 29, 2021 letter is attached as Exhibit "B."

6. On July 21, 2021, our firm sent an email to Defendants' respective counsel on noting that Plaintiffs had still not received discovery responses and intended to proceed with motion practice if Defendants did not respond on or before July 23, 2021.

7. On July 22, 2021, counsel for Supreme, Steven Cole, indicated he would be "happy to discuss the completion of discovery."

8. On July 22, 2021, Plaintiffs' counsel requested that Mr. Cole provide the responses within ten days. The email chain referenced above is attached as Exhibit "C."

9. On August 12, 2021, our firm circulated a proposed amended scheduling order to counsel, and requested that Defendants provide discovery responses by the end of the next week. Mr. Cole responded the same day that he would provide Supreme's responses "soon." These emails are attached as Exhibit "D."

10. On or about August 13, 2021, counsel for all parties agreed upon an Amended Scheduling Order to extend discovery deadlines, which was entered by the Court on August 17,

2021. The order extended the deadline for completion of fact discovery to March 30, 2022. A copy of the Amended Scheduling Order is attached as Exhibit "E."

11. On or about November 4, 2021, Defendants Cynthia Nostro, Dylan Randall, and David Popham served responses to Plaintiffs' discovery requests via electronic mail. Plaintiffs reserve the right to challenge the sufficiency of those responses at a later date.

12. To date, despite multiple good faith efforts, Defendant Supreme has failed to answer or object to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents.

13. The discovery materials sought are necessary and material to the defense of the claims. Plaintiffs have made a good faith effort through emails, telephone calls and letters to Defendant's counsel, and have waited patiently for the discovery to arrive.

14. A good faith effort has been made to secure such information from counsel to avoid motion practice, but to no avail. Had Defendant complied with the numerous efforts to obtain the information and documents or with the promises Defendant's counsel made, this motion would have been unnecessary.

15. No prior application has been made for the relief requested herein.

16. Plaintiffs reserve the right to request an amended scheduling order to ensure the completion of all necessary and appropriate discovery.

**WHEREFORE**, Plaintiffs respectfully request an Order of this Court (1) compelling Defendant Supreme to respond to Defendants' outstanding discovery demands; and (2) requiring the Defendant and/or its counsel to pay the costs of this Motion and reasonable attorneys' fees; (3) together with such other and further relief as the Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  November 19, 2021                           /s/ Sharon P. Stiller
       Rochester, New York                             Sharon P. Stiller, Esq.