# EXHIBIT 13

# EXHIBIT 13

# REVISED EXHIBIT 14

## (Reflecting March 2022 Disclosures)

**Deficiencies in Answers to Interrogatories**

Cynthia Nostro Revised Interrogatory Response served on 11/4/21 and revised on 1/7/2022 and 3/18/22

| Interrog. No. | Request | Response | Insufficiency | What is needed |
|---|---|---|---|---|
| 1 | People with information | Provide names only: Particularly former Premium employees and "other individuals." | 1."identify" requires present or last known address and last known place of employment 2. Catchall of "anyone" else referred to. | **Resolved.** |
| 2 | Identify each document relating to responses or allegations in Complaint, Answer or retaliation lawsuit | General reference to documents produced and that will be produced. | 1.Doesn't identify which documents came from which defendant; 2. Doesn't identify which documents relate to Complaint, answer or retaliatory lawsuit As a result, it is impossible to tell what response is and does not contain a free-standing response. | **Unresolved.** Must specifically comply with request so can then Comply with Rule 34 and identify who was producing them. Properly comply for all other defendants. |
| 10 | Identify all PMC employees in contact with | "certain employees, Including." | If no others, say so. If others, identify. | **Resolved.** |
| 11 | Identify all leads, individuals in PMC pipeline, customers or clients contacted or communicated with since leaving PMC | No one identified. | No response to this critically important question; moreover, and documents produced do not | **Unresolved.** Defendant amended to identify "borrowers", and not leads, individuals, |

| | | | show what came from whom. | customers or clients.<br><br>Must respond completely and with all identifying information. |
|---|---|---|---|---|
| 12 | Identify all loans for which was a mlo since 4/1/2019 | Limited answer to 4/24/2019. | Loans are in LARS – should be identified; relevant to damages, showing what was taken and how loans were originated; cannot fully obtain relevant information unless we know what they closed. | **Unresolved.**<br><br>Defendant improperly refers Plaintiffs to Supreme' records. |
| 14 | Identify doctors etc. | Refused. | 2nd counterclaim for retaliation seeks damages for "emotional distress, suffering, inconvenience, mental anguish, and loss of enjoyment of life." | **Unresolved.**<br><br>Waived privilege in sexual harassment case; Claims not relevant because "garden variety damages;" not what she has pleaded; has waived physician client privilege in other litigation; moreover, has not produced affidavit required to claim garden variety damages. |
| 15 | Identify all persons with whom you have discussed retaliatory lawsuit | Refers to Interrogatory Response # 1 but does not identify or provide identifying information. | Improper to reference another interrogatory and doesn't answer question. | **Resolved.** |
| 16 | Identify all persons with knowledge of alleged lost business or profits | Doesn't directly answer; says aware of some realtors who | Does not address any particular lost business or lost profits "because of the alleged | **Resolved.** |

|    |                                                                         | would not work with her.                                                                              | interference of Mr. Donoghue."                                             |                                                                                                                                                                                                                                       |
|----|-------------------------------------------------------------------------|-------------------------------------------------------------------------------------------------------|---------------------------------------------------------------------------|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 17 | Identify all lost business                                              | No Response.                                                                                           | Must identify.                                                            | **Unresolved.** Defendant reserves right to supplement with future knowledge. If Defendant is currently unaware of lost business, her response should so state.                                                                          |
| 18 | Identify all compensation, reimbursement from Supreme including legal fees | No Response.                                                                                           | Needs to identify payments, commissions, and other payment.               | **Unresolved.** Defendant referred to an employment agreement, but Plaintiffs still need to know what sales they were credited for; commissions and other payments by Supreme) paying legal fees relevant to improper means on tortious interference claim. |
| 20 | Identify all recruiters                                                 | Revised to admit spoke with recruiter at Supreme but did not identify.                                 | Fails to identify recruiter.                                              | **Resolved.**                                                                                                                                                                                                                          |
| 21 | Identify individuals with whom discussed sexual harassment lawsuit       | Attorney client privilege.                                                                             | No log; no lawsuit pending.                                               | **Resolved.**                                                                                                                                                                                                                          |
| 22 | Describe content of discussion                                         | Evasive – does not describe the content of each discussion, simply says discussed it.                  | Must fully respond.                                                       | **Unresolved.**                                                                                                                                                                                                                        |

