UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHAEL DONOGHUE and PREMIUM
MORTGAGE CORPORATION,

                Plaintiffs,

  -vs-                                            20-cv-06100

CYNTHIA NOSTRO, DYLAN RANDALL,
DAVID POPHAM, and EVERETT FINANCIAL, INC.
d/b/a SUPREME LENDING,

                Defendants.

_____

# DECLARATION OF MICHAEL ROTHENBERG
# IN SUPPORT OF MOTION TO QUASH

Pursuant to 28 U.S. Code § 1746, I, Michael Rothenberg, declare under penalty of perjury that the foregoing is true and correct:

1.     I am an associate in the firm of Rothenberg Law, counsel for Jackie Ruotsi, who is a non-party to the above-captioned action.

2.     Ms. Ruotsi was apparently served with a subpoena duces tecum on or about May 10, 2022, by defendant Everett Financial, Inc. d/b/a Supreme Lending ("Supreme").[1]

3.     A copy of the subpoena is attached hereto as Exhibit A.

4.     I submit this declaration in support of Ms. Ruotsi's motion to quash the subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure.

---

[1] I have reviewed the docket in this matter and did not see an affidavit of service filed in connection with the purported service of this subpoena.

5.      Initially, the 13 requests in the subpoena are so overbroad and objectionable that it is not possible to determine what information is actually being requested.

6.      Rather, to comply with the subpoena, Ms. Ruotsi would be forced to search over nine years of records and produce anything and everything having to do with plaintiff Premium Mortgage Corp., defendant Supreme, and the work she did as part of her employment for those two entities.

7.      This would necessarily include personal and private records (such as employment personnel files, employment agreements, records of compensation, financial records, tax filings, etc., because all of that concerns her employment), as well as documents and communications relating to any and all of the work she performed throughout her nine years of employment (such as confidential customer information, loan applications and related documents, financial forms, credit reports, etc.).

8.      In addition, it is my belief that Ms. Ruotsi would be forced to hire an e-Discovery vendor, at a significant expense, to comply with the subpoena's ESI instructions, both concerning searching for as well as producing ESI.

9.      Lastly, I have reviewed the complaint, the answers and counterclaims, and other filings. Based on my review of those filings, it is my belief that this subpoena does not seek records that are relevant to the allegations, causes of action, or counterclaims.

WHEREFORE, non-party Jackie Ruotsi respectfully requests that the Court enter an Order pursuant to Rule 45 (i) granting Ms. Ruotsi's motion, (ii) quashing the subpoena, and (iii) granting such other and further relief as the Court deems just, fair, and appropriate.

Executed on May 20, 2022
Rochester NY

/s Michael Rothenberg
By: Michael Rothenberg