# EXHIBIT 2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL DONOGHUE and PREMIUM MORTGAGE CORPORATION,<br><br>                              Plaintiffs,<br><br>-vs-<br><br>CYNTHIA NOSTRO, DYLAN RANDALL, DAVID POPHAM, and EVERETT FINANCIAL, INC. d/b/a SUPREME LENDING,<br><br>                            Defendants. | **PLAINTIFFS MICHAEL DONOGHUE AND PREMIUM MORTGAGE CORPORATION'S RESPONSE TO DEFENDANT EVERETT FINANCIAL, INC. D/B/A SUPREME LENDING'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS**<br><br>Case No. 6:20-cv-06100-EAW |

      Plaintiffs Michael Donoghue and Premium Mortgage Corporation, by and through their attorneys, Abrams Fensterman, LLP, respond to Defendant Everett Financial, Inc. d/b/a Supreme Lending's First Set of Interrogatories as follows:

<u>**GENERAL OBJECTIONS**</u>

      The following objections apply to all interrogatories, whether or not a general objection is referred to specifically in response to any particular question.

      1.      No interrogatory response shall be deemed to constitute an agreement or concession that the subject matter thereof is relevant to this action.  Plaintiffs make these interrogatory responses without waiving, or intending to waive, on any ground, any objections as to relevancy, privilege or admissibility of any information or other evidence in any subsequent proceeding or at trial of this action.

      2.      Plaintiffs object to the extent that the interrogatories seek information that is not relevant to the prosecution or defense of this action.

      3.      Plaintiffs object to the extent that the interrogatories seek information protected from disclosure by the attorney-client privilege, attorney work product doctrine, material

prepared for litigation or trial privilege, or any other privilege or immunity from disclosure.

4. Plaintiffs object to the interrogatories to the extent that they seek confidential or proprietary business information, information protected by the privacy rights of third parties as governed by applicable statutes, rules or judicial case law, or information otherwise confidential or protected by from discovery by public policy. This general objection applies to demands with respect to PMC's financial performance as such information is not relevant with respect to the revenue lost in connection with the Defendants' wrongdoing.

5. With respect to each interrogatory, Plaintiffs reserve the right to refer to documents that supply the answer to the request.

6. Plaintiffs' responses to Defendants' interrogatories are believed to be complete and accurate. Plaintiffs will amend or supplement their responses accordingly if they identify any errors or omissions subsequently. Plaintiffs reserve their right to supplement responses during or after discovery is completed.

7. Plaintiffs object to interrogatories on the grounds that they seek information that is not relevant to any party's claim or defense or proportional to the needs of the case.

8. Plaintiff's object to Defendants' interrogatories to the extent the information sought is equally known by the Defendants.

**Interrogatories**

1. Identify all persons involved with PMC's efforts to access, analyze, recover, review, or test any Confidential Information following or in connection with Defendants' alleged misappropriation or improper use thereof.

   **Response**: Plaintiffs object as this interrogatory is vague, overboard and unduly burdensome. Plaintiffs also object to the undefined terms "access," "analyze," "recover,"

"review," or "test" any Confidential Information.  Without waiving said objections, subsequent to the departure of the Individual Defendants, the following individuals affiliated with PMC completed various computer searches and analysis in order to determine the Confidential Information removed and/or utilized by the Defendants:  Brian LeBerth, Emma Kennedy, Lisa Roberts, Chuck Hall, Darlene Williams, Gwen Falbo and Michael Donoghue.  Additional individuals affiliated with Abrams Fensterman, LLP completed various tasks including Sharon Stiller, Maureen Bass, Alexander Fantauzzo and William Woodard.

2. Identify all efforts taken by each person identified in response to Interrogatory No. 1, above, to access, analyze, recover, review, or test any Confidential Information following or in connection with Defendants' alleged misappropriation or improper use thereof.

**Response**:  Plaintiffs object as this interrogatory is vague, overboard and unduly burdensome.  Plaintiffs also object to the undefined terms "access," "analyze," "recover," "review," or "test" any Confidential Information.  In addition, Plaintiffs object to this interrogatory as seeking "discovery on discovery" – information which "counsel is not [traditionally] required to disclose …" *Haroun v. ThoughtWorks, Inc.*, 20-cv-0100 (LJL), 2020 WL 6828490, at *1 (S.D.N.Y. Oct. 7, 2020).  Plaintiffs further object to the disclosure of any analysis completed in anticipation of litigation as protected by privilege.  Without waiving said objections, Plaintiffs refer Supreme to the compilations produced in connection with Supreme's document demand which were created by searches of Supreme's electronically stored records, as well as real property records of various counties located in the Western New York area.

3. Identify all persons involved with PMC's investigation into any Wrongdoing or reporting of Wrongdoing to any governmental organizations, law enforcement organizations, or regulatory bodies.

**Response:** Objection. The Individual Defendants pled guilty to tampering with and deleting information from Plaintiff PMC's computers and are thus estopped from contesting the truth of those allegations. Without waiving said objection, Plaintiffs respond all entities affiliated with PMC identified in response numbered 1 from Plaintiffs' Initial Disclosures Pursuant to Rule 26(a)(1) dated October 30, 2020. Plaintiffs further respond Sharon Stiller and Applied Forensics LLC.

4. Identify all communications with any governmental organizations, law enforcement organizations, or regulatory bodies by each person identified in response to Interrogatory No. 3, above, including each person that was a party to such communications and the substance of such communications.

**Response**: Plaintiffs refer to Plaintiffs' document demand response which contains documentation sent to the Monroe County District Attorneys office.

