# EXHIBIT 4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL DONOGHUE and PREMIUM MORTGAGE CORPORATION,

Plaintiffs,

-vs-

CYNTHIA NOSTRO, DYLAN RANDALL, DAVID POPHAM, and EVERETT FINANCIAL, INC. d/b/a SUPREME LENDING,

Defendants.

**PLAINTIFFS MICHAEL DONOGHUE AND PREMIUM MORTGAGE CORPORATIONS' RESPONSES TO DEFENDANT EVERETT FINANCIAL, INC. D/B/A SUPREME LENDING'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS**

Case No. 6:20-cv-06100-EAW

Plaintiffs Michael Donoghue and Premium Mortgage Corporation, by and through their attorneys, Abrams Fensterman, LLP, respond to Supreme's requests for production of documents upon the Plaintiffs as follows:

## General Objections

This production of documents is made without waiving or intending to waive any objections as to the relevancy, privilege or admissibility of any information and/or documents produced in response to Supreme's First Request for Production of Documents in any subsequent proceeding or at trial of this action on any ground. The following objections apply to all requests, whether or not a general objection is referred to specifically in response to any particular request.

1. No production of documents shall be deemed to constitute any agreement or concession that the subject matter thereof is relevant to this action, nor shall the designation of particular numbered documents as responsive to a request be deemed an admission that such documents are relevant to the request or that other documents are irrelevant to the request, this proviso being necessary because of the vague and overboard nature of the Supreme's requests.

2. Plaintiffs object to Supreme's First Request for Production of Documents ("Demands") to the extent that they demand the production or disclosure of information or documents that are not relevant to the subject matter of this action and are not reasonably calculated to lead to the discovery of admissible evidence. An "overly broad" objection referenced in response to a document demand below encompasses the bases set forth in this paragraph.

3. Plaintiffs object to the Demands to the extent that they seek documents or information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other privilege or immunity from disclosure. A "Privilege" objection referenced in response to a document demand below encompasses the bases set forth in this paragraph. To the extent that any documents protected from disclosure are included in any document preceding, accompanying, and post-dating these responses, such disclosure is inadvertent and not a waiver of any privilege that attaches.

4. Plaintiffs object to the Demands to the extent that they seek confidential or proprietary information, information that is protected by the privacy rights of third parties as governed by applicable statutes, rules and judicial case law, and information that is otherwise protected from discovery by public policy or is otherwise confidential. A "confidential" objection referenced in response to a document demand below encompasses the bases set forth in this paragraph. To the extent that any documents protected from disclosure are included in any document production preceding, accompanying, and post-dating these responses, such disclosure is inadvertent and not a waiver of any privilege that attaches.

5. Plaintiffs object to the Demands to the extent that they seek the production of documents or information outside of Plaintiffs' possession or control, or which are not available to them after a reasonably diligent search.

6. Plaintiffs object to the Demands to the extent that they seek the production of documents or information that is available to the public or obtainable by Defendant through other means.

7. To the extent that documents are provided in response to the Demands, Plaintiffs specifically reserve the right to challenge the competency, relevancy, materiality and admissibility of any information in any subsequent proceeding, hearing, motion or trial in this or any other action.

8. The information and documents provided to Defendant are believed to be complete and accurate. If errors or omissions are later identified, Plaintiffs will amend or supplement their responses accordingly.

Subject to and without waiving any of the foregoing objections, Plaintiffs respond to the Demands as follows:

## REQUESTS FOR PRODUCTION

1. All communications concerning any Wrongdoing.

**Response:** Plaintiffs identify PR-000001 - PR-000050731.

2. All documents Plaintiffs allege Defendants accessed, downloaded, tampered with, altered, sabotaged, converted, misappropriated, improperly used or caused to be used, destroyed, or deleted as part of any Wrongdoing.

**Response:** Plaintiffs identify PR-000001 - PR-000050731.

3. All documents that support Plaintiffs' contentions that Defendants engaged in specific acts of Wrongdoing, including documents identifying the dates, times, and places of the Wrongdoing, and identifying all persons with knowledge of each act of Wrongdoing.

**Response:** Plaintiffs identify PR-000001 - PR-000050731.

4. All documents that govern or restrict authority over or access to PMC's computer network or Confidential Information, including all documents concerning policies or procedures restricting such authority or access.

**Response:** Plaintiffs identify PR-0050258 - PR-000050669.

5. All documents concerning Plaintiffs' efforts to enforce any restrictions contained in the documents produced in response to Request No. 4 above, including in any situation involving the termination of a PMC employee's employment.

**Response**: Plaintiffs identify the correspondence in Defendants' possession sent by Sharon Stiller, the Amended Complaint and all pleadings in this matter.

6. All documents concerning any PMC "prospects," "clients," and "applicants" referred to in the Amended Complaint, including all loan applications, credit inquiries, communications, compensation to PMC, and loan closings.

**Response:** PR-000006406 - PR-000006646; PR-000006702 - PR-0000050257; PR-000050669 - PR-000050731.

7. All documents concerning information Plaintiffs provided to any governmental organizations, law enforcement organizations, or regulatory bodies concerning any Wrongdoing.

