# EXHIBIT 5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL DONOGHUE and PREMIUM
MORTGAGE CORPORATION,

               Plaintiffs,

-vs-

CYNTHIA NOSTRO, DYLAN RANDALL,
DAVID POPHAM, and EVERETT FINANCIAL, INC.
d/b/a SUPREME LENDING,

               Defendants.

**DEFENDANT EVERETT FINANCIAL, INC. D/B/A SUPREME LENDING'S SECOND SET OF INTERROGATORIES TO PLAINTIFFS**

Case No.
6:20-cv-06100-EAW

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant Everett Financial, Inc. d/b/a Supreme Lending requests that plaintiffs Michael Donoghue and Premium Mortgage Corporation answer the following interrogatories within thirty days after service of this request, pursuant to the following Definitions and Instructions.

### Definitions and Instructions

    A.    The Uniform Definitions for All Discovery Requests set forth in Local Civil Rule 26(c) are fully incorporated by reference herein.

    B.    The term "Supreme Lending" means defendant Everett Financial, Inc. d/b/a Supreme Lending.

    C.    The term "PMC" means Premium Mortgage Corporation and its officers, directors, attorneys, accountants, employees, and any agent acting on its behalf.

    D.    The term "Plaintiffs" means either or both of plaintiffs Michael Donoghue and PMC.

    E.    The term "Defendants" means any of defendants Cynthia Nostro, Dylan Randall, David Popham, or Supreme Lending.

1

    F.    The terms "any" and "all" mean both "any" and "all."

    G.    The term "including" means "including, without limitation."

    H.    The term "Amended Complaint" means the Amended Complaint in this action (Doc. No. 15).

    I.    The term "Wrongdoing" means all conduct by Defendants for which Plaintiffs seek relief in this action, including all conduct alleged, referenced, or described in paragraph 3 of the Amended Complaint or more specifically alleged elsewhere in the Amended Complaint.

    J.    The term "Confidential Information" means all information Plaintiffs claim to be protected from disclosure under a written agreement or otherwise and that Defendants misappropriated or improperly used, as alleged in the Amended Complaint, whether referred to in the Amended Complaint as "confidential information," "confidential material," "proprietary information," "confidential and proprietary information," "non-public information," "protected information," "marketing and business information," "marketing materials," "PMC systems," "prospect and client information," "intellectual property," "trade secrets," "secret information," "data," or in any other fashion.

    K.    If Plaintiffs withhold information under any claim of privilege or for any other reason, provide all information required by Local Civil Rule 26(d). If a claimed privilege applies to only a portion of any information, that portion only should be withheld and the remainder of the information should be produced. As used herein, "claim of privilege" includes, but is not limited to, any claim that information may be withheld from production by any statute or regulation. If any such claim is asserted, cite each statute or regulation claimed to apply.

## Interrogatories

1. Identify all documents where any information was deleted or modified by or on behalf of the Defendants as part of any Wrongdoing. For each document identified, provide a complete description of: (1) the customer or potential customer, if any, to which the document relates, (2) the file and location, (3) deletion or modification, (4) the date and time of any restoration of the information previously deleted or modified, and (5) all use of the restored information by or on behalf of Plaintiffs, including the employee(s) of Plaintiffs involved in such use.

2. Identify all communications from April 1, 2019 through December 31, 2019 between Plaintiffs and any customer or potential customer of Premium who had previously communicated with the Defendants and with respect to whom the Defendants are alleged to have engaged in Wrongdoing.

3. For each customer or potential customer identified in Interrogatory 2, above, identify all loans provided by Premium after April 1, 2019.

4. Identify all individuals as to which the Defendants "requested prequalifications" referenced in Sharon Stiller's letters dated May 2, 2019 to each of the Defendants. For each, identify the facts and circumstances of the prequalification requests, and all documents concerning such individual, including but not limited to credit reports, loan applications, and promissory notes.

5. Identify all credit reports and loan applications with respect to any individuals with respect to whom the Defendants are alleged to have engaged in Wrongdoing, or otherwise violated any contractual or legal duties to Plaintiffs in respect to loans.

DATED:  March 17, 2022                              **ADAMS LECLAIR LLP**

By: _____
Steven E. Cole, Esq.
*Attorneys for Defendant Everett Financial, Inc. d/b/a Supreme Lending*
28 E. Main Street, Suite 1500
Rochester, New York 14614
Tel: (585) 327-4100
scole@adamsleclair.law