# EXHIBIT 6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL DONOGHUE and PREMIUM MORTGAGE
CORPORATION,

                        Plaintiffs,

      -vs-

CYNTHIA NOSTRO, DYLAN RANDALL,
DAVID POPHAM, and EVERETT FINANCIAL, INC. d/b/a
SUPREME LENDING,

                        Defendants.
_____

**PLAINTIFFS' RESPONSE TO DEFENDANT EVERETT FINANCIAL, INC. D/B/A SUPREME LENDING'S SECOND SET OF INTERROGATORIES TO PLAINTIFFS**

Case No.
6:20-cv-06100-EAW

      Plaintiffs Michael Donoghue and Premium Mortgage Corporation ("Plaintiffs"), by and through their attorneys, Abrams Fensterman, LLP, respond to Defendant Everett Financial, Inc. d/b/a Supreme Lending's ("Supreme") Second Set of Interrogatories as follows:

<u>**GENERAL OBJECTIONS**</u>

      The following objections apply to all interrogatories, whether or not a general objection is referred to specifically in response to any particular question.

      1.     Supreme previously issued its First Set of Interrogatories. Both Supreme's First and Second Set of Interrogatories contain interrogatories that contain multiple subparts. Plaintiffs object as Supreme has exceeded the number of allowable interrogatories as provided for in the Federal Rules of Civil Procedure.

      2.     Two of Supreme's employees, Ms. Nostro and Mr. Randall (the "Individual Defendants") pled guilty to tampering with Premium's computers. Notwithstanding outstanding discovery demands, the Individual Defendants have never produced a full list of all of the information that was tampered with, or the borrowers who would have closed with Premium but for the Individual Defendants' move to Supreme. These interrogatories are an improper attempt to force Plaintiffs to

1

disclose information of which only Supreme's employees have first-hand knowledge. Supreme has control over this information and cannot escape its disclosure requirements by demanding that Plaintiffs make the disclosure.

3. No interrogatory response shall be deemed to constitute an agreement or concession that the subject matter thereof is relevant to this action. Plaintiffs make these interrogatory responses without waiving, or intending to waive, on any ground, any objections as to relevancy, privilege or admissibility of any information or other evidence in any subsequent proceeding or at trial of this action.

4. Plaintiffs object to the extent that the interrogatories seek information that is not relevant to the prosecution or defense of this action.

5. Plaintiffs object to the extent that the interrogatories seek information protected from disclosure by the attorney-client privilege, attorney work product doctrine, material prepared for litigation or trial privilege, or any other privilege or immunity from disclosure.

6. Plaintiffs object to the interrogatories to the extent that they seek confidential or proprietary business information, information protected by the privacy rights of third parties as governed by applicable statutes, rules or judicial case law, or information otherwise confidential or protected by from discovery by public policy. This general objection applies to demands with respect to PMC's financial performance as such information is not relevant to the revenue lost in connection with the Defendants' wrongdoing.

7. With respect to each interrogatory, Plaintiffs reserve the right to refer to documents that supply the answer to the request.

8. Plaintiffs' responses to Defendant's interrogatories are believed to be complete and accurate. Plaintiffs will amend or supplement their responses accordingly if they identify any errors or omissions subsequently. Plaintiffs reserve their right to supplement responses during or

after discovery is completed.

9.     Plaintiff's object to Defendant's interrogatories to the extent the information sought is equally known by the Defendant.

### Interrogatories

1.     Identify all documents where any information was deleted or modified by or on behalf of the Defendants as part of any Wrongdoing. For each document identified, provide a complete description of: (1) the customer or potential customer, if any, to which the document relates, (2) the file and location, (3) deletion or modification, (4) the date and time of any restoration of the information previously deleted or modified, and (5) all use of the restored information by or on behalf of Plaintiffs, including the employee(s) of Plaintiffs involved in such use.

