# EXHIBIT 8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL DONOGHUE and PREMIUM MORTGAGE CORPORATION,

                Plaintiffs,

-vs-

CYNTHIA NOSTRO, DYLAN RANDALL, DAVID POPHAM, and EVERETT FINANCIAL, INC. d/b/a SUPREME LENDING,

                Defendants.

**PLAINTIFFS' RESPONSE TO DEFENDANT EVERETT FINANCIAL, INC. D/B/A SUPREME LENDING'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

Case No.
6:20-cv-06100-EAW

Plaintiffs Michael Donoghue and Premium Mortgage Corporation, by and through their attorneys, Abrams Fensterman, LLP, respond to Defendant Everett Financial, Inc. d/b/a Supreme Lending's ("Supreme") Second Request for Production of Documents upon the Plaintiffs as follows:

### GENERAL OBJECTIONS

This production of documents is made without waiving or intending to waive any objections as to the relevancy, privilege or admissibility of any information and/or documents produced in response to Supreme's First Request for Production of Documents in any subsequent proceeding or at trial of this action on any ground. The following objections apply to all requests, whether or not a general objection is referred to specifically in response to any particular request.

1. No production of documents shall be deemed to constitute any agreement or concession that the subject matter thereof is relevant to this action, nor shall the designation of particular numbered documents as responsive to a request be deemed an admission that such documents are relevant to the request or that other documents are irrelevant to the request, this proviso being necessary because of the vague and overboard nature of Supreme's requests.

1

2. Plaintiffs object to Supreme's Second Request for Production of Documents ("Demands") to the extent that they demand the production or disclosure of information or documents that are not relevant to the subject matter of this action and are not reasonably calculated to lead to the discovery of admissible evidence. An "overly broad" objection referenced in response to a document demand below encompasses the bases set forth in this paragraph.

3. Plaintiffs object to the Demands to the extent that they seek documents or information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other privilege or immunity from disclosure. A "Privilege" objection referenced in response to a document demand below encompasses the bases set forth in this paragraph. To the extent that any documents protected from disclosure are included in any document preceding, accompanying, and post-dating these responses, such disclosure is inadvertent and not a waiver of any privilege that attaches.

4. Plaintiffs object to the Demands to the extent that they seek confidential or proprietary information, information that is protected by the privacy rights of third parties as governed by applicable statutes, rules and judicial case law, and information that is otherwise protected from discovery by public policy or is otherwise confidential. A "confidential" objection referenced in response to a document demand below encompasses the bases set forth in this paragraph. To the extent that any documents protected from disclosure are included in any document production preceding, accompanying, and post-dating these responses, such disclosure is inadvertent and not a waiver of any privilege that attaches.

5. Plaintiffs object to the Demands to the extent that they seek the production of documents or information outside of Plaintiffs' possession or control, or which are not available to them after a reasonably diligent search.

6. Plaintiffs object to the Demands to the extent that they seek the production of

documents or information that is available to the public or obtainable by Defendant through other means.

      7.    To the extent that documents are provided in response to the Demands, Plaintiffs specifically reserve the right to challenge the competency, relevancy, materiality and admissibility of any information in any subsequent proceeding, hearing, motion or trial in this or any other action.

      8.    The information and documents provided to Defendant are believed to be complete and accurate. If errors or omissions are later identified, Plaintiffs will amend or supplement their responses accordingly.

Subject to and without waiving any of the foregoing objections, Plaintiffs respond to the Demands as follows:

1. All documents referenced in, or utilized to provide information for, Plaintiffs' responses to Supreme's interrogatories.

    **Response: Plaintiffs identify PR-000001 - PR-000050731.**

      2.    Documents concerning reduction or savings in costs or expenses associated with (I) the termination of the individual Defendants' employment with Premium, including documents reflecting the Individual Defendants' compensation during 2018 and 2019 and (2) Plaintiffs' accounting or allocation of costs to revenue, including loan revenue, from 2017 to the present.

    **Response: Plaintiffs identify PR-000050258- PR-000050362; PR-000050493- PR-000050548; SL 00031648- SL 00031652; and SL 00031656- SL 00031660.**

Date: May 20, 2022

                                                          By:  /s/ Sharon Stiller

                                                          Sharon P. Stiller, Esq.
                                                          Maureen T. Bass, Esq.
                                                          Abrams Fensterman LLP
                                                          160 Linden Oaks, Suite E
                                                          Rochester, NY 14625
                                                          Tel:  (585) 218-9999
                                                          sstiller@abramslaw.com
                                                          mbass@abramslaw.com

TO:     Steve E. Cole, Esq.
           Erin Casey, Esq.
           Adams LeClair LLP
           *Attorneys for Defendant Everett*
           *Financial Inc. d/b/a Supreme Lending*
           28 Main Street, Suite 1500
           Rochester, NY 14614
           Tel:  (585) 327-4100
           scole@adamsleclair.law
           ecasey@adamsleclair.law

CC:     Jeffrey J. Calabrese, Esq.
           Anna S. M. McCarthy, Esq.
           Harter Secrest & Emery LLP
           *Attorneys for Co-Defendants Cynthia Nostro, Dylan Randall and David Popham*
           1600 Bausch and Lomb Place
           Rochester, New York 14604
           Tel:  (585) 232-6500
           jcalabrese@hselaw.com
           amccarthy@hselaw.com