# EXHIBIT 9

**PLAINTIFFS' DISCOVERY DEFICIENCY OUTLINE – SUPREME MOTION TO COMPEL**

| No | DISCOVERY REQUEST OR OBLIGATION | DUE DATE ACTUAL | PLAINTIFFS' RESPONSE OR DISCLOSURE | DEFICIENCY |
|---|---|---|---|---|
| 1 | Damage Computation - Plaintiffs' Initial Disclosures, ¶3, Fed.R.Civ.P. 26(a)(1)(A)(iii) | Due and Provided 10/30/20 | Plaintiffs' damages . . . .are an amount to be determined at trial but in excess of [$10 million]. Plaintiff believes that some of its lost revenue from the actions of Defendants in relation to misappropriated clients is the sum of $500,191 to date, exclusive of interest[.] | No computation of damages or production of documents upon which the computation is based. *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006). No explanation is given for the amount. |
| 2 | 1st Supreme Interrogatories, No. 6

A computation of each category of damages alleged against Supreme Lending in this action, including the amount and category of damages attributable to [each person whose business was allegedly lost or diminished due to any Wrongdoing]." | Due 1/22/21

Provided 1/7/22

Not Verified | See response numbered 3 from Plaintiffs' Initial Disclosures[.] | No computation of damages. No information provided concerning the amount and category of damages attributable to any of the 139 names identified as "misappropriated" clients, consisting of 110 borrowers. |
| 3 | 1st Supreme Request for Production of Documents, No 1

All communications concerning any Wrongdoing (defined as all conduct by Defendants for which Plaintiffs seek relief in this action, including all conduct alleged, referenced, or described in paragraph 3 of the Amended Complaint or more specifically | Due 1/22/21

Provided 1/7/22 & 3/18/22 | Plaintiffs identify PR-000001 – PR-000050731 | The responses improperly reference Plaintiffs entire initial document production of 50,000+ documents without specifying any documents by bates number that support their damage claims.

Plaintiffs produced an additional 7,000+ pages of documents on March 18, 2022, but again did not designate any specific documents as being responsive to this request. |

**PLAINTIFFS' DISCOVERY DEFICIENCY OUTLINE – SUPREME MOTION TO COMPEL**

| No | DISCOVERY REQUEST OR OBLIGATION | DUE DATE ACTUAL | PLAINTIFFS' RESPONSE OR DISCLOSURE | DEFICIENCY |
|---|---|---|---|---|
| | alleged elsewhere in the Amended Complaint). | | | Plaintiffs have produced no text messages, despite evidence that Donoghue and employees of Plaintiff were clearly texting with the Individual Defendants during the transitional time period of March through May, 2019 |
| 4 (#) | 1st Supreme Request for Production of Documents, No 2<br><br>All documents Plaintiffs allege Defendants accessed, downloaded, tampered with, altered, sabotaged, converted, misappropriated, improperly used or caused to be used, destroyed, or deleted as part of any Wrongdoing. | Due 1/22/21<br><br>Provided 1/7/22 & 3/18/22? | Plaintiffs identify PR-000001 – PR-000050731 | Same as above.<br><br>In addition, on March 17, 2022, Supreme's counsel wrote to Plaintiffs' counsel and specifically identified two different spreadsheets from Premium's production, PR000006652-7 and PR000006658-62. The first set of these documents appears to identify files where "an object was deleted" on April 25, 2019. The spreadsheet appears to be generated by ManageEngine of ADAuditPlus, and was created on May 9, 2019. The second spreadsheet appears to show documents that were allegedly "copied and pasted" or sent by mail.<br><br>Despite our specific identification of these items, Premium has refused to identify or provide the documents listed on these spreadsheets. On March 17, 2022, Supreme served additional discovery relating to this issue, to which Plaintiffs have objected. *See infra*.<br><br>On May 27, 2022 the parties met and conferred, and additional information was |

