# EXHIBIT 14



STEVEN E. COLE, ESQ., MANAGING PARTNER
WRITER'S DIRECT DIAL: (585) 327-4108
E-MAIL: Scole@adamsleclair.law

March 17, 2022

**VIA PDQ DELILVERY and
E-MAIL: sstiller@abramslaw.com**

Sharon P. Stiller, Esq.
ABRAMS FENSTERMAN
160 Linden Oaks, Suite E
Rochester, NY 14625

      RE:   *Michael Donoghue and Premium Mortgage Corp. v. Cynthia Nostro,
Dylan Randall, David Popham, and Everett Financial, Inc.
d/b/a Supreme Lending*
Case No.: 6:20-CV-06100-EAW

Dear Sharon:

    We have reviewed Plaintiffs' discovery responses and production. Despite several communications and court appearances, the responses appear to be deficient in several important respects. We note that Supreme's discovery requests were served on December 17, 2020, but Plaintiffs did not provide written responses or produce any documents until January 7, 2022, *more than one year after our requests were served.*

    Since January 7, despite several conferences, Plaintiffs have failed to respond to our repeated notices that the responses are deficient and have failed to amend any response or produce documents that cure those deficiencies. We find this lack of cooperation in the discovery process to be inconsistent with Plaintiff's obligations under the Federal Rules of Civil Procedure.

    We have categorized the issues and the deficiencies, and address each in turn:

        **1.**     **Failure to Include Attachments to Responsive E-mails**

    Plaintiffs' production in most instances did not include the attachments to e-mails that were deemed responsive. We raised this issue in our letter of January 27, 2022, and discussed it with Ms. Bass at our meet and confer on February 17. As a compromise, we have requested that attachments be provided for all e-mails produced which are dated March 1, 2019 or later.

    This issue remains open.

Sharon P. Stiller, Esq.
March 17, 2022
Page 2

  2. **Failure to Identify and Produce Documents that were deleted or altered as a result of Wrongful Conduct.**

  Supreme's Document Request Nos. 1-3 requested production of documents and communications concerning Defendants' alleged Wrongdoing, both as it relates to deletion or modification of documents and otherwise. With respect to alleged Wrongdoing relating to the handling of Plaintiffs' documents, Plaintiffs failed to specify what communications concerned that Wrongdoing, what documents were wrongfully deleted or altered, or documents that supported Plaintiffs' allegations of Wrongdoing. In each case, Plaintiff identified its entire production, consisting of more than 50,000 pages, as being responsive to all three of those requests. This response is cynical and non-compliant with the Federal Rules of Civil Procedure. We request that the documents responsive to each request be separately identified.

  In addition, Plaintiff has not produced the documents that were allegedly deleted or altered as a result of Wrongdoing. Our search of the 50,000 pages has revealed a spreadsheet, PR000006652-7, that appears to identify a number of different files were "an object was deleted" on April 25, 2019 at 1:51 pm. The spreadsheet appears to be generated by ManageEngine of ADAuditPlus, which we believe to be a program that allows lost data to be restored. This spreadsheet was created on May 9, 2019.

  None of the documents identified in the spreadsheet of deleted objects have been produced, either with the deletions or after restoration. This deficiency was identified in our letter to Judge Pederson of February 25.

  The same deficiencies exist for documents that were allegedly "copied and pasted" or sent by mail. See PR000006658-62. A spreadsheet has been provided but the copies, transmitted and/or restored documents have not.

  Plaintiffs repeatedly make reference to Defendants Wrongdoing in their Amended Complaint, and Supreme has requested that Plaintiffs produce all documents that support their claims. Plaintiffs have neither identified the documents they rely upon to support the allegations nor, in many cases, produced the documents themselves. Rather, Plaintiffs have identified documents by categories that total more than 3700 pages as being responsive to more than half of the document requests, and *all* of the documents being responsive to more than more than one third of the document requests.

  These issues remain open.

  We are also issuing new discovery requests that seek additional information relevant to the deleted items. We seek additional information concerning what information was deleted and when it was restored. Therefore, we are serving herewith Supreme's second discovery requests to obtain the necessary information and documents.

