# EXHIBIT 15

## ALLEGED INTERROGATORY DEFICIENCIES AND SUPREME LENDING RESPONSE MAY 23, 2022

| No. | INTERROGATORY | RESPONSE/AMENDED RESPONSE | NOTE |
|---|---|---|---|
| I2 | Describe all of the circumstances under which you decided to open the Williamsville Office. | Supreme objects to this demand as vague, overly broad, unduly burdensome. Subject to and without waiving said objection, **Supreme responds that it decided to open the Williamson Office to pursue business opportunities.** | |
| I3 | Identify any statements you, your attorney or other representatives have taken or received, either orally or in writing, from any person, including parties who had any information or knowledge concerning any of the allegations in the Complaint, Answer and/or Retaliation Lawsuit. | Supreme objects to this demand as vague, overly broad, and to the extent that it calls for the production of materials subject to the attorney-client privilege and/or are attorney work product. Subject to said objection, **Supreme is not in possession of any responsive statements.** | |
| I4 | Identify each document you have concerning the Complaint, Answer, Retaliation Lawsuit, and/or the underlying facts and allegations contained therein. | Supreme objects to this demand as vague, overly broad, unduly burdensome, and irrelevant. | The Amended Complaint consists of 53 pages and 285 separate paragraphs. An interrogatory seeking documents concerning Amended Complaint, Supreme Answer, a completely separate lawsuit, "and/or the underlying facts and allegations contained therein," is palpably improper. |
| I5 | Describe all of the details concerning Nostro's employment with you, including title, job duties and other terms of employment | **Nostro began working for Supreme on April 24, 2019 as a Loan Officer. As set forth in her employment agreement, her duties include originating residential mortgage loans pursuant to Supreme's guidelines and such other duties as Employee may from time to time be reasonably** | Documents produced November 24, 2021 |

ALLEGED INTERROGATORY DEFICIENCIES AND SUPREME LENDING RESPONSE MAY 23, 2022

| No. | INTERROGATORY | RESPONSE/AMENDED RESPONSE | NOTE |
|---|---|---|---|
|  | (including entitlement to salary, commissions, reimbursements, and legal fees). | assigned by Supreme or Employee's branch manager. See also Bates Nos. [SL00000170 - SL00000253]. Supreme objects to the interrogatory to the extent it seeks discovery of information protected from disclosure by privilege.<br><br>[Amended Responses dated May 25, 2022 underlined] |  |
| I6 | Describe all of the details concerning Randall's employment with you, including title, job duties and other terms of employment (including entitlement to salary, commissions, reimbursements, and legal fees). | **Randall began working for Supreme on <u>April 24, 2019</u> as a branch manager. As set forth in his employment agreement, his job includes managing his branch and originating residential mortgage loans pursuant to Supreme's guidelines. See also Bates Nos. [SL00000027 - SL00000108]**. Supreme objects to this interrogatory to the extent it seeks discovery of information protected from disclosure by privilege.<br><br>[Amended Responses dated May 25, 2022 underlined] | Documents produced November 24, 2021 |
| I7 | Describe all of the details concerning Popham's employment with you, including title, job duties and other terms of employment (including entitlement to salary, commissions, reimbursements, and legal fees). | **Popham began working for Supreme on <u>May 6, 2019</u> as a Processor. As set forth in his employment agreement, his job includes processing residential loan pursuant to Supreme's guidelines. See also Bates Nos. [SL00000109 – SL00000169]**. Supreme objects to the interrogatory to the extent it seeks discovery of information protected from disclosure by privilege.<br><br>[Amended Responses dated May 25, 2022 underlined] | Documents produced November 24, 2021 |