**Deficiencies in Dylan Randall Revised Interrogatory Response served on 11/4/21 and revised on 1/7/2022 and 3/18/22**

| Interrog. No. | Request | Response | Insufficiency | What is needed |
|---|---|---|---|---|
| 1 | People with information | Provide names only: Particularly former Premium employees and "other individuals." | 1."Identify" requires present or last known address and last known place of employment. 2. Catchall of anyone else referred to. | Resolved. |
| 2 | Identify each document relating to responses or allegations in Complaint, Answer or retaliation lawsuit | General reference to documents produced and that will be produced. | 1.Doesn't identify which documents came from which defendant; 2. Doesn't identify which documents relate to Complaint, answer or retaliatory lawsuit. | **Unresolved.**<br><br>Comply Rule 34 and identify who was producing each document; properly comply for all others. |
| 10 | Identify all PMC employees in contact with | Been in contact with, Including." | If no others, say so. If others, identify. | **Resolved.** |
| 11 | Identify all leads, individuals in PMC pipeline, customers or clients contacted or communicated with since leaving PMC | No one identified. | No response to this critically important question; moreover, and documents produced do not show what came from whom. | **Unresolved.**<br><br>Defendant amended to identify "borrowers", but not leads, individuals, customers or clients. |
| 12 | Identify all loans for which was a mlo since 4/1/2019 | Limited answer to 4/24/2019. | Loans are in LARS – should be identified; relevant to damages. | **Unresolved.**<br><br>Defendant improperly refers Plaintiffs to Supreme' records. |
| 14 | Identify all persons with whom you have | Refers to Interrogatory # 1 but does not | Improper to reference another | **Resolved.** |

| | discussed retaliatory lawsuit | identify or provide identifying information. | interrogatory and doesn't answer question. | |
|---|---|---|---|---|
| 15 | Identify all persons with knowledge of alleged lost business or profits | Doesn't directly answer; says aware of some realtors who would not work with her. | Does not address any particular lost business or lost profits "because of the alleged interference of Mr. Donoghue." | **Resolved.** |
| 16 | Identify all lost business | No response. | Must identify. | **Unresolved.**<br><br>Defendant reserves right to supplement with future knowledge. If Defendant is currently unaware of lost business, her response should so state. |
| 17 | Identify all compensation, reimbursement from Supreme including legal fees | No response. | Needs to identify payments, commissions and other payment. | **Unresolved.**<br><br>Defendant referred to an employment agreement, but Plaintiffs still need to know what sales they were credited for; commissions and other payments by Supreme) paying legal fees relevant to improper means on tortious interference claim. |
| 18 | Identify all recruiters | Revised to admit spoke with recruiter at Supreme but did not identify. | Fails to identify recruiter. | **Resolved.** |
| 19 | Identify individuals with whom discussed sexual harassment lawsuit | Attorney client privilege. | No log; no lawsuit pending. | **Unresolved.**<br><br>Defendant fails to produce privilege log. |

| 20 | Describe content of discussion | Evasive – does not describe the content of each discussion, simply says discussed it with Cindy and Nye spoke with him. | Must fully respond. | **Unresolved.**<br><br>Response contains insufficient detail. |
|---|---|---|---|---|

**Deficiencies in David Popham Revised Interrogatory Response served on 11/4/2 and revised on 1/7/2022 and and 3/18/22**

| Interrog. No. | Request | Response | Insufficiency | What is needed |
|---|---|---|---|---|
| 1 | People with information | Provide names only: Particularly former Premium employees and "other individuals." | 1."identify" requires present or last known address and last known place of employment. 2. Catchall of anyone else referred to. | **Resolved.** |
| 2 | Identify each document relating to responses or allegations in Complaint, Answer or retaliation lawsuit | General reference to documents produced and that will be produced. | 1.Doesn't identify which documents came from which defendant; 2. Doesn't identify which documents relate to Complaint, answer or retaliatory lawsuit. | **Unresolved.** Comply Rule 34 Identify who was producing them. Properly comply for all others. |
| 10 | Identify all PMC employees in contact with | Been in contact with, Including." | If no others, say so. If others, identify. | **Resolved.** |
| 11 | Identify all leads, individuals in PMC pipeline, customers or clients contacted or communicated with since leaving PMC | No one identified. | No response to this critically important question; moreover, and documents produced do not show what came from whom. | **Unresolved.** Defendant amended to identify "borrowers", but not leads, individuals, customers or clients. |
| 12 | Identify all loans for which was a mlo since 4/1/2019 | Not MLO until 1/2020 but doesn't identify. | Loans are in LARS – should be identified; relevant to damages. | **Unresolved.** Defendant improperly refers Plaintiffs to Supreme' records. |
| 15 | Identify all persons with knowledge of alleged lost business or profits | Doesn't directly answer; says aware of some realtors who | Does not address any particular lost business or lost | **Resolved.** |