5. Identify each person whose business with PMC was allegedly lost or diminished due to any Wrongdoing.

**Response:** Plaintiffs respond by identifying the following borrowers:

| Last Name | First Name[1] |
|---|---|
| P█████ | W█████ |
| P█████ | J█████ |
| S█████ | J█████ |

---

[1] If known

| | |
|---|---|
| M█ | D█ |
| V█ | A█ & A█ |
| L█ | M█ |
| L█ | J█ & D█ |
| S█ | T█ |
| S█ | V█ & M█ |
| S█G█H█ | M█ |
| | R█ & K█ |
| R█ | J█ |
| H█ | O█ |
| C█ | E█ |
| L█ | |
| D█ | |
| P█ | J█ |
| C█ | |
| K█ | |
| B█ | J█ |
| B█ | E█ |
| W█ | D█ |
| B█ | |
| C█ | D█ |
| S█ | J█ |

5

| | |
|---|---|
| A▮ | K▮ |
| A▮ | T▮ |
| B▮ & W▮ | A▮ & G▮ |
| C▮ | S▮ & D▮ |
| C▮ | J▮ |
| L▮ | R▮ |
| M▮ | J▮ |
| P▮ | E▮ |
| P▮ | R▮ & J▮ |
| P▮ | R▮ |
| F▮ | J▮ |
| A▮ | R▮ |
| A▮ | K▮ |
| A▮ | T▮ |
| B▮ | T▮ |
| B▮ | A▮ |
| B▮ | C▮ & W▮ |
| B▮ C▮ & W▮ | A▮ S▮ & A▮ |
| K▮ | Z▮ & N▮ |
| L▮ | S▮ |
| M▮ & S▮ | V▮ & M▮ |

| | |
|---|---|
| P■ | J■ |
| S■ & S■ | B■ & M■ |
| S■ & B■ | K■ & L■ |
| T■ & T■ | N■ & D■ |
| B■ | C■ |
| B■ | P■ |
| K■ & M■ | J■ & A■ |
| L■ | M■ |
| P■ | M■ |
| A■ | M■ |
| L■ | S■ |
| S■ | C■ |
| A■ | N■ |
| L■ | M■ & C■ |
| H■ | M■ |
| A■ | J■ |
| D■ | M■ |
| H■ | J■ |
| J■ | R■ |
| L■ | L■ |
| M■ | A■ |
| M■ | J■ |

7

| | |
|---|---|
| A▮ | M▮ & J▮ |
| A▮ | M▮ |
| B▮ | B▮ & ▮ |
| B▮ | T▮ |
| C▮ | Je▮ & A▮ |
| C▮ | M▮ |
| D▮ | S▮ |
| F▮ | S▮ |
| P▮ | D▮ |
| R▮ | R▮ & N▮ |
| S▮ | M▮ & A▮ |
| W▮ | M▮ |
| W▮ | B▮ |
| W▮ | K▮ |
| E▮ | W▮ |
| M▮ | M▮ |
| G▮ | B▮ |
| M▮ H▮ & H▮ | G▮ M▮ & M▮ |
| J▮ | J▮ |
| H▮ | J▮ |
| A▮ | B▮ |

| | |
|---|---|
| H▆ | D▆ |
| K▆ | J▆ |
| D▆ | S▆ |
| H▆ & F▆ | M▆ & C▆ |
| M▆ | J▆ |
| H▆ | J▆ & K▆ |
| M▆ | K▆ |
| Y▆ | E▆ & C▆ |
| M▆ | T▆ & M▆ |
| G▆ | M▆ |
| B▆ | L▆ |
| S▆ | J▆ |
| H▆ | D▆ |
| B▆ | B▆ |
| P▆ | L▆ |
| L▆ | J▆ & K▆ |
| T▆ | D▆ |
| B▆ | R▆ & L▆ |
| L▆ & N▆ | R▆ & C▆ |

9

Plaintiffs further identify the real estate agents associated with this list of borrowers. Plaintiffs specifically reserve their rights to amend and supplement this response as they continue to identify lost or stolen business and review Defendant Supreme's additional production provided on January 7, 2022.

6.  Provide computations of each category of damages alleged against Supreme Lending in this action, including the amount and category of damages Plaintiffs attribute to each person identified in response to Interrogatory No. 5, above.

**Response**: See response numbered 3 from Plaintiffs' Initial Disclosures Pursuant to Rule 26(a)(1) dated October 30, 2020. Plaintiffs further respond that those damages will increase as additional misappropriated files and the length of Individual Defendants' period of disloyalty to PMC are discovered.

Plaintiffs reserve the right to amend and/or supplement the above responses as discovery progresses.

January 7, 2022

/s/ Sharon P. Stiller
Sharon P. Stiller, Esq.
Maureen T. Bass, Esq.
Abrams Fensterman LLP
160 Linden Oaks, Suite E
Rochester, NY 14625
Tel: (585) 218-9999
sstiller@abramslaw.com
mbass@abramslaw.com

TO:     Steve E. Cole, Esq.
        Jeremy M. Sher, Esq.
        Adams LeClair LLP
        *Attorneys for Defendant Everett Financial Inc. d/b/a Supreme Lending*
        28 E. Main Street, Suite 1500
        Rochester, NY 14614
        Tel: (585) 327-4100
        scole@adamsleclair.law
        jsher@adamsleclair.law

CC:     Jeff Calabrese, Esq.
        Anna S. M. McCarthy, Esq.
        Harter Secrest & Emery LLP
        *Attorneys for Co-Defendants Cynthia Nostro, Dylan Randall and David Popham*
        1600 Bausch and Lomb Place
        Rochester, New York 14604
        Tel: (585) 232-6500
        jcalabrese@hselaw.com
        amccarthy@hselaw.com