**Response:** PR-000006647 – PR-000006701.

8. All documents concerning Plaintiffs' calculation of alleged damages, including all documents concerning PMC's revenues, income, expenses, profits, losses, assets, liabilities, gross profits, net profits, and marginal profits during the period from January 1, 2014 through the present, including all internal financial statements, financial statements provided to third parties, and tax returns.

**Response:** Plaintiffs object to the production of any and all identified documents as being Private, Confidential and not reasonably calculated to lead to any relevant evidence related to the Plaintiffs' damages. Information related to Plaintiffs' damages are found in Supreme's financial statements and records as well as at PR-000006406 - PR-000006646; PR-000006702 – PR-0000050257; PR-000050669 - PR-000050731.

9. All documents concerning financial projections created, referred to, or otherwise utilized by or on behalf of PMC during the period from January 1, 2014 through the present.

**Response**: Plaintiffs object to the production of any and all identified documents as being Private, Confidential and not reasonably calculated to lead to any relevant evidence related to the Plaintiffs' damages.

10. All documents concerning PMC's direct and indirect expenses incurred in connection with the funding of mortgages, individually or collectively.

**Response**: Plaintiffs object to the production of any and all identified documents as being Private, Confidential and not reasonably calculated to lead to any relevant evidence related to the Plaintiffs' damages.

11. All documents concerning agreements with any third parties concerning PMC's funding of mortgages which apply to any prospect, customer, or loan for which Plaintiffs claim damages in this action.

**Response**: Plaintiffs object to the production of any and all identified documents as being Private, Confidential and not reasonably calculated to lead to any relevant evidence related to the Plaintiffs' damages.

12. All documents concerning Nostro's, Randall's or Popham's employment at PMC, including personnel files, performance reviews, and compensation information.

**Response:** Plaintiffs identify PR-000050258 - PR-000050669.

13. All documents concerning the sources of PMC's new business, prospects, referrals, and customers.

**Response:** Plaintiffs object to this demand as unduly burdensome and disproportionate to the needs of the case. Since its inception, PMC has received referrals from countless sources and to identify every document that identifies such a source would require the review of millions of documents.

14. All documents concerning PMC's review of agreements between PMC employees and prior employers, and any actions PMC took to ensure that employees complied with such agreements.

**Response:** Plaintiffs identify PR-000050258 - PR-000050669.

15. All documents concerning the average length of time between initial customer contact and loan closing for all PMC loans of each loan type.

**Response**: Plaintiffs object to this demand as unduly burdensome as every single borrower document would "concern" the length that a loan is closed and as such would require the review and production of millions of documents.

16. All documents provided to governmental organizations and regulatory bodies concerning PMS's handling of Confidential Information, including any failure to properly protect Confidential Information from disclosure to third parties.

**Response**: Plaintiffs object to this demand as there is no allegation in any pleading that PMC failed "to properly protect Confidential Information from disclosure to third parties," making the demand for the same irrelevant. Plaintiffs also object as such demand impermissibly seeks private and confidential information.

17. All documents concerning PMC's decision to delay filing this action from April 2019 through January 2020.

**Response:** Plaintiff objects to this demand as it references an alleged "decision to delay," and without waiving this objection, responds that Plaintiffs have identified no documents that concern a decision to delay filing this action.

18. All documents that support Plaintiffs' allegations that "Nostro forwarded PMC protected information to her personal email and to herself at a Supreme email," as set forth in paragraph 32 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000000001 - PR-000003727.

19. All documents that support Plaintiffs' allegations that "Nostro had apparently set up" a Supreme Lending "email for herself in collusion with Supreme while she was still employed at PMC," as set forth in paragraph 33 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000000001 - PR-000003727.

20. All documents that support Plaintiffs' allegations that "While employed by PMC and with the assistance, support and direction of PMC, Nostro and Randall developed clients and prospects whose records were required to be kept at PMC," as set forth in paragraph 35 of the Amended Complaint.

**Response**: Plaintiffs identify PR-000000001 - PR-000050731.

21. All documents that support Plaintiffs' allegations that "Nostro and Randall also requested and obtained credit checks and pre-qualification of some or all of these prospects, while at PMC and at PMC's expense," as set forth in paragraph 36 of the Amended Complaint.

**Response**: Plaintiffs identify PR-000006647 - PR000006701; PR 0000050258 - PR-000050438.

22. All documents that support Plaintiffs' allegations that "Without PMC's authorization or permission, Nostro and Randall deleted prospect information from PMC files and upon information and belief, stole that PMC information and data for their and for Supreme's use," as set forth in paragraph 37 of the Amended Complaint.

**Response**: Plaintiffs identify PR-000006647 – PR-000006701.

23. All documents that support Plaintiffs' allegations that "Nostro, Randall and Popham provided the information that Nostro and Randall deleted from PMC's files to Supreme, to enable them to steal PMC's information and clients," as set forth in paragraph 38 of the Amended Complaint.