**Response: Objection. The Individual Defendants work for Supreme and have pled guilty to tampering with and modifying or deleting information from Premium's computers, specifically information found in Encompass. Supreme has control over the Individual Defendants and as such, control over the answer to this Interrogatory. Alternatively, as Plaintiffs are unaware of all the information that was deleted, Supreme should direct this Interrogatory to the Individual Defendants. Without waiving such objection, Plaintiffs respond that they cannot properly respond to this interrogatory because they did not complete the deletions and modifications and have limited personal knowledge regarding the same. Plaintiffs refer Supreme to the documents previously produced reflecting the information that Premium sent to the Monroe County District Attorneys' office as being responsive. Subject to further discovery and disclosure, even though Premium is unable to refer to an existing document, Premium believes that electronic data was compromised in connection with some**

3

or all of the information relating to the individuals identified in Plaintiffs' response to Supreme's initial Interrogatory number 5, representing the borrowers whose business was lost or diminished due to any Wrongdoing.

2. Identify all communications from April 1, 2019 through December 31, 2019 between Plaintiffs and any customer or potential customer of Premium who had previously communicated with the Defendants and with respect to whom the Defendants are alleged to have engaged in Wrongdoing.

**Response: Plaintiffs object to this interrogatory as unduly broad in scope and burdensome. Premium has countless employees, from receptionists, to loan processors to loan officers. Any and all of those employees may have spoken to potential customers or actual customers who were contacted by Individual Defendants - some conversations may have occurred without the Premium employee's knowledge that the Individual Defendants spoke to the potential or actual borrower. Moreover, as those verbal conversations would have occurred in or around the middle of 2019, it would be unduly burdensome to require Plaintiffs to respond to such interrogatory as it is unduly burdensome in scope. Without waiving such objections, Plaintiffs identify the individuals listed as in response to Supreme's Initial Interrogatory number 5 as potential or actual customers who may have been spoken to by one or more Premium employees (with the understanding that Supreme has the contact information for each of these individuals upon whom it may conduct discovery). Plaintiffs also refer Supreme to PR-000057075 - PR-000057080.**

3. For each customer or potential customer identified in Interrogatory 2, above, identify all loans provided by Premium after April 1, 2019.

4

**Response: See Response to Interrogatory No. 2. Premium further responds that none of the individuals identified in response to Supreme's First Interrogatory 5 closed a loan with Premium.**

4. Identify all individuals as to which the Defendants "requested prequalifications" referenced in Sharon Stiller's letters dated May 2, 2019 to each of the Defendants. For each, identify the facts and circumstances of the prequalification requests, and all documents concerning such individual, including but not limited to credit reports, loan applications, and promissory notes.

**Response: See Response to Interrogatory Nos. 2 and 3. Premium cannot complete the list requested by Supreme because of the Individual Defendants' Wrongdoing. The Individual Defendants, currently employees of Supreme, are in possession of the complete list and Supreme should issue this interrogatory to the Individual Defendants as they are under Supreme's control and the only individuals with first-hand knowledge to complete the list.**

5. Identify all credit reports and loan applications with respect to any individuals with respect to whom the Defendants are alleged to have engaged in Wrongdoing, or otherwise violated any contractual or legal duties to Plaintiffs in respect to loans.

**Response: See Response to Interrogatory Nos. 2, 3 and 4.**

May 20, 2022                                       /s/ Sharon P. Stiller
                                                              Sharon P. Stiller, Esq.
                                                              Maureen T. Bass, Esq.
                                                              Abrams Fensterman LLP
                                                              160 Linden Oaks, Suite E
                                                              Rochester, NY 14625
                                                              Tel:  (585) 218-9999
                                                              sstiller@abramslaw.com
                                                              mbass@abramslaw.com

TO:     Steve E. Cole, Esq.
           Erin Casey, Esq.
           Adams LeClair LLP
           *Attorneys for Defendant Everett Financial Inc. d/b/a Supreme Lending*
           28 E. Main Street, Suite 1500
           Rochester, NY 14614
           Tel:  (585) 327-4100
           scole@adamsleclair.law
           ecasey@adamsleclair.law

CC:     Jeff Calabrese, Esq.
           Anna S. M. McCarthy, Esq.
           Harter Secrest & Emery LLP
           *Attorneys for Co-Defendants Cynthia Nostro, Dylan Randall and David Popham*
           1600 Bausch and Lomb Place
           Rochester, New York 14604
           Tel:  (585) 232-6500
           jcalabrese@hselaw.com
           amccarthy@hselaw.com