**PLAINTIFFS' DISCOVERY DEFICIENCY OUTLINE – SUPREME MOTION TO COMPEL**

| No | DISCOVERY REQUEST OR OBLIGATION | DUE DATE ACTUAL | PLAINTIFFS' RESPONSE OR DISCLOSURE | DEFICIENCY |
|---|---|---|---|---|
| | | | | exchanged. Supreme will continue its efforts to obtain the necessary information informally and will advise the Court if this issue is resolved. |
| 5 | <u>1st Supreme Request for Production of Documents, No 3</u><br><br>All documents that support Plaintiffs' contentions that Defendants engaged in specific acts of Wrongdoing, including documents identifying the dates, times, and places of the Wrongdoing, and identifying all persons with knowledge of each act of Wrongdoing. | Due 1/22/21<br><br>Provided 1/7/22 & 3/18/22? | Plaintiffs identify PR-000001 – PR-000050731 | Same as above. |
| 6 | <u>1st Supreme Request for Production of Documents, No 8</u><br><br>All documents concerning Plaintiffs' calculation of alleged damages, including all documents concerning PMC's revenues, income, expenses, profits, losses, assets, liabilities, gross profits, net profits, and marginal profits during the period from January 1, 2014 through the present, including all internal financial statements, | Due 1/22/21<br><br>Provided 1/7/22 & 3/18/22 | Plaintiffs object to the production of any and all identified documents as being Private, Confidential and not reasonably calculated to lead to any relevant evidence related to Plaintiffs' damages. Information related to Plaintiffs' damages are found in Supreme's financial statements and records as well as at PR00000-6406 – PR000006646; PR-000006702-PR-000050257; PR- | The documents specified consist of more than 43,000 pages of documents, most of which are labeled by Plaintiffs as "borrower documents." No financial statements or documents concerning PMC's revenues, income, expenses, net profits, or marginal profits was produced.<br><br>On March 18, 2022, Supreme produced twelve (12) pages of "income statements" for the years 2018, 2019, and 2020. These statements had 115 entries per year reflecting revenues, expenses, and net |

**PLAINTIFFS' DISCOVERY DEFICIENCY OUTLINE – SUPREME MOTION TO COMPEL**

| No | DISCOVERY REQUEST OR OBLIGATION | DUE DATE ACTUAL | PLAINTIFFS' RESPONSE OR DISCLOSURE | DEFICIENCY |
|---|---|---|---|---|
| | financial statements provided to third parties, and tax returns. | | 000050669 – PR000050731 | income. Plaintiffs redacted 113 of 115 by blacking them out, rendering the statements worthless even as a starting point for inquiry. |
| | 1st Supreme Request for Production of Documents, No 10

All documents concerning PMC's direct and indirect expenses incurred in connection with the funding of mortgages, individually or collectively. | Due 1/22/21

Provided 1/7/22 | Plaintiffs object to the production of any and all identified documents as being Private, Confidential and not reasonably calculated to lead to any relevant evidence relating to Plaintiffs' damages. | To the extent that Plaintiffs seeks to recover lost profits, as alleged in their Amended Complaint, Doc. 15, ¶¶ 159, 188, 206, 213, 218-219, and 240, their costs associated with the lost revenue must be taken into consideration. *See e.g., RGI Brands LLC v. Cognac Brisset-Aurige, S.A.R.L.*, 2013 WL 450255 (S.D.N.Y. Aug. 23, 2013) at *7-8. Costs incurred by Plaintiffs in funding of mortgages for which they are seeking damages are a proper subject for discovery.

See also March 17, 2022 letter to Sharon Stiller, Ex. __, pp. 3-4. |
| 7 | 1st Supreme Request for Production of Documents, No 11

All documents concerning agreements with any third parties concerning PMC's funding of mortgages which apply to any prospect, customer, or loan for which Plaintiffs claim damages in this action. | Due 1/22/21

Provided 1/7/22 | Plaintiffs object to the production of any and all identified documents as being Private, Confidential and not reasonably calculated to lead to any relevant evidence relating to Plaintiffs' damages. | Plaintiffs have represented that they sell the loans they fund to third parties and receive payment. Plaintiffs' arrangement with third parties concerning the sale of any loans, or the inability to sell a loan that results in damages, is relevant to the issue of damages. |