Sharon P. Stiller, Esq.
March 17, 2022
Page 3

      3.      **Failure to Produce Encompass Loan Files.**

Supreme requested production of Premium's Encompass files with respect to pre-qualified customers who allegedly moved from Premium to Supreme and for whom Plaintiffs seek damages. In response to Supreme's Interrogatory No. 5, Plaintiffs identified more than one-hundred individuals whose business was allegedly lost or diminished because of alleged Wrongdoing, yet Plaintiffs have failed to provide the complete Encompass files for these individuals. Documents in Encompass, whether or not they were alleged to have been altered or if information had been deleted, are relevant to show whether Premium had a reasonable expectation of providing a loan and whether that expectation was materially altered by any action of the Defendants. These documents are responsive to Document Request Nos. 1, 2, 3, and 6, among others.

We raised this issue on February 25, 2022 in our letter to Judge Pederson. This issue remains open.

      4.      **Failure to Organize or Categorize 43,556 pages of "Borrower" Documents**

Because Plaintiffs' production of 50,000 pages of documents was not organized or categorized in any fashion, I wrote to you on January 27 to object to the method of production as a violation of the discovery rules. Ms. Bass responded on January 28 that Plaintiffs "would likely have some additional response," but providing some categorization of Plaintiffs' document production.

Ms. Bass characterized Premium Document Nos. PR6702-50257 as "borrower documents." However, they remain otherwise unidentified and unorganized. Some of the documents appear to be dated from early 2018, a year before the individual defendants came to work for Supreme. The "borrowers" do not seem to be limited to those identified in Plaintiffs' response to Supreme's Interrogatory No. 5. In the absence of more information, we are unable to properly review these documents to determine how they may be relevant to claims or defenses.

Further, we have received no "additional response" to our inquires at any time after January 27. Rather, Plaintiffs have only addressed Defendants' alleged discovery deficiencies and filed another baseless motion to compel.

This issue remains open.

      5.      **Failure to Produce Financial Information Related to Alleged Damages.**

Plaintiffs' complaint references lost profits but, to date, none of Plaintiffs' disclosures have referenced or provided information relative to lost profits. It is not clear whether Plaintiffs are pursuing any alleged damages for lost profits. If that is an element of damages that they seek, they must provide disclosure.

Sharon P. Stiller, Esq.
March 17, 2022
Page 4

FRCP 26(a)(1)(A)(iii) requires that a party must, "without awaiting a discovery request, provide a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Plaintiff's initial disclosures identified "lost profits" as an item of potential recovery but provided no computation and no access to records on which any computation may be based.

Furthermore, in December 2020, Supreme served document requests seeking information about Premium's financial operations concerning revenues, expenses, assets, liabilities, and projections sufficient to determine whether and to what extent Premium can claim to have lost profits from any of the loans at issue. The documents sought by Supreme are the subject of its document request nos. 8-11, among others. To date, no responsive financial information has been provided.

Any calculation of lost profits must include a credit for costs saved. If Plaintiffs intend to seek a recovery for lost profits, Supreme is entitled to full disclosure of Premium's historical revenues, expenses, profits, and losses, including all estimates, calculations, and estimates of the profitability of its loans and operations.

This request was addressed in my January 27 correspondence with you and discussed with Ms. Bass on February 17. At that time, Ms. Bass indicated that Plaintiffs would be providing a document that reflected the sales of its loans to third parties in response to our request. She also stated that she was uncertain whether Premium maintained profit and loss information by branch, but that she would look into it. These deficiencies were also raised in my February 25 letter to Judge Pederson.

We have received no further production or information. We expect to receive financial information relevant to the calculation of any lost profits (and other damages), including what we have specifically requested. We reserve our rights to seek appropriate relief if the information is not timely provided. *See Design Strategy, Inc. v. Davis*, 499 F.3d 284, 292-300 (2d Cir. 2006).

This issue remains open.

Sharon P. Stiller, Esq.
March 17, 2022
Page 5

### Conclusion

     My purpose in writing this letter is to resolve the open issues set forth above informally and without requiring the Court to address them at our next conference. If these issues are not fully resolved by April 8, then I will notify the Court and seek to have Supreme's outstanding issues addressed first at the next conference. Supreme reserves its rights to make appropriate applications to the Court with respect to the issues set forth above, and any further issues with Plaintiffs' disclosures or production.

                            Very truly yours,

                            *Steven E. Cole*

                            Steven E. Cole

SEC/aqr
Enclosure

cc:    (via E-mail)
       Jeffrey L. Calabrese, Esq. - jcalabrese@hselaw.com
       Anna McCarthy, Esq. - amccarthy@hselaw.com