# ALLEGED INTERROGATORY DEFICIENCIES AND SUPREME LENDING RESPONSE MAY 23, 2022

| No. | INTERROGATORY | RESPONSE/<u>AMENDED RESPONSE</u> | NOTE |
|---|---|---|---|
| I8 | Identify all actions taken by you to safeguard any information that Nostro, Randall and Everett acquired during their employment with PMC, including, but not limited to, confidential customer information, trade secrets and/or proprietary information. | Supreme objects to this demand as vague, overly broad, unduly burdensome, and irrelevant. Subject to and without waiving said objection, **Supreme required Defendants Nostro, Popham, and Randall to each execute a Confidentiality and Non-Solicitation Agreement [Bates Nos SL00000002 – SL00000019] which included at paragraph 4 restrictions on retention and use of information from prior employers.** | Documents produced November 24, 2021 |
| I9 | Identify all of your current and former employees who were and/or are licensed to perform services relating to the mortgage banking industry in New York. | Supreme objects to this interrogatory as seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. | Plaintiffs have made no showing that licensure of Supreme's employees or Supreme's communications with regulatory or administrative agencies is relevant or otherwise discoverable under Fed.R.Civ.P. 26(b)(1), which provides that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." |
| I10 | Identify all communications that you have had with any regulatory or administrative agency in | Supreme objects to this interrogatory as vague, overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. | Plaintiffs have made no showing that licensure of Supreme's employees or Supreme's communications with regulatory or administrative agencies is relevant or otherwise discoverable under Fed.R.Civ.P. 26(b)(1), which |

**ALLEGED INTERROGATORY DEFICIENCIES AND SUPREME LENDING RESPONSE MAY 23, 2022**

| No. | INTERROGATORY | RESPONSE/<u>AMENDED RESPONSE</u> | NOTE |
|---|---|---|---|
|  | connection with your business in New York. |  | provides that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." |
| I11 | Identify all of PMC's current or former employees with whom you have contacted or communicated with (in any format). | Supreme objects to this interrogatory as vague, overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. | Interrogatory 11 covers January 2018 to present and has no limitation on subject matter. Plaintiffs have not shown the relevance of any and all communications with persons who may have at one time been employed by Premium. Note that Supreme's production does include at least two instances of communications by present or former Premium employees with Dylan Randall regarding possible employment with Supreme [Document Nos. SL0000005531-3] |
| I12 | Identify all individuals whom you have done business with and/or have become your customers or clients of the Williamsville Office since you retained Nostro, Popham and/or Randall. | Supreme objects to this request as seeking information that is irrelevant and not reasonably calculated to lead to the discovery admissible evidence. <u>Supreme refers Plaintiffs to its 2019 Funding Report for the Williamsville Branch, Bates Nos. [00013297 – SL00013300], produced to Plaintiffs on February 22, 2022, reflecting the identities of any individual to whom a loan was made by Supreme at any time between April 1, 2019 and December 31, 2019. In addition, Supreme refers Plaintiffs to the individuals listed</u> | In addition, Supreme has run searches on its computer systems, including its Encompass loan software, for each borrower identified in Plaintiff's interrogatories, each borrower listed on Supreme's April and May, 2019 Pipeline Reports, and all borrowers included on Supreme Lending's 2019 Funding Report for the Williamsville Branch, among others.<br><br>The 2019 Funding Report captures all closings for which Nostro or Randall were involved, |