| | | | | |
|---|---|---|---|---|
| | | would not work with her. | profits "because of the alleged interference of Mr. Donoghue." | |
| 16 | Identify all lost business | No response. | Must identify. | **Unresolved.** Defendant reserves right to supplement with future knowledge. If Defendant is currently unaware of lost business, her response should so state. |
| 17 | Identify all compensation , reimbursement from Supreme including legal fees | No response. | Needs to identify payments, commissions and other payment. | **Unresolved.** Defendant referred to an employment agreement, but Plaintiffs still need to know what sales they were credited for; commissions and other payments by Supreme) paying legal fees relevant to improper means on tortious interference claim. |
| 19 | Identify individuals with whom discussed sexual harassment lawsuit | Attorney client privilege. | No log; no lawsuit pending. | **Unresolved.** No privilege log. |
| 20 | Describe content of discussion | Evasive – does not describe the content of each discussion, simply says discussed it with Cindy and Nye spoke with him. | Must fully respond. | **Unresolved.** |

## DEFICIENCIES IN SUPREME INTERROGTORY RESPONSES

| Interrog. No. | Request | Response | Insufficiency | What is needed |
|---|---|---|---|---|
| 2 | Describe "all" circumstances under which you decided to open the Williamsville office | Pursue business activities. | Evasive; doesn't list all. | **Unresolved.** List all reasons. |
| 3 | Identify statements from any person with information concerning allegations in complaint, answer and/or retaliatory lawsuit | Not in possession. | Statements must be identified; not in possession insufficient for request to identify; also objects on privilege but no log presented. | **Unresolved.** |
| 4 | Identify each document relating to responses or allegations in Complaint, Answer or retaliation lawsuit | No Response. | Must respond, produce and identify. | **Unresolved.** Must identify and then Comply Rule 34. |
| 5-7 | Describe each defendant's employment including entitlement to salary, commissions, reimbursements and legal fees | No answer to salary, commissions, reimbursements and legal fees. | We are entitled to an answer that can be put in evidence; this is evasive. | **Unresolved.** |
| 8 | Identify efforts to safeguard PMC's information | Evasive; only says required confidentiality agreements for their information; | Full answer needed; if didn't do anything else, say so. | **Unresolved.** |
| 9 | Identify those licensed to conduct mortgage banking in NY | Not Answered. | Full answer needed; relevant to show who could have originated what loans and whether Premium's information used. | **Unresolved.** |
| 10 | Identify all regulatory communication in connection with business in NY | Not Answered. | May contain reports of stealing data if they met their obligations! Also, relevant to show whether | **Unresolved.** |

|    |                                                                                                 |                                                                                                                                                                        |                                                                                                                                                       |                                                                                        |
|----|-------------------------------------------------------------------------------------------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------------------------------------------------------------------------------------------------------------------------------------------------------|----------------------------------------------------------------------------------------|
|    |                                                                                                 |                                                                                                                                                                        | doing business in NY – i.e., no or virtually no business before they took our loans; helps to pinpoint timing; also may contain admissions.            |                                                                                        |
| 11 | Identify all PMC employees in contact with or communicated with                                 | No Response.                                                                                                                                                            | Relevant to corporate raiding.                                                                                                                        | Unresolved.                                                                            |
| 12 | Identify all customers or clients or who has done business within Williamsville since retaining Popham, Nostro and/or Randall | No one identified.  Improperly self-limited to ones for whom we can show applications or credit reports; note they file LARS so the information is readily obtainable.   Also limited dates. | No response to this critically important question; moreover, and documents produced do not show what came from whom.                                    | Unresolved.                                                                            |
| 13 | Identify all records in which income and profits                                                | Not answered; trying to impose artificial restrictions.                                                                                                                | Has LAR and other documents.                                                                                                                          | Unresolved.  Must respond completely ; Relevant to damages;                           |
| 14 | Identify 3rd parties to whom markets and sells indebtedness                                      | Not Answered.                                                                                                                                                           | Relevant to damages.                                                                                                                                   | Unresolved.                                                                            |
| 15 | Identify all loans sold to any 3rd party                                                         | Not Answered.                                                                                                                                                           | Relevant to damages.                                                                                                                                   | Unresolved.                                                                            |
| 16 | Describe how revenue earned                                                                      | Not answered; improperly refers to answer to another interrogatory.                                                                                                    |                                                                                                                                                       | Unresolved.                                                                            |
| 17 | Identify Supreme's revenue  for loans in NY                                                      | No Response.                                                                                                                                                            | Relevant to damages.                                                                                                                                   | Unresolved.  Needs to not be evasive                                                  |