**Response**: Plaintiffs identify PR-000006647 - PR000006701.

24. All documents that support Plaintiffs' allegations that "Typically, Nostro and Randall would obtain 10-15 new mortgages each month. But despite pre-qualifying applicants and running credit checks on prospects, Randall refrained from placing mortgages for any of these applicants or prospects during the approximately 30 days before his resignation and Nostro engaged in the same conduct for approximately 60 days before her departure," as set forth in paragraph 39 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000001 - PR-000050731.

25. All documents that support Plaintiffs' allegations that "Nostro and Randall failed to place applications with PMC prior to their resignation, so that they could place the applications with Supreme instead. Nostro and Randall diverted these corporate opportunities from PMC in order to place these mortgages on behalf of Supreme, with the knowledge and direction of Supreme," as set forth in paragraph 40 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000001 - PR-000050731.

26. All documents that support Plaintiffs' allegations that "Defendants closed fifteen or more mortgage applications made to and arranged by PMC, which should have been PMC closings. They diverted these PMC opportunities on behalf of Supreme within the approximately three months following their abrupt departure from PMC," as set forth in paragraph 41 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000001 - PR-000050731.

27. All documents that support Plaintiffs' allegations that "Nostro and Randall improperly stole the data and information on PMC files relating to these prospects, used PMC funds to

obtain credit checks and to pre-qualify the prospects, and engaged in other prohibited conduct," as set forth in paragraph 42 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000001 - PR-000050731.

28. All documents that support Plaintiffs' allegations that "Nostro and Randall also converted the email addresses and phone numbers for PMC active files, deleting it from the PMC system and, upon information and belief, taking the information with them to convert those corporate opportunities for Supreme. Again, upon information and belief, they did so with the knowledge and encouragement of Supreme for Supreme's benefit, to the detriment of PMC," as set forth in paragraph 43 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000001 - PR-000050731.

29. All documents that support Plaintiffs' allegations that "while withholding applications and closings from PMC, Nostro and Randall forwarded the information to Supreme and caused mortgages to be closed for PMC applicants with Supreme, to Supreme's benefit and PMC's detriment," as set forth in paragraph 44 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000001 - PR-000050731.

30. All documents that support Plaintiffs' allegations that "Despite deleting email addresses from prospects in PMC's records during April 2019, including but not limited to April 24 and 25, 2019, Randall nonetheless falsely promised Mr. Donoghue that he would not solicit PMC prospects or clients following his departure from PMC. In addition, Defendant Randall refrained from listing important required information for PMC prospects in the PMC system, such as phone number(s) and email(s), but instead, took that information with him to Supreme," as set forth in paragraph 45 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000001 - PR-000050731.

31. All documents that support Plaintiffs' allegations that "Nostro used her PMC email account to announce that she "and two other loan officers from Premium Mortgage" would be opening a local branch for PMC's competitor, Supreme Lending. Without PMC's permission or authorization, she used PMC's email and computer system to send this message to the entire PMC sales staff, and upon information and belief, to others," as set forth in paragraph 46 of the Amended Complaint.

**Response:** Plaintiff identifies PR-0000000001 - PR-000003727.

32. All documents that support Plaintiffs' allegations that "Despite using PMC work time and resources to prepare and send the email, [Nostro] bragged about the competitor that 'Supreme Lending has emerged as one of the most respected full-service mortgage companies.' She also sent this email to her personal account, upon information and belief, so that she could forward it to others, including but not limited to PMC prospects, clients, and suppliers, whose information she had stolen from PMC," as set forth in paragraph 47 of the Amended Complaint.

**Response:** Plaintiff identifies PR-0000000001 - PR-000003727.

33. All documents that support Plaintiffs' allegations that "Various PMC prospects and applicants provided Nostro and Randall with documents to be used in connection with mortgages, but Nostro and Randall took these documents with them and failed to leave them or copies of them with PMC in violation of the rules regulating conduct of MLOs," as set forth in paragraph 48 of the Amended Complaint.

**Response:** Plaintiff identifies PR-0000000001 - PR-000003727.

34. All documents that support Plaintiffs' allegations that "Nostro also had several clients cancel their applications with PMC, in favor of placing them with Supreme, through her request and insistence. For example, she started the application in the PMC system, but then failed

to take the live application and had the borrower send a request to PMC to withdraw, thereby stealing the business from PMC. Upon information and belief, she did so with the knowledge and encouragement of Supreme," as set forth in paragraph 49 of the Amended Complaint.

**Response:** Plaintiff identifies PR-0000000001 - PR-000003727.

35. All documents that support Plaintiffs' allegations that "Because of Nostro and Randall's conduct, PMC has received calls from customers and prospects inquiring about their applications and mortgages, which PMC could not answer because Notro [sic] and/or Randall had stolen the data and the opportunity and deleted or failed to input the required data into the PMC system," as set forth in paragraph 50 of the Amended Complaint.

**Response:** Plaintiff identifies PR-0000000001 - PR-000003727.

36. All documents that support Plaintiffs' allegations that "Nostro admitted in court in November 2019, that on or about and between April 3, 2019, and April 23, 2019, in the County of Monroe, State of New York, she used, caused to be used or accessed PMC's computer, computer service or computer network without authorization and intentionally altered or destroyed computer data of PMC," as set forth in paragraph 53 of the Amended Complaint.