**PLAINTIFFS' DISCOVERY DEFICIENCY OUTLINE – SUPREME MOTION TO COMPEL**

| No | DISCOVERY REQUEST OR OBLIGATION | DUE DATE ACTUAL | PLAINTIFFS' RESPONSE OR DISCLOSURE | DEFICIENCY |
|---|---|---|---|---|
| 8 | 1st Supreme Request for Production of Documents, Nos 52, 64, 76. All documents that support Plaintiffs' allegations of $10 million of damages for three causes of action asserted against Supreme. | Due 1/22/21 Provided 1/7/22 & 3/18/22? | Plaintiffs identify PR-000001 – PR-000050731 and Plaintiffs' Rule 26 Disclosures. | The responses improperly reference Plaintiffs entire initial document production of 50,000+ documents without specifying any documents by bates number that support their damage claims. No documents concerning damages appear to have been produced until a second production on March 18, 2022, but Plaintiffs have not identified any documents in their second production responsive to these requests. |
| 9 | 1st Supreme Request for Production of Documents, Nos 85, 89, and 99. All documents that support Plaintiffs' allegations of $10 million of damages for three additional causes of action asserted against Supreme. | Due 1/22/21 Provided 1/7/22 & 3/18/22? | Plaintiffs identify PR-000001 – PR-000006701. | The responses improperly reference Plaintiffs more than 6,700 documents that are not otherwise identified. Upon inquiry, Supreme was told that 6400 of the 6700 documents came from the contents of electronic mailboxes of the individual defendants or other Premium employees who left Premium at about the same time. No documents concerning damages appear to have been produced until a second production on March 18, 2022, but Plaintiffs have not identified any documents in their second production responsive to these requests. |

**PLAINTIFFS' DISCOVERY DEFICIENCY OUTLINE – SUPREME MOTION TO COMPEL**

| No | DISCOVERY REQUEST OR OBLIGATION | DUE DATE ACTUAL | PLAINTIFFS' RESPONSE OR DISCLOSURE | DEFICIENCY |
|---|---|---|---|---|
| 10 | 1st Supreme Request for Production of Documents, Nos 24, 25, 26, 27, 28, 29, 30, 41, 42, 43.<br><br>All documents that support Plaintiffs' allegations in paragraphs 39-45, 62, 63, and 65 of the Amended Complaint, regarding Nostro's and Randall's activities in the 30-60 days before they left Premium, allegedly diverting corporate opportunities on behalf of Supreme. | Due 1/22/21<br><br>Provided 1/7/22 & 3/18/22? | Plaintiffs identify PR-000001 – PR-000050731 | The responses improperly reference Plaintiffs entire initial document production of 50,000+ documents without specifying any documents by bates number that support Plaintiffs' claims of diversion of corporate opportunities on behalf of Supreme. |
| 11 (#) | 2nd Supreme Interrogatories No. 1<br><br>Identify all documents where any information was deleted or modified by or on behalf of the Defendants as part of any Wrongdoing. For each document identified, provide a complete description of: (1) the customer or potential customer, if any, to which the document relates, (2) the file and location, (3) deletion or modification, (4) the date and time of any restoration of the information previously deleted or modified, and (5) all use of the | Due 4/18/22<br><br>Provided 5/20/22<br><br>Not Verified | Objection. The Individual Defendants work for Supreme and have pled guilty to tampering with and modifying or deleting information from Premium's computers, specifically information found in Encompass. Supreme has control over the Individual Defendants and as such, control over the answer to this interrogatory. Alternatively, as Plaintiffs are unaware of all of the information that was deleted, Supreme should direct this interrogatory to the Individual Defendants. Without waiving such objection, Plaintiffs respond that they cannot properly respond to the interrogatory because they did not | Plaintiffs are not relieved from their obligations to disclose the information they do have concerning altered documents just because they claim not to be aware of all of the information that was deleted or modified.<br><br>Plaintiffs have repeatedly made the alleged altering of documents a centerpiece of their claims, and seek damages from Supreme based largely on these same allegations. Plaintiffs' claim not to know all of relevant information does not relieve them of the obligation to disclose the information they do possess. Supreme is entitled to know what |