**ALLEGED INTERROGATORY DEFICIENCIES AND SUPREME LENDING RESPONSE MAY 23, 2022**

| No. | INTERROGATORY | RESPONSE/<u>AMENDED RESPONSE</u> | NOTE |
|---|---|---|---|
| | | <u>on its 2020 Funding Report for the Williamsville Branch which provides comprehensive loan information for individuals who closed loans at Supreme anytime during the calendar year 2020, for those borrowers that may have been prequalified by Premium prior to April 25, 2019.</u><br><br>[Amended Responses dated May 25, 2022 Underlined] | regardless of licensure. Nostro and Randall are identified by name for each loan in the funding reports. |
| I13 | Identify all records and documents in which the revenue, income and/or profits arising from the business you do in New York would be reflected and/or disclosed. | Supreme objects to this interrogatory on the grounds that it is overbroad, unduly burden-some, and requests information that is confidential and proprietary. Subject to and without waiving this objection, **Supreme will produce profit and loss statements for the Williamsville branch for the year 2019 provided that Plaintiffs agree that this information be handled as attorneys' eyes only under an amendment to the Stipulated Protective Order, Document No. 28.** | Premium and Supreme are competitors. On December 14, 2021 Supreme's counsel submitted a proposed addendum to the Stipulated Protective Order as described above. While acknowledging receipt of the proposal, Plaintiffs' counsel has never agreed to the addendum, or proposed any revisions to the addendum which would permit it to be filed. Supreme has been prepared since January, 2022 to provide the profit and loss statements to Plaintiffs provided that the disclosure was limited to attorneys. It is important to note that Plaintiffs have refused to provide any meaningful financial in-formation to Supreme in response to Supreme's discovery requests. The summary income statement documents Premium has produced are 98% redacted (113 of 115 items redacted). Supreme addresses this deficiency in its motion to compel. |
| I14 | Identify all third parties to whom Supreme markets and sells notes and instruments of indebtedness. | Supreme objects to this interrogatory as seeking information that is confidential and proprietary, irrelevant and not reasonably calculated to lead to admissible evidence. | Plaintiffs have made no showing of the relevance of this information, which is clearly confidential and proprietary. See also note to Interrogatory 13, above. |

# ALLEGED INTERROGATORY DEFICIENCIES AND SUPREME LENDING RESPONSE MAY 23, 2022

| No. | INTERROGATORY | RESPONSE/AMENDED RESPONSE | NOTE |
|---|---|---|---|
| I15 | Identify (by borrower name) all loans secured by real property in New York that have been sold to any third party. | Supreme objects to this interrogatory as seeking information that is confidential and proprietary, irrelevant and not reasonably calculated to lead to admissible evidence. | Plaintiffs have made no showing of the relevance of this information, which is clearly confidential and proprietary. See also note to Interrogatory 13, above. |
| I16 | Describe the manners in which revenue, income, and/or profits are earned by you in connection with your Williamsville Office. | Supreme objects to this interrogatory on the grounds that it is overbroad, unduly burden-some, and requests information that is confidential and proprietary. Subject to and without waiving this objection, **Supreme will produce profit and loss statements for the Williamsville branch for the year 2019 provided that Plaintiffs agree that this information be handled as attorneys' eyes only under an amendment to the Stipulated Protective Order, Document No. 28.** | Plaintiffs have made no showing of the relevance of this information, which is clearly confidential and proprietary. See also note to Interrogatory 13, above. |
| I17 | Identify all Supreme's revenue in connection with loans originating in New York from January 2019 through today. | Supreme objects to this interrogatory on the grounds that it is overbroad, unduly burden-some, and requests information that is confidential and proprietary. Subject to and without waiving this objection, **Supreme will produce profit and loss statements for the Williamsville branch for the year 2019 provided that Plaintiffs agree that this information be handled as attorneys' eyes only under an amendment to the Stipulated Protective Order, Document No. 28.** | Plaintiffs have made no showing of the relevance of this information, which is clearly confidential and proprietary. See also note to Interrogatory 13, above. |
| I18 | State all facts that support your first affirmative in your Answer that "Plaintiffs fail to state a claim against Supreme Lending." | Supreme objects to this demand as improperly seeking discovery on a pure matter of law. | This is a legal defense, not subject to discovery. *Abbot v. United States*, 177 F.R.D. 92, 93 (N.D.N.Y. 1997). |