| 18 | Identify facts supporting first affirmative defense of failure to state a claim | No Response. | Must identify; contention interrogatories permissible – see above; will limit discovery – exactly what this interrogatory is for. | |
|----|---|---|---|---|
| 19 | Identify facts supporting 3rd affirmative defense of unclean hands. | No Response. | | Unresolved.<br><br>Need to know claim to focus discovery; also they have the burden on an affirmative defense so should be able to state basis. |
| 20 | Identify facts supporting 4th affirmative defense of waiver and estoppel | No Response. | | Unresolved. |
| 21 | Identify facts supporting 5th affirmative defense of statute of limitations | No Response. | | Unresolved. |
| 22 | Identify facts supporting 6th affirmative defense of laches | No Response. | Must fully respond. | Unresolved. |
| 23 | Identify facts supporting 7th affirmative defense of intervening or superseding cause | No Response. | | Unresolved. |
| 24 | Identify facts supporting 8th affirmative defense of failure to mitigate damages | No Response. | | Unresolved. |
| 25 | Pending or threatened litigation pending against them | No response. | Goes to malice and corporate raiding efforts; | Unresolved. |

**Deficiencies to Defendants' Responses to Notice to Produce**

| No. | Request | Response | Insufficiency | What is needed |
|---|---|---|---|---|
| 1 | All documents concerning allegations in retaliation lawsuit, Complaint or answer | Evasive: "Some documents "may be contained in disclosure." | Cannot tell from response whether any documents are contained and if so, which ones are responsive. Need to designate what is responsive;  also does not appear to be complete; eg, references talking to Supreme but does not seem to have those communications. | **Unresolved.** Produce all; designate who is producing what and Identify which documents are responsive to that request (see fn. 1 for requirement) |
| 2 | All documents reviewed or relied upon in drafting responses or Retaliation Lawsuit or Answer | Nothing; claims privilege but no log. | | **Unresolved.** |
| 3 | All documents or correspondence which may lead to the discovery of relevant information | No response. | | **Unresolved.** |
| 4 | All written or oral statements or reports concerning the facts and circumstances of allegations in Complaint, Answer or Retaliatory Lawsuit | No  response No statements No investigation file No government reports: claims privileged. | Must produce all; if there are some documents that are privileged, must produce privilege log and produce anything that is not privileged. | **Unresolved.** |
| 5 | Audio or video recording | Not aware of any. | Must search for possession, custody or control and revel what they have done to see; note this would include voice mails. | **Unresolved.** |
| 6 | Emails, communication etc. between Supreme and employees and others concerning allegations in Complaint, Answer or Retaliatory lawsuit | No response. | This is at the heart of tortious interference claim; as well as determining the scope of the unfair competition. | **Unresolved.** |
| | | | Deleted RTP Supreme about opening Williamsville office. | |

| 7 | Documents deleted or transmitted from PMC files | Randall: Has paper copies of now expired credit reports which can be examined; Other than that, Randall, Cindy and Popham say that they are not "in possession of any other PMC information." | Note: This is critical to the case; Randall and Nostro's responses and what they say in text messages is contrary to the response and raises the issue of either non-disclosure or spoliation; same for Popham; know that they copied loan files, Lenderlogix, agents names, etc.... | Unresolved. |
|---|---|---|---|---|
| 8 | All documents concerning or reflecting summaries ... of data stored in PMCs offices, files | Nothing identified as having been produced; references answer to 7. | Must be identified and produced. | Unresolved. |
| 9 | All emails documents etc.. sent from PMC email address to personal email while employed by PMC | Says that they will provide "responsive relevant documents." but nothing identified as having been provided. | Must be identified and produced. | Unresolved. |
| 11 | Documents concerning employment including documents produced to recruiter | Object overly broad; have not indicated that they will produce anything. | Have not produced all compensation agreements; have not produced all recruitment documents or negotiations; no advertisements, offers, etc.... No commissions, no salary information. | Unresolved. |
| 12 | All documents concerning employment or potential employment at supreme of former or current employees | | Not produced. | Unresolved. |
| 13 | Documents concerning resignation communications and conversations | Not in possession; objects privilege. | No privilege log; don't know what is supposed to be responsive; don't know if claims everything produced but there are text messages so obviously someone is | Unresolved. |