**Response:** Plaintiffs identify certificate of conviction in the possession of the Individual Defendants available from Supreme's employees or public records.

37. All documents that support Plaintiffs' allegations that "Randall admitted in court in November 2019, that on or about and between April 3, 2019 and April 23, 2019, in the County of Monroe, State of New York, she [sic] used, caused to be used or accessed PMC's computer, computer service or computer network without authorization and intentionally altered or destroyed computer data of PMC," as set forth in paragraph 56 of the Amended Complaint.

**Response:** Plaintiffs identify certificate of conviction in the possession of the Individual Defendants available from Supreme's employees or public records.

38. All documents that support Plaintiffs' allegations that "Following Nostro and Randall's termination of their employment, Plaintiffs became aware that Defendants misappropriated Plaintiffs' confidential, protected and intellectual property, and deleted important confidential, protected and intellectual property in the PMC electronic records system," as set forth in paragraph 59 of the Amended Complaint.

**Response:** Plaintiffs identify PR-0000000001 - PR-000003727.

39. All documents that support Plaintiffs' allegations that "Before resigning from PMC, Nostro knowingly and intentionally deleted emails and files related to her work at PMC," as set forth in paragraph 60 of the Amended Complaint.

**Response:** Plaintiffs identify PR-0000006647 - PR-000006701.

40. All documents that support Plaintiffs' allegations that "Before resigning from PMC, Randall knowingly and intentionally deleted emails and files related to his work at PMC," as set forth in paragraph 61 of the Amended Complaint.

**Response:** Plaintiffs identify PR-0000006647 - PR-000006701.

41. All documents that support Plaintiffs' allegations that "Despite the fact that Defendants were still employed by PMC, they sent some or all of the information from the PMC computers and/or network to Supreme, and Supreme accepted it," as set forth in paragraph 62 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000001 - PR-000050731.

42. All documents that support Plaintiffs' allegations that "Supreme knowingly and intentionally implored Nostro and Randall to engage in the aforesaid conduct on its behalf and

acquiesced in Nostro and Randall's theft of the PMC information and opportunities," as set forth in paragraph 63 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000001 - PR-000050731.

43. All documents that support Plaintiffs' allegations that "Defendants intend to use and have used, sold, transferred, copied and/or otherwise disclosed PMC's Confidential, Proprietary, Protected and Trade Secret information in connection with their competition against PMC," as set forth in paragraph 65 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000001 - PR-000050731.

44. All documents that support Plaintiffs' allegations that "By these acts, Defendants jointly and individually, have materially breached the Nostro and Randall Agreements, have stolen PMC's information, assets and opportunities, have engaged in prohibited conduct and breached their fiduciary duty as an employee of PMC and as set forth in their Agreements," as set forth in paragraphs 67, 236, 237, and 265 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000050258 - PR-000050590.

45. All documents that support Plaintiffs' allegations that "Supreme aided, abetted and conspired with the other Defendants to engage in the prohibited conduct, knew of their agreements, received confidential and proprietary and/or stolen information and failed and refused to return or delete it, accepted the benefit of PMC's corporate opportunities stolen by the other Defendants and otherwise engaged in conduct in violation of the law," as set forth in paragraph 68 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000001 - PR-000050731.

46. All documents that support Plaintiffs' allegations that "Supreme knowingly and intentionally provided the other Defendants with the means, opportunity and incentive, to engage in the aforesaid conduct," as set forth in paragraph 69 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000001 - PR-000050731.

47. All documents that support Plaintiffs' allegations that "while engaging in the aforesaid conduct, Defendants Nostro, Randall, and Popham acted on behalf of and as agents of Supreme," as set forth in paragraph 70 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000001 - PR-000050731.

48. All documents that support Plaintiffs' allegations that "Defendants have unfairly misappropriated the labor and expenditures of PMC in creating the proprietary information, data, trade secrets, marketing and business information," as set forth in paragraph 170 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000001 - PR-000050731.

49. All documents that support Plaintiffs' allegations that "Defendants used bad faith in misappropriating the intellectual property, including the proprietary information, data, trade secrets, marketing and business information because Defendants know that these documents contain critical information regarding the essence and detail of Plaintiffs' business which Plaintiffs spent thousands of dollars and years to develop," as set forth in paragraph 171 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000001 - PR-000050731.

50. All documents that support Plaintiffs' allegations that "Defendants knew that the proprietary information, data, trade secrets, marketing and business information are critical and sensitive because they executed the Agreements which include clauses including this information

in the definition of proprietary, confidential and protected information," as set forth in paragraph 172 of the Amended Complaint.

**Response**: Plaintiffs identify PR-000050258 - PR-0000050590.

51. All documents that support Plaintiffs' allegations that "Defendants misappropriated proprietary information, data, trade secrets, marketing and business information because they knew it would give them a competitive advantage by not having to spend thousands of dollars and years develop a plan which can now be used to create a competing business [sic]," as set forth in paragraph 173 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000001 - PR-000050731.

52. All documents that support Plaintiffs' allegations that "As result [sic] of Defendants' unfair competition, PMC has been damaged in an amount not readily ascertainable but believed to be in excess of Ten Million and 00/100 Dollars ($10,000,000.00)," as set forth in paragraph 174 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000001 - PR-000050731 and Plaintiffs' Rule 26 disclosures.