**PLAINTIFFS' DISCOVERY DEFICIENCY OUTLINE – SUPREME MOTION TO COMPEL**

| No | DISCOVERY REQUEST OR OBLIGATION | DUE DATE ACTUAL | PLAINTIFFS' RESPONSE OR DISCLOSURE | DEFICIENCY |
|---|---|---|---|---|
| | restored information by or on behalf of Plaintiffs, including the employee(s) of Plaintiffs involved in such use. | | complete the deletions and modifications and have limited personal knowledge regarding same. Plaintiffs refer Supreme to the documents previously produced reflecting the information that Premium sent to the Monroe County District Attorneys' office as being responsive. Subject to further discovery and disclosure, even though Premium is unable to refer to an existing document, Premium believes that electronic data was compromised in connection with some or all of the information relating to the individuals in Supreme's initial interrogatory number 5, representing borrowers whose business was lost or diminished due to any Wrongdoing. | documents are at issue, if the information was restored, and if Plaintiffs used the restored information in an effort to mitigate damages.<br><br>On March 17, 2022, Supreme's counsel wrote to Plaintiffs' counsel and specifically identified two different spreadsheets from Premium's production, PR000006652-7 and PR000006658-62. The first set of these documents appears to identify files where "an object was deleted" on April 25, 2019. The spreadsheet appears to be generated by ManageEngine of ADAuditPlus, and was created on May 9, 2019. The second spreadsheet appears to show documents that were allegedly "copied and pasted" or sent by mail.<br><br>The documents referenced by these spreadsheets have not been produced or explained in any fashion, including whether they were in fact restored. Supreme is entitled to full disclosure on all modifications and deletions so that it may defend against the claims asserted by Plaintiffs in this action.<br><br>On May 27, 2022 the parties met and conferred, and additional information |

**PLAINTIFFS' DISCOVERY DEFICIENCY OUTLINE – SUPREME MOTION TO COMPEL**

| No | DISCOVERY REQUEST OR OBLIGATION | DUE DATE ACTUAL | PLAINTIFFS' RESPONSE OR DISCLOSURE | DEFICIENCY |
|---|---|---|---|---|
| | | | | was exchanged. Supreme will continue its efforts to obtain the necessary information informally and will advise the Court if this issue is resolved. |
| 12 (#) | 2nd Supreme Interrogatories No. 2  Identify all communications from April 1, 2019 through December 31, 2019 between Plaintiffs and any customer or potential customer of Premium who had previously communicated with the Defendants and with respect to whom the Defendants are alleged to have engaged in Wrongdoing. | Due 4/18/22  Provided 5/20/22  Not Verified | Plaintiffs object to this interrogatory as unduly broad in scope and burdensome. [Objections shortened] | Supreme agrees in part with Plaintiffs' objections, and seeks only to compel a Plaintiffs to identify communications between the Plaintiffs and any borrower identified by Plaintiffs in response to Interrogatory No. 5 of Supreme's first set of interrogatories, for the purpose of providing a loan.  Plaintiffs' communications with "misappropriated" borrowers are relevant to damages, causation, and mitigation, among other issues.  On May 27, 2022 the parties met and conferred, and additional information was exchanged. Supreme will continue its efforts to obtain the necessary information informally and will advise the Court if this issue is resolved. |
| 13 (#) | 2nd Supreme Interrogatories No. 4  Identify all individuals as to which the Defendants "requested prequalifications" referenced in | Due 4/18/22  Provided 5/20/22 | See Response to Interrogatory Nos. and 3. Premium cannot complete the list requested by Supreme because of the Individual Defendants' Wrongdoing. The Individual Defendants, currently employees of | Whether or not the Individual Defendants have the same or similar information does not relieve Plaintiffs of their obligations to disclose the |