# ALLEGED INTERROGATORY DEFICIENCIES AND SUPREME LENDING RESPONSE MAY 23, 2022

| No. | INTERROGATORY | RESPONSE/AMENDED RESPONSE | NOTE |
|---|---|---|---|
| I19 | State all facts that support your third affirmative defense in your Answer that "Plaintiffs' claim against Supreme Lending are barred by the doctrine of unclean hands." | Supreme objects to this demand as premature as Supreme has not yet deposed Co-Defendants or Plaintiffs and discovery is ongoing. Supreme lacks sufficient information to currently respond to this request and reserves the right to supplement this response after the depositions of the parties and any material nonparties. | This is a contention interrogatory, and the obligation to respond should be postponed until the end of the discovery period, absent a showing by the requesting party of a particular need. *Equal Emp't Opportunity Comm'n v. Sterling Jewelers, Inc.*, 2012 WL 1680811 at *8 (W.D.N.Y. May 14, 2012); *Kodak Gr. Comm. Can. Co.; v. EI. Du Pont de Nemours and Co.*, 2012 WL 413994 (W.D.N.Y. Feb 8, 2012); *Nimkoff v. Dollhausen*, 262 F.R.D. 191, 195 (E.D.N.Y. 2009). This is especially so here, where Plaintiffs have failed to provide discovery relevant to the affirmative defenses. |
| I20 | State all facts that support your fourth affirmative defense in your answer that "Plaintiffs' claims against Supreme Lending are barred by the doctrines of waiver and estoppel." | Supreme objects to this demand as premature as Supreme has not yet deposed Co-Defendants or Plaintiffs and discovery is ongoing. Supreme lacks sufficient information to currently respond to this request and reserves the right to supplement this response after the depositions of the parties and any material nonparties. | This is a contention interrogatory, and the obligation to respond should be postponed until the end of the discovery period, absent a showing by the requesting party of a particular need. *Equal Emp't Opportunity Comm'n v. Sterling Jewelers, Inc.*, 2012 WL 1680811 at *8 (W.D.N.Y. May 14, 2012); *Kodak Gr. Comm. Can. Co.; v. EI. Du Pont de Nemours and Co.*, 2012 WL 413994 (W.D.N.Y. Feb 8, 2012); *Nimkoff v. Dollhausen*, 262 F.R.D. 191, 195 (E.D.N.Y. 2009). This is especially so here, where Plaintiffs have failed to provide discovery relevant to the affirmative defenses. |
| I21 | State all facts that support your fifth affirmative defense in your Answer that | Supreme objects to this demand as premature as Supreme has not yet deposed Co-Defendants or Plaintiffs and discovery is ongoing. Supreme lacks sufficient information to currently respond to this | This is a contention interrogatory, and the obligation to respond should be postponed until the end of the discovery period, absent a showing by the requesting party of a particular need. |

**ALLEGED INTERROGATORY DEFICIENCIES AND SUPREME LENDING RESPONSE MAY 23, 2022**

| No. | INTERROGATORY | RESPONSE/<u>AMENDED RESPONSE</u> | NOTE |
|---|---|---|---|
|  | "Plaintiffs" claims against Supreme Lending are barred by the applicable statues of limitations." | request and reserves the right to supplement this response after the depositions of the parties and any material nonparties. | *Equal Emp't Opportunity Comm'n v. Sterling Jewelers, Inc.*, 2012 WL 1680811 at *8 (W.D.N.Y. May 14, 2012); *Kodak Gr. Comm. Can. Co.; v. EI. Du Pont de Nemours and Co.*, 2012 WL 413994 (W.D.N.Y. Feb. 8, 2012); *Nimkoff v. Dollhausen*, 262 F.R.D. 191, 195 (E.D.N.Y. 2009). This is especially so here, where Plaintiffs have failed to provide discovery relevant to the affirmative defenses. |
| I22 | State all facts that support your sixth affirmative defense in your Answer that "Plaintiffs' claims against Supreme Lending are barred by the doctrine of laches." | Supreme objects to this demand as premature as Supreme has not yet deposed Co-Defendants or Plaintiffs and discovery is ongoing. Supreme lacks sufficient information to currently respond to this request and reserves the right to supplement this response after the depositions of the parties and any material nonparties. | This is a contention interrogatory, and the obligation to respond should be postponed until the end of the discovery period, absent a showing by the requesting party of a particular need. *Equal Emp't Opportunity Comm'n v. Sterling Jewelers, Inc.*, 2012 WL 1680811 at *8 (W.D.N.Y. May 14, 2012)*Kodak Gr. Comm. Can. Co.; v. EI. Du Pont de Nemours and Co.*, 2012 WL 413994 (W.D.N.Y. Feb. 8, 2012); *Nimkoff v. Dollhausen*, 262 F.R.D. 191, 195 (E.D.N.Y. 2009). This is especially so here, where Plaintiffs have failed to provide discovery relevant to the affirmative defenses. |
| I23 | State all facts that support your seventh affirmative defense in your Answer that "any damages sustained by Plaintiffs were the result of an intervening and superseding cause." | Supreme objects to this demand as premature as Supreme has not yet deposed Co-Defendants or Plaintiffs and discovery is ongoing. Supreme lacks sufficient information to currently respond to this request and reserves the right to supplement this response after the depositions of the parties and any material nonparties. | This is a contention interrogatory, and the obligation to respond should be postponed until the end of the discovery period, absent a showing by the requesting party of a particular need. *Equal Emp't Opportunity Comm'n v. Sterling Jewelers, Inc.*, 2012 WL 1680811 at *8 (W.D.N.Y. May 14, 2012): *Kodak Gr. Comm. Can. Co.; v. EI. Du Pont de Nemours and Co.*, 2012 WL 413994 (W.D.N.Y. |