| | | | in possession of something. | |
|---|---|---|---|---|
| 14 | Documents between supreme and others about resignation | Same as above. | No privilege log; don't know what is supposed to be responsive; don't know if claims anything produced; cannot tell who produced what but there are some communications produced that are communications with Supreme about date of resignation. | Unresolved. |
| 16 | Communications with PMC former employees since opening Williamsville office | All 3 say privileged and not aware of any. | No privilege log. | Unresolved. |
| 18 | Documents concerning all persons or entities contacted by Supreme or any defendant concerning PMC customers, potential customers, pipeline customers | Nothing designated as such even though says will produce relevant non-privileged information. | No privilege log; don't know what is supposed to be responsive; don't know if claims everything produced. | Unresolved. |
| 19 | Documents between Supreme and defendants concerning customers of PMC, potential customers | Privilege but no log; all 3 claim not in possession but we know that they copied documents and that there were negotiations where there was an exchange of profit calculations etc (Peter Alongi). | Other documents identified such as estimates between Peter Alongi and defendants not disclosed; no text messages, no email transmittals, no voicemails. | Unresolved. |
| 20 | Documents concerning protection, limitation, use or dissemination of PMC information | Produced confidentiality agreement with Supreme and loan officer agreement but nothing else. | Text messages show dissemination of Premium information; either spoliation or incomplete discovery. | Unresolved. |
| 21 | Documents and communications concerning PMC customers, leads, etc since Nostro, Randall and Popham let PMC | Only agrees to produce letters where people say they are removing files from Premium; there | If nothing else that is responsive should say so; this is evasive and does not fully respond. | Unresolved. |

|  |  | must be additional communications leading to those letters. |  |  |
|---|---|---|---|---|
| 22 | Records concerning reimbursement, compensation, commissions and legal fees paid on behalf of individual defendants | Nothing produced; Objects overly broad. | Must produce all. | Unresolved. |
| 25 | Documents or communications between Donoghue and any real estate agents they had a relationship with | All 3 says that they don't possess | Need to say nothing in possession, custody or control and describe search | Unresolved. |
| 26 | Statements concerning dissemination or sharing of lawsuit | Nothing produced. | See indivdid. Text messages disclosed between Supreme and (either JR or Tirio) concerning lawsuit; texts referring to discussing lawsuit with Supreme. | Unresolved.<br><br>Vexatious Lawsuit part of corporate raiding |
| 27 | Communications between defendants concerning dissemination or sharing of lawsuit | All 3 say not aware of anything responsive. | Need to identify; if nothing else, needs to say it. | Unresolved. |
| 28 | Emails to/from designated people about Donoghue's harassing behavior, employment at PMC, criminal charges etc. | Privilege; no log; no response. | Text messages exist; no emails provided. | Unresolved. |
| 31 | Emails concerning Donoghue's harassing behavior; PMC; criminal charges; | Privilege but no log; not answered. |  | Unresolved. |
| 32 | Emails containing specified words | Privilege but will produce. | Nothing identified as responsive; needs to identify and say whether there is anything else. | Unresolved. |

**Deficiencies in Supreme's Response to Request to Produce[1]**

| No. | Request | Response | Insufficiency | What is Needed | Other Information |
|-----|---------|----------|---------------|----------------|-------------------|
| 1 | All documents concerning allegations in retaliation lawsuit | Nothing provided. | | Production. and Identify which documents (see fn. 1 for requirement) | Unresolved. |
| 2 | All documents reviewed or relied upon in drafting responses or Retaliation Lawsuit or Answer | Nothing. | Claims privilege but no log. | | Unresolved. |
| 3 | All documents or correspondence which may lead to the discovery of relevant information | No Response. | | | Unresolved. |
| 4 | All written or oral statements or reports concerning the facts and circumstances of allegations in Complaint, Answer or Retaliatory Lawsuit | No statements No investigation file No government reports | Must produce all. | | Unresolved. |
| 5 | Audio or video recording | Not in possession | | Must search for possession, custody or control and revel what they have done to see; note this would include voice mails. | Unresolved. |
| 6 | Emails, communication etc. between Supreme and employees and others concerning allegations in | No response | | | Unresolved. |