53. All documents that support Plaintiffs' allegations that "During Nostro and Randall's performance of their Agreements, Defendants had access to PMC's trade secrets, including information concerning prospects, clients, marketing and business plans," as set forth in paragraph 176 of the Amended Complaint.

**Response**: Plaintiffs identify PR-000050258 - PR-0000050590.

54. All documents that support Plaintiffs' allegations that "The trade secret information affords PMC its competitive edge in the marketplace and is essential to the continuing operations of its business," as set forth in paragraphs 177 and 228 of the Amended Complaint.

**Response:** Plaintiffs identify no responsive documents in their possession.

55. All documents that support Plaintiffs' allegations that "The trade secret information is in PMC's exclusive knowledge. The trade secret information is not readily ascertainable by outsiders or by competitors," as set forth in paragraphs 178 and 229 of the Amended Complaint.

**Response:** Plaintiffs identify no responsive documents in their possession.

56. All documents that support Plaintiffs' allegations that "PMC, at all relevant times, undertook reasonable steps to safeguard all of its trade secrets, limiting disclosure of the protected information to necessary employees only, and requiring all employees and members of the company with access to the trade secrets to execute Confidentiality Agreements," as set forth in paragraphs 179, 231, and 262 of the Amended Complaint.

**Response**: Plaintiffs identify PR-000050258 - PR-0000050590.

57. All documents that support Plaintiffs' allegations that "MLOs were required to maintain all information relating to their duties in a secure location within Plaintiffs' office building and no materials were to leave the secure location within the office. Such information could only be accessed through secure software on devices provided by PMC," including "the Company laptop that Defendants have failed to return to the Company," as set forth in paragraphs 180 and 234 of the Amended Complaint.

**Response**: Plaintiffs identify PR-000050258 - PR-0000050590.

58. All documents that support Plaintiffs' allegations that "Defendants acquired the trade secrets by improper means, including but not limited to theft, unauthorized copying, and physically taking hard copies of the documents and hardware owned by PMC on which such information was stored," as set forth in paragraphs 182 and 235 of the Amended Complaint.

**Response**: Plaintiffs identify PR-000006647 - PR-0000006701.

59. All documents that support Plaintiffs' allegations that "Defendants are not authorized to use, copy, sell, transfer or disclose PMC's trade secrets," as set forth in paragraph 183 of the Amended Complaint.

**Response**: Plaintiffs identify PR-000050258 - PR-0000050590.

60. All documents that support Plaintiffs' allegations that "PMC has not consented to Defendants' use, copying, sale, transfer or disclosure of its trade secrets at any time," as set forth in paragraph 184 of the Amended Complaint.

**Response**: Plaintiffs identify PR-000050258 - PR-0000050590.

61. All documents that support Plaintiffs' allegations that "Defendants acquired and are using the trade secrets in violation of their fiduciary relationship with PMC as an employee," as set forth in paragraphs 185 and 236 of the Amended Complaint.

**Response**: Plaintiffs identify PR-000050258 - PR-0000050590.

62. All documents that support Plaintiffs' allegations that "Defendants acquired and is [sic] using the trade secrets in breach of the Agreement as set forth above, as well as in breach of their duties as MLOs," as set forth in paragraph 186 and 237 of the Amended Complaint.

**Response**: Plaintiffs identify PR-000050258 - PR-0000050590.

63. All documents that support Plaintiffs' allegations that "Defendants violated and continue to violate [Plaintiffs'] rights to protection of [their] trade secret information by using, selling, transferring and/or disclosing Plaintiffs' trade secrets, without Plaintiffs' consent, in the course of having engaged in, currently engaging in, or intending to engage in a competing business using Plaintiffs' trade secret information," as set forth in paragraphs 187 and 238 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000001 - PR-000050731.

64. All documents that support Plaintiffs' allegations that "As a direct and proximate result of Defendants' unauthorized misappropriation of PMC's trade secrets PMC has suffered, and will continue to suffer, damages in the form of lost income, profits, and business opportunities, in an amount to be determined at trial but believed to be in excess of Ten Million and 00/100 Dollars ($10,000,000.00)," as set forth in paragraphs 188 and 243 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000001 - PR-000050731 and well as their Rule 26 Disclosures.

65. All documents that support Plaintiffs' allegations that "Defendants' possession, use and or disclosure of trade secret already has or will continue to result in irreparable harm to PMC, as the loss of trade secret status could not be measured entirely in money damages," as set forth in paragraphs 189, 241, and 263 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000001 - PR-000050731 and well as their Rule 26 Disclosures.

66. All documents that support Plaintiffs' allegations that "Unless enjoined by this Court, Defendants' actions with respect to PMC's trade secrets have caused and will continue to cause PMC imminent and irreparable harm for which PMC will have no adequate remedy at law," as set forth in paragraph 190 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000001 - PR-000050731 and well as their Rule 26 Disclosures.