**PLAINTIFFS' DISCOVERY DEFICIENCY OUTLINE – SUPREME MOTION TO COMPEL**

| No | DISCOVERY REQUEST OR OBLIGATION | DUE DATE ACTUAL | PLAINTIFFS' RESPONSE OR DISCLOSURE | DEFICIENCY |
|---|---|---|---|---|
| | Sharon Stiller's letters dated May 2, 2019 to each of the Defendants. For each, identify the facts and circumstances of the prequalification requests, and all documents concerning such individual, including but not limited to credit reports, loan applications, and promissory notes. | Not Verified | Supreme, are in possession of the complete list and Supreme should issues this interrogatory to the Individual Defendants as they are under Supreme's control and the only individuals with first-hand knowledge of the complete list. | information they do have to a defendant in a lawsuit Plaintiffs initiated.<br><br>Supreme is not looking for a "complete list" of prequalified borrowers, only those to whom Ms. Stiller was referring in her letter.<br><br>Plaintiffs should produce Exhibits A, all drafts of Exhibit A, or otherwise identify the prequalified borrowers that were known to Premium as of May 2, 2019. This information is relevant to damages, causation, and mitigation, among other issues.<br><br>On May 27, 2022 the parties met and conferred, and additional information was exchanged. Supreme will continue its efforts to obtain the necessary information informally and will advise the Court if this issue is resolved. |
| 14 (#) | 2nd Supreme Interrogatories No. 5<br><br>Identify all credit reports and loan applications with respect to any individuals with respect to whom the Defendants are alleged to have engaged in Wrongdoing, or otherwise violated any contractual | Due 4/18/22<br><br>Provided 5/20/22<br><br>Not Verified | See Response to Interrogatory Nos. 2, 3, and 4. | Plaintiffs must respond and identify credit reports and loan applications by bates numbers (these documents establish prequalification). Plaintiffs have identified a range of documents PR 000006406 – PR000006646 containing "credit pulls." In addition, PR 000006649 and PR 000006650 are spreadsheets that |

**PLAINTIFFS' DISCOVERY DEFICIENCY OUTLINE – SUPREME MOTION TO COMPEL**

| No | DISCOVERY REQUEST OR OBLIGATION | DUE DATE ACTUAL | PLAINTIFFS' RESPONSE OR DISCLOSURE | DEFICIENCY |
|---|---|---|---|---|
| | or legal duties to Plaintiffs in respect to loans. | | | appear to show dates of credit reports and loan applications for certain Premium borrowers. It is not clear what the spreadsheets actually represent, or whether they include all borrowers at issue.<br><br>Supreme is entitled to disclosure of all documentation reflecting on the prequalification of individuals for whom the Plaintiffs are seeking damages. |
| 15 | 2nd Supreme Document Requests No. 1<br><br>All documents referenced in, or utilized to provide information for, Plaintiffs' responses to Supreme's interrogatories. | Due 4/18/22<br><br>Provided 5/20/22 | Plaintiffs identify PR-000001 – PR-000050731 | The responses improperly reference Plaintiffs entire initial document production of 50,000+ documents without specifying any documents by bates number. Because Plaintiffs' interrogatory responses are deficient, as set forth in items 11-14 above, the document response is also necessarily deficient as it is connected to the interrogatory responses. |
| 16 | 2nd Supreme Document Requests No. 2<br><br>Documents concerning reduction or savings in costs or expenses associated with [. . .](2) Plaintiffs' accounting or allocation of costs to | Due 4/18/22<br><br>Provided 5/20/22 | Plaintiffs identified no documents allocating costs to revenue. | To the extent that Plaintiffs seeks to recover lost profits, as alleged in their Amended Complaint, Doc. 15, ¶¶ 159, 188, 206, 213, 218-219, and 240, their costs associated with the lost revenue must be taken into consideration. *See e.g., RGI Brands LLC v. Cognac Brisset-Aurige, S.A.R.L.,* 2013 WL 450255 (S.D.N.Y. |

**PLAINTIFFS' DISCOVERY DEFICIENCY OUTLINE – SUPREME MOTION TO COMPEL**

| No | DISCOVERY REQUEST OR OBLIGATION | DUE DATE ACTUAL | PLAINTIFFS' RESPONSE OR DISCLOSURE | DEFICIENCY |
|---|---|---|---|---|
|  | revenue, including loan revenue, from 2017 to the present. |  |  | Aug. 23, 2013) at *7-8. Costs incurred by Plaintiffs in funding of mortgages for which they are seeking damages are a proper subject for discovery. |

(#) Signifies recent discussions between the parties on this specific request.  On May 27, 2022 the parties met and conferred concerning deficiencies in Plaintiffs' responses and production in response to Supreme's second set of discovery requests and additional information was exchanged that may lead to resolution of some of the issues raised by Supreme's motion to compel.  In light of the scheduling order in place, and Plaintiffs prior objections to further extensions of time, Supreme includes all of its outstanding issues in the present motion to compel.  However, Supreme will continue its efforts to obtain the necessary information informally and will advise the Court promptly if and when specific issues are resolved.