## ALLEGED INTERROGATORY DEFICIENCIES AND SUPREME LENDING RESPONSE MAY 23, 2022

| No. | INTERROGATORY | RESPONSE/AMENDED RESPONSE | NOTE |
|---|---|---|---|
|  |  |  | Feb. 8 2012); *Nimkoff v. Dollhausen*, 262 F.R.D. 191, 195 (E.D.N.Y. 2009).<br><br>The evidence as to the causation of any alleged damages to Plaintiffs remains in the possession of the Plaintiffs and has not been fully disclosed to Supreme. In fact, it is the subject of Supreme's motion to compel.<br><br>Among other things, Plaintiffs have failed to provide full disclosure regarding any information that was allegedly deleted or modified, the recovery of said information, and any efforts that were undertaken by Plaintiffs to communicate with and continue business with borrowers allegedly impacted by any wrongdoing. |
| I24 | State all facts that support your eighth affirmative defense in your answer that "Plaintiffs failed to mitigate their damages." | Supreme objects to this demand as premature as Supreme has not yet deposed Co-Defendants or Plaintiffs and discovery is ongoing. Supreme lacks sufficient information to currently respond to this request and reserves the right to supplement this response after the depositions of the parties and any material nonparties. | This is a contention interrogatory, and the obligation to respond should be postponed until the end of the discovery period, absent a showing by the requesting party of a particular need. *Equal Emp't Opportunity Comm'n v. Sterling Jewelers, Inc.*, 2012 WL 1680811 at *8 (W.D.N.Y. May 14, 2012); *Kodak Gr. Comm. Can. Co. v. EI. Du Pont de Nemours and Co.*, 2012 WL 413994 (W.D.N.Y. Feb. 8, 2012); *Nimkoff v. Dollhausen*, 262 F.R.D. 191, 195 (E.D.N.Y. 2009).<br><br>The evidence as to the mitigation of any alleged damages to Plaintiffs remains in the possession of the Plaintiffs and has not been fully disclosed to Supreme. In fact, it is the subject of Supreme's motion to compel. |

## ALLEGED INTERROGATORY DEFICIENCIES AND SUPREME LENDING RESPONSE MAY 23, 2022

| No. | INTERROGATORY | RESPONSE/AMENDED RESPONSE | NOTE |
|-----|---------------|---------------------------|------|
|     |               |                           | Among other things, Plaintiffs have failed to provide full disclosure regarding any information that was allegedly deleted or modified, the recovery of said information, and any efforts that were undertaken by Plaintiffs to communicate with and continue business with borrowers allegedly impacted by any wrongdoing. |
| I25 | Describe all pending, threatened or resolved litigation pending or ever pending as against you. | Supreme objects to this demand as vague, overly broad, unduly burdensome, and irrelevant. | This interrogatory seeks information that has no connection with the instant dispute and is palpably improper. |