[1] Supreme's production fails to identify specific documents which are responsive to which request.

| | Complaint, Answer or Retaliatory lawsuit | | | | |
|---|---|---|---|---|---|
| 7 | Documents in connection with opening, staffing and establishment of Williamsville office | Will produce non-privileged information | | | Unresolved. |
| 8 | Documents deleted or transmitted from PMC files | Will conduct search but nothing produced yet and nothing identified as being produced | | | Unresolved. |
| 9 | All documents concerning or reflecting summaries ... of data stored in PMC''s offices, files | Same answer as above; Nothing identified as having been produced | | | Unresolved. |
| 10 | All emails documents etc.. sent from any email associated with PMC to email associated with Supreme | Nothing identified as having been provided; | Also, they set artificial time limits that should be removed; Also, no privilege log. | | Unresolved. |
| 11 | All documents concerning announcement of opening of Williamsville office | None produced; says will provide non-privileged | | | Unresolved. |
| 12 | Documents concerning employment | Have produced some but not all. | Have not produced all compensation agreements; have not produced all recruitment documents or negotiations; no advertisements, offers, etc.... No commissions, no salary information. | | Unresolved. |

| 13 | All documents concerning employment or potential employment at supreme of former or current employees | Will produce non-privileged information | Not produced. | | Unresolved. |
|---|---|---|---|---|---|
| 14 | Documents concerning resignation communications and conversations | Will produce non-privileged | No privilege log; don't know what is supposed to be responsive; don't know if claims everything produced | Documents concerning resignation communications and conversations | Unresolved. |
| 15 | Documents between Supreme and others about resignation | Will produce non-privileged documents | No privilege log; don't know what is supposed to be responsive; don't know if claims everything produced. | | Unresolved. |
| 16 | Communications with PMC former employees since opening Williamsville office | Will produce non-privileged documents. | No privilege log; don't know what is supposed to be responsive; don't know if claims everything produced. | | Unresolved. |
| 17 | Documents concerning all persons or entities contacted by Supreme or any defendant concerning PMC customers, potential customers, pipeline customers | Nothing designated as such even though says will produce relevant non-privileged information; artificially limited to "reason to believe." | No privilege log; don't know what is supposed to be responsive; don't know if claims everything produced. | | Unresolved. |

| 18 | Documents between Supreme and defendants concerning customers of PMC, potential customers | Improperly refers to response to 17; Nothing produced; no transmittal of pipeline information etc.… | Other documents identified such as estimates between Peter Alongi and defendants not disclosed; no text messages, no email transmittals, no voicemails. | | Unresolved. |
|---|---|---|---|---|---|
| 19 | Documents concerning protection, limitation, use or dissemination of PMC information | Nothing produced. | See individual texts and admission; no showing of any investigation; only thing produced is their employment forms. | | Unresolved. |
| 20 | Documents and communications concerning PMC customers, leads, etc since employed Nostro, Randall and Popham | Nothing produced. | Must produce all. | | Unresolved. |
| 21 | Records concerning reimbursement, compensation, commissions and legal fees paid on behalf of indivd. defendants | Nothing produced even though agrees to limited production only of compensation. | Must produce all. | | Unresolved. |
| 22 | Statements concerning dissemination or sharing of lawsuit | Nothing produced. | See individual Text messages disclosed between Supreme and (either JR or Tirio) concerning lawsuit; texts | | Unresolved. |

| | | | referring to discussing lawsuit with Supreme. | | |
|---|---|---|---|---|---|
| 23 | Communications between defendants about lawsuits | Nothing produced. | See above. | | Unresolved. |
| 24 | All emails from named people and entities including PMC customers or former customers concerning Donahue or PMC | Nothing produced. | Maybe one of two individual disclosures of client who supposedly was unhappy with PMC in 2020. | | Unresolved. |
| 25 | Income or profits from Williamsville office | Not produced; limited time for production and only if additional stipulation. | | | Unresolved. |
| 26 | Documents concerning notes sold | Nothing produced; references response to no. 25. | | | Unresolved. |
| 27 | Documents concerning calculations of profits and expenses | Nothing produced; references no. 25. | | | Unresolved. |
| 28 | Documents submitted to regulatory authority or agency | Nothing produced; does not agree to produce. | | | Unresolved. |
| 29 | Documents submitted by NY employees to regulatory agency | Not produced. | | | Unresolved. |
| 30 | Documents concerning litigation | Not produced. | | | Unresolved. |