67. All documents that support Plaintiffs' allegations that "it is evident that Defendants intend to use PMC's trade secrets to compete with PMC, and Defendants' misappropriation of Plaintiffs' trade secrets is and has been willful and malicious and was done with the intent to injure Plaintiffs," as set forth in paragraphs 191, 244, and 245 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000001 - PR-00005073.

68. All documents that support Plaintiffs' allegations that "prior to submitting their resignations to PMC, Defendants conspired among themselves and third-parties presently unknown to Plaintiffs and maliciously and willfully entered into a scheme among themselves and with third parties to destroy PMC's business and goodwill, to deprive PMC of its clients, trade and patronage, and to secure for themselves and their own profit and benefit and for the benefit and profit of such unknown third-parties, the business, customers, trade and goodwill of Plaintiffs all of the foregoing without the knowledge of PMC," as set forth in paragraph 193 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000001 - PR-000050731.

69. All documents that support Plaintiffs' allegations that "Defendants met with or contacted, officers and personnel of such third-parties by telephone, at various times while still employed at PMC until the present time within and without the State of New York, for the purpose of designing and carrying out the foregoing scheme and conspiracy," as set forth in paragraph 194 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000001 - PR-00005073.

70. All documents that support Plaintiffs' allegations that "Defendants conspired to cause damages and loss to PMC," as set forth in paragraph 195 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000001 - PR-00005073.

71. All documents that support Plaintiffs' allegations that "As a direct and proximate result of Defendants' actions, PMC has been exposed to damage and potential liability from its clients as a result of Defendants' improper and unauthorized disclosure of their confidential and non-public information to entities and individuals other than PMC," as set forth in paragraph 196 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000006647 - PR000006701.

72. All documents that support Plaintiffs' allegations that "Defendants intentionally accessed PMC's computer network without authorization and/or exceeded their authorized use, in order to steal PMC's information and obtain and publish competitive materials," as set forth in paragraph 202 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000006647 – PR-000006701.

73. All documents that support Plaintiffs' allegations that "Through unauthorized access and use of PMC's protected computer network, Defendants and each of them obtained PMC's confidential and proprietary information and non-public confidential information belonging to Plaintiffs' clients and/or engaged in behavior competitive to PMC," as set forth in paragraph 203 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000006647 – PR-000006701.

74. All documents that support Plaintiffs' allegations that "Defendants intentionally: (1) downloaded PMC's confidential and proprietary information, including non-public confidential client information to unauthorized storage devices owned, operated, maintained and controlled by one or more of the Defendants; (2) electronically transmitted or re-transmitted PMC's confidential and proprietary information to their personal email accounts or email accounts under the control of Supreme and/or disclosed PMC's confidential and proprietary information to Supreme; (3) deleted the information from PMC's system; and (4) attempted to conceal their conduct and to harm PMC," as set forth in paragraph 204 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000006647 - PR000006701.

75. All documents that support Plaintiffs' allegations that "Defendants' conduct and computer transmission involved an interstate communication," as set forth in paragraphs 205, 212, and 217 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000006647 – PR-000006701.

76. All documents that support Plaintiffs' allegations that "As a direct and proximate result of Defendants' action, PMC has been exposed to damage and liability from its clients in relation to Defendants' unauthorized and improper disclosure of their confidential non-public information third-parties [sic] and PMC has suffered and will continue to suffer substantial and irreparable damages, including lost profits, lost goodwill and other costs, in an amount as yet unascertained but at least Ten Million and 00/100 Dollars ($10,000,000.00) in damages," as set forth in paragraph 206 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000000001 - PR000006701 and Plaintiffs' Rule 26 Disclosures.

77. All documents that support Plaintiffs' allegations that "Defendants intentionally accessed PMC's computer network without authorization and/or exceeded their authorized use, in order to steal PMC's information and obtain and publish competitive materials," as set forth in paragraph 208 of the Amended Complaint.

**Response:** See Response to Demand 72.

78. All documents that support Plaintiffs' allegations that "Defendants and each of them knowingly y [sic] and with intent to defraud, accessed Plaintiffs' protected computer network without authorization and/or exceeded their authorized access," as set forth in paragraph 209 of the Amended Complaint.

**Response.** Plaintiffs identify PR-000000001 – PR-000006701.

79. All documents that support Plaintiffs' allegations that "Through the unauthorized access to PMC's protected computer network, defendants and each of them furthered the intended fraud and obtained value of more than $5,000.00, including PMC's confidential and proprietary information and non-public, confidential client information from PMC's protected computer network," as set forth in paragraph 210 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000000001 – PR-000006701.

80. All documents that support Plaintiffs' allegations that "In furtherance of their unauthorized access to Plaintiffs' protected computers, Defendants intentionally: 1) downloaded PMC's confidential and proprietary information, including confidential non-public client information to unauthorized storage devices owned, operated, maintained and controlled by one or more of the Defendants; 2) electronically transmitted or re-transmitted PMC's confidential and proprietary information to their personal email accounts and/or email accounts under the control of a third party; 3) transmitted and/or disclosed PMC's confidential and proprietary information to Supreme or other unauthorized third parties; and 4) deleted the information from PMC's computer network in an effort to harm PMC," as set forth in paragraph 211 of the Amended Complaint.

**Response:** Plaintiffs identify PR-0000006647 - PR-0000006701.

81. All documents that support Plaintiffs' allegations that "As a direct and proximate result of Defendants' actions, PMC has been exposed to damage and liability from its clients as a consequence of the unauthorized and improper disclosure of their confidential, non-public information to third-parties; Defendants have competed unfairly with Plaintiffs, and Plaintiffs have suffered and shall continue to suffer substantial and irreparable damages, including lost profits, loss of goodwill, and considerable expense for various management employees, outside counsel and forensic computer consultants in pursuing its legal rights in this action, all of which amount to a

loss during a one year period of at least $5,000.00," as set forth in paragraph 213 of the Amended Complaint.

**Response:** Plaintiffs identify PR-0000006647 - PR-0000006701.

82. All documents that support Plaintiffs' allegations that "commencing in or around April 2018, and continuing thereafter to at least May 2019, Defendants and each of them knowingly and with intent to defraud, accessed PMC's protected computer network without authorization and/or exceed their authorized access and/or conspired to have Nostro and/or Randall engage in the aforesaid conduct," as set forth in paragraph 215 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000006747 - PR-000006701.

83. All documents that support Plaintiffs' allegations that Through the unauthorized access to Plaintiffs' protected computer network, Defendants and each of them caused damage to Plaintiffs by accessing, retaining and deleting confidential information and data from Plaintiffs' computer network, and by disclosing the confidential information to third-parties, including Supreme," as set forth in paragraph 216 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000000001 – PR-000006701.

84. All documents that support Plaintiffs' allegations that "As a direct and proximate result of Defendants' actions, Plaintiffs have been exposed to damage and liability from its clients as a consequence of the unauthorized and improper disclosure of their confidential, non-public information to third parties; Defendants have competed unfairly with Plaintiffs; and Plaintiffs have suffered and shall continue to suffer substantial and irreparable damages, including lost profits, loss of goodwill and considerable expense for various management employees, outside counsel and forensic computer consultants in pursuing its legal rights in this action, all of which amount to

a loss during a one year period of at least $5,000.00," as set forth in paragraph 218 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000000001 – PR-000006701.

85. All documents that support Plaintiffs' allegations that As a direct and proximate result of Defendants' action, PMC has been exposed to damage and liability from its clients in relation to Defendants' unauthorized and improper disclosure of their confidential non-public information to third parties and PMC has suffered and will continue to suffer substantial and irreparable damages, including lost profits, lost goodwill and other costs, in an amount as yet unascertained but at least Ten Million and 00/100 Dollars ($10,000,000.00)," as set forth in paragraph 219 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000000001 – PR-000006701.

86. All documents that support Plaintiffs' allegations that "PMC was the sole owner of the proprietary and confidential information contained on its secure server, the sole and primary owner of the computer programming which housed said information, Defendants were only able to access this information and use this equipment and programming through their employment with PMC," as set forth in paragraph 221 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000000001 – PR-000006701.

87. All documents that support Plaintiffs' allegations that "Though the return of all company's property documents, property, and proprietary information was required upon Defendants' resignation, and was demanded when PMC ascertained that its property had been stolen, Defendants retained and continue to retain possession of PMC's documents, property, and proprietary information and have not returned any of it," as set forth in paragraph 222 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000000001 – PR-000006701.

88. All documents that support Plaintiffs' allegations that "items Defendants unlawfully possesses include but are not limited to hard copies and digital copies of marketing materials, PMC systems, and prospect and client information owned by PMC," as set forth in paragraph 223 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000000001 – PR-000006701.

89. All documents that support Plaintiffs' allegations that "As a direct and proximate result of Defendants' conversion, PMC has sustained actual money damages in an amount to be determined at trial," as set forth in paragraph 224 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000000001 – PR-000006701.

90. All documents that support Plaintiffs' allegations that "During Defendants' performance under its Agreements, Defendants had access to PMC's trade secrets," as set forth in paragraph 226 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000050258 - PR-000006669.

91. All documents that support Plaintiffs' allegations that "Plaintiffs have expended considerable funds, time and effort in developing the secret information," as set forth in paragraph 227 of the Amended Complaint.

**Response:** Plaintiffs object to this vague and ambiguous demand as being unduly burdensome as it would require the production of every document reflecting an expense that Premium has incurred since the origination of its business.

92. All documents that support Plaintiffs' allegations that "The various elements of the trade secret, even if individually publicly accessible, have been combined and compiled by

Plaintiff in a way that remains secret and affords Plaintiff a competitive advantage," as set forth in paragraph 230 of the Amended Complaint.

**Response:** Plaintiffs object to this vague and ambiguous demand as being unduly burdensome as it would require the production of every document that reflects Premium's success including millions of borrower documents.

93. All documents that support Plaintiffs' allegations that "The trade secret information is kept secret within PMC's business and only disclosed to a limited group of employees as necessary, based upon their agreement to not disclose it," as set forth in paragraph 232 of the Amended Complaint.

**Response:** Plaintiff identifies PR-000050258 - PR-000050669.

94. All documents that support Plaintiffs' allegations that "Plaintiffs have taken precautionary measures to preserve their secrecy, including requiring all employees and members of the company with access to the trade secrets to execute Confidentiality Agreements," as set forth in paragraph 233 of the Amended Complaint.

**Response:** Plaintiff identifies PR-000050258 - PR-000050669.

95. All documents that support Plaintiffs' allegations that "Plaintiffs are entitled to injunctive relief to prohibit Defendants' continued possession, use and disclosure of PMC's trade secrets," as set forth in paragraphs 239 and 242 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000000001 – PR-000050731.

96. All documents that support Plaintiffs' allegations that "Despite knowing of the Agreements and relationships and of the restrictions, Supreme enticed and requested and offered Nostro and Randall rewards to break the existing Agreements and to procure PMC's clients for Supreme," as set forth in paragraph 249 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000000001 – PR-000050731.

97. All documents that support Plaintiffs' allegations that "Defendants, without the knowledge or consent of PMC, contacted the prospects and told them that they had resigned as an employee of PMC; and that they were starting a competing entity and that the competing entity would complete the transactions begun with PMC," as set forth in paragraphs 250 and 255 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000050258 - PR-000050590.

98. All documents that support Plaintiffs' allegations that "Defendants used improper and dishonest means to induce the termination of the business relationship, including but not limited to stealing PMC information and to making false representations but PMC [sic]," as set forth in paragraphs 251 and 256 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000000001 – PR-000006701.

99. All documents that support Plaintiffs' allegations that "By reason of Defendants' tortious interference with prospective business advantage, Plaintiffs have been damaged in an amount to be determined at trial but believed to be in excess of Ten Million and 00/100 Dollars ($10,000,000.00)," as set forth in paragraphs 252 and 257 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000000001 – PR-000006701.

100. All documents that support Plaintiffs' allegations that "PMC had a prior and ongoing business relationship with its prospects," as set forth in paragraph 254 of the Amended Complaint.

**Response:** Plaintiffs identify PR-00000647 - PR-00006646; PR-00006702 - PR-00050257; and PR-000050670 - PR-000050731.

101. All documents that support Plaintiffs' allegations that "Defendants have improperly retained PMC's property and trade secrets and intend to use it for their own benefits," as set forth in paragraph 260 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000000001 – PR-000050731.

102. All documents that support Plaintiffs' allegations that "Much of what Defendants retain and intend to use and/or distribute is a trade secret, confidential, and/or proprietary information regarding PMC's business, marketing, systems, and business plan," as set forth in paragraph 261 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000000001 – PR-000050731.

103. All documents that support Plaintiffs' allegations that "Plaintiffs will suffer irreparable injury if Defendants, and any and all people working in concert with them, are not enjoined from: (a) using, selling, transferring, disclosing and disposing of Plaintiffs' trade secrets, proprietary and/or confidential information; (b) interfering with Plaintiffs' client and business relationships; (c) soliciting Plaintiffs' employees; and (d) using, selling, transferring, disclosing and disposing of information on Plaintiffs' products and business strategy," as set forth in paragraphs 264 and 271 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000000001 – PR-000050731.

104. All documents that support Plaintiffs' allegations that "Money damages would be inadequate to fully compensate Plaintiffs for the incalculable loss of its trade secrets, confidential information, competitive edge, goodwill, customers, business relationships, and an amount of future revenue that is impossible to determine, which would result from the continued wrongful acts of Defendants," as set forth in paragraph 266 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000000001 – PR-000050731.

105. All documents that support Plaintiffs' allegations that "It is impossible for Plaintiffs to detect all of the Defendants' unlawful acts with its property, protected information, and proprietary and confidential information or Defendants' unlawful acts of prohibited competition," as set forth in paragraph 267 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000000001 – PR-000050731.

106. All documents that support Plaintiffs' allegations that "Plaintiffs originated the ideas, organization, capital, and business relationships to develop the prospects and materials that Defendants were engaged to work on. Defendants would not have access to any of these ideas, resources or relationships but for Defendants' employment with Plaintiffs," as set forth in paragraph 270 of the Amended Complaint.

**Response:** Plaintiffs identify PR-000000001 – PR-000050731.

January 7, 2022

By: /s/ Sharon Stiller

Sharon P. Stiller, Esq.
Maureen T. Bass, Esq.
Abrams Fensterman LLP
160 Linden Oaks, Suite E
Rochester, NY 14625
Tel: (585) 218-9999
sstiller@abramslaw.com
mbass@abramslaw.com

TO: Steve E. Cole, Esq.
Jeremy M. Sher, Esq.
Adams LeClair LLP
*Attorneys for Defendant Everett Financial Inc. d/b/a Supreme Lending*
28 Main Street, Suite 1500
Rochester, NY 14614
Tel: (585) 327-4100
scole@adamsleclair.law
jsher@adamsleclair.law

CC: Jeffrey J. Calabrese, Esq.
Anna S. M. McCarthy, Esq.
Harter Secrest & Emery LLP
*Attorneys for Co-Defendants Cynthia Nostro, Dylan Randall and David Popham*
1600 Bausch and Lomb Place
Rochester, New York 14604
Tel: (585) 232-6500
jcalabrese@hselaw.com
amccarthy@hselaw.com