# EXHIBIT 16

| No. | DOCUMENT REQUEST | RESPONSE | NOTE |
|---|---|---|---|
| R1 | All documents concerning the allegations in the Retaliation Lawsuit, Complaint and/or Answer. | Supreme objects to this demand as vague, overbroad, and unduly burdensome. Subject to and without waiving said objection, **Supreme will produce all non-privileged documents, if any, responsive to this request.** | Fed.R.Civ.P. 34(b)(1)(A) requires that a request must "describe with reasonable particularity each item or category of items to be produced." Plaintiffs' request is plainly improper.<br><br>The Amended Complaint consists of 53 pages and 285 separate paragraphs. An interrogatory seeking documents concerning the Amended Complaint, Supreme's Answer, and a completely separate lawsuit is palpably improper. Notwithstanding the breadth of the request, Supreme has conducted numerous searches of its records relating to the allegations in the Amended Complaint, which includes allegations relating to the Retaliation Lawsuit, and produced documents believed to be responsive. Defendants, like Plaintiffs, have produced certain documents as they are kept in the ordinary course of its business, including the documents responsive to this Request. |
| R2 | All documents reviewed and/or relied on in drafting these responses or the Retaliation Lawsuit and/or Answer. | Supreme objects to this demand as seeking documents subject to attorney-client privilege or attorney work product protection. | Supreme stands by this objection on the grounds of attorney work product privilege. |
| R3 | All documents or correspondence of any kind which have not been previously | Supreme objects to this request as being overbroad and unduly burdensome, and as failing to describe | This request for documents "which relate in any way to, or which may lead |

1

| No. | DOCUMENT REQUEST | RESPONSE | NOTE |
|---|---|---|---|
|  | requested, which relate in any way to, or which may lead to the discovery of relevant evidence, concerning any of the allegations set forth in the Retaliation Lawsuit, Complaint and/or Answer. | with reasonable particularity the item of category of items to be inspected. | to the discovery of relevant evidence, concerning any of the allegations set forth in the Retaliation Lawsuit, Complaint, and/or Answer" is clearly improper, and does not even attempt to identify the documents sought to be produced.<br><br>This request is also plainly non-compliant with Fed.R.Civ.P. 34(b)(1)(A)'s requirement of reasonable particularity. |
| R4 | All written or oral statements or reports taken or obtained from any person(s) concerning the facts and circumstances mentioned or complained of in the Retaliation Lawsuit, Complaint and/or Answer. | Supreme objects to this demand to the extent that it demands documents subject to attorney-client privilege or attorney work product protection. Subject to and without waiving said objection, **Supreme will produce all non-privileged documents, if any, responsive to this request.** | Supreme is presently unaware of any "statements" taken or obtained from any person(s) concerning the subject matters described.<br><br>Supreme has produced a privilege log |
| R5 | Originals of each and every audio or video recording, including telephone call message recordings, which you have of all conversations, including telephone conversations with any of the PMC's owners, employees, or former employees. | **Supreme is not in possession of any responsive audio or video recordings.** Supreme reserves the right to supplement and amend this response. Supreme will produce all non-privileged documents, if any, responsive to this request should any be obtained. | Plaintiffs list this as "unresolved" but Supreme's response is proper. |
| R6 | All electronic messages, documents, correspondence, communications (including hard copy or e-mail) or conversations between Supreme, and/or any of Supreme's owners, agents, | Supreme objects to this request as being overbroad and unduly burdensome, and as failing to describe with reasonable particularity the item of category of items to be inspected. | This request for documents "concerning any of the allegations set forth in the Retaliation Lawsuit, Complaint, and/or Answer" is clearly improper, and does not even attempt to identify |

| No. | DOCUMENT REQUEST | RESPONSE | NOTE |
|---|---|---|---|
| | employees, or former employees and you concerning any allegations in the Retaliation Lawsuit, Complaint and/or Answer. | | the documents sought to be produced. Notwithstanding the breadth of request, Supreme has conducted numerous searches of its records relating to the allegations in the Amended Complaint, which includes allegations relating to the Retaliation Lawsuit, and produced documents believed to be responsive in response to Document Request No. 1.<br><br>This request is also plainly non-compliant with Fed.R.Civ.P. 34(b)(1)(A)'s requirement of reasonable particularity. |
| R7 | All documents concerning the establishment, opening, and staffing of the Williamsville Office. | Supreme objects to this demand as irrelevant, vague, overbroad, and unduly burdensome. Subject to and without waiving said objection, Supreme will produce non-privileged documents, if any, concerning the establishment, opening, and staffing of the Williamsville Office. | Plaintiffs' Amended Chart [Doc. 69-15, pp. 18-21] listed this Request as "Unresolved" without further explanation as to why it is unresolved.<br><br>Supreme has produced documents specifically related to onboarding, recruitment, setting up of the Williamsville Office, consisting of document nos. SL 142-732 and SL 5872-6605, produced on November 24, 2021, December 3, 2021, and January 7, 2022 and has provided indexes to Plaintiffs identifying those documents by bates number as relating to setting up the Williamsville office. |

| No. | DOCUMENT REQUEST | RESPONSE | NOTE |
|---|---|---|---|
| R8 | All documents that were copied, caused to be copied, saved, or caused to be saved, removed, caused to be removed, transferred, caused to be transferred, transmitted, caused to be transmitted, forwarded, caused to be forwarded, released, caused to be re-leased, deleted, caused to be deleted, emailed, caused to be emailed, copied and/or caused to be copied from PMC's offices, files, computers and/or electronic devices, either by hard copy or by electronic means. | Supreme objects to this request as being vague, unclear, overbroad, and unduly burdensome. Subject to and without waiving this objection, **Supreme will undertake a reasonable search and produce files documents, if any, that it has reason to believe were copied from PMC.** | Plaintiffs' Amended Chart [Doc. 59-1, pp. 18-21] listed this Request as "Unresolved" without further explanation as to why it is unresolved.<br><br>Supreme reasonably believes that any document in its possession responsive to this request would be produced in responses to the searches it has conducted according to its Document Production chart for borrower e-mails, personal e-mails of the individual defendants, computer documents of the individual defendants, premiummortgage.com e-mails of the individual defendants. Supreme has categorized its productions to Plaintiffs by source, so that Plaintiff can readily search the same documents as easily as Supreme. |
| R9 | All documents concerning or reflecting summaries, compilations, data-bases, or collections of data or information stored in PMC's offices, files, computers and/or electronic devices that were copied, caused to be copied, removed, caused to be removed, caused to be removed transferred, caused to be transferred, transmitted, caused to be | Supreme objects to this request as being vague, unclear, overbroad, and unduly burdensome. Subject to and without waiving this objection, **Supreme will undertake a reasonable search and produce files documents, if any, that it has reason to believe were copied from PMC, or any summaries, compilations, database, or collections of data that is has reason to believe derive from files that were copied from PMC.** | Plaintiffs' Amended Chart [Doc. 69-15, pp. 18-21] listed this Request as "Unresolved" without further explanation as to why it is unresolved.<br><br>Supreme reasonably believes that any document in its possession responsive to this request would be produced in responses to the searches it has |

4

| | | | |
|---|---|---|---|
| | transmitted, forwarded, caused to be forwarded, released, caused to be released, deleted, caused to be deleted, emailed, caused to be emailed, copied and/or caused to be copied from PMC's officed, files, computers and/or electronic devices, either by hard copy or by electronic means. | | conducted according to its Document Production chart for borrower e-mails, personal e-mails of the individual defendants, computer documents of the individual defendants, premiummortgage.com e-mails of the individual defendants. Supreme has categorized its productions to Plaintiffs by source, so that Plaintiff can readily search the same documents as easily as Supreme. |
| R10 | Any and all emails, electronic messages and documents sent from any e-mail address associated with PMC to any e-mail address associated with Supreme. | Supreme objects to this request as being overbroad and unduly burdensome, and seeking documents that are irrelevant and not reasonably calculated to lead to admissible evidence. Subject to and without waiving this objection, **Supreme will conduct a reasonable search and produce all non-privileged documents, if any, responsive to this request covering the time period January 1, 2019 through June 30, 2019.** | Plaintiffs' Amended Chart [Doc. 69-16, pp. 18-21] states that nothing has been identified as being produced and also objected to the time limitations.<br><br>Supreme has identified to Plaintiffs the following documents that include email and documents from e-mail addresses associated with PMC: SL5833-SL5871, produced December 3, 2021 and SL36508-SL73114, produced April 20, 2022.<br><br>Supreme's production included communications to and from e-mail addresses associated with PMC through April 30, 2020. |

| R11 | All documents concerning the announcement of the opening of the Williamsville Office. | **Supreme will produce all non-privileged documents, if any, responsive to this request.** | Plaintiffs' Amended Chart [Doc. 69-15, pp. 18-21] listed this Request as "Unresolved" without further explanation as to why it is unresolved. Supreme has produced documents specifically related to onboarding, recruitment, setting up of the Williamsville Office, consisting of document nos. Sl142-732 and SL 5872-6605, produced on November 24 and December 3, 2021, and January 7, 2022. |
|---|---|---|---|
| R12 | All documents including electronic messages concerning the employment of Nostro, Randall or Popham at Supreme including, but not limited to, advertisements, personnel files, job applications, resumes, documents in connection with any recruitment to join Supreme, offers from Supreme, employment agreements or contracts and negotiations. | **Supreme will produce all non-privileged documents, if any, responsive to this request.** | Plaintiffs' Amended Chart [Doc. 69-15, pp. 18-21] listed this Request as "Unresolved" on grounds that Supreme has not produced "all" responsive documents, without further explanation, except to incorrectly state that Supreme has not produced all compensation agreements, commissions, or salary information, when those documents have all been produced at SL 1-141 and 31,648-31,667 on December 3, 2021 and March 25, 2022. |

6

| | | | |
|---|---|---|---|
| R13 | All documents concerning employment or potential employment at Supreme of any former or current employee of PMC, including, but not limited to, electronic messages, offers, correspondence, recruiting, employment contracts and/or terms. | **Supreme will produce all non-privileged documents, if any, responsive to this request.** | Plaintiffs' Amended Chart [Doc. 69-15, pp. 18-21] listed this Request as "Unresolved" on the grounds of "not produced."<br><br>Supreme produced documents relating to the employment of the individual defendants in this matter. Plaintiffs have not specified how this response is deficient, nor has this issue been discussed at any meet and confer.<br><br>Nevertheless, on May 25, 2022, Supreme produced documents relating to the employment of Susan Mailman and Jackie Ruotsi, two employees who left Premium and joined Supreme in or about April 2019. [SL74848 – 74980] |
| R14 | All documents, correspondence, communications (including hard copy or e-mail) or conversations between you and any other Defendant relating or referring to the resignation of Nostro, Randall, or Popham from PMC. | **Supreme will produce all non-privileged documents, if any, responsive to this request.** | Plaintiffs' Amended Chart [Doc. 69-15, pp. 18-21] listed this Request as "Unresolved" on grounds that Plaintiffs don't know what [documents are] supposed to be responsive."<br><br>As noted above, Supreme has produced the personnel files of the individual defendants (SL1-141), documents relating to the onboarding, recruitment, and setting up of the Williamsville office (SL142-732, SL5872-6605), and the individual defendants' communications with Supreme from their personal e-mail accounts (SL733- |

7

| | | | |
|---|---|---|---|
| | | | 839) and reasonably believes that responsive documents, if any, are contained in those productions, or elsewhere in the production of Supreme or the individual defendants. |
| R15 | All documents, correspondence, communications (including hard copy or e-mail) or conversations between you and any other individual or entity relating or referring to the resignation of Nostro, Randall, or Popham from PMC. | **Supreme will produce all non-privileged documents, if any, responsive to this request relevant to the subject claims.** | Plaintiffs' Amended Chart [Doc. 69-15, pp. 18-21] listed this Request as "Unresolved" on grounds that Plaintiffs don't know what [documents are] supposed to be responsive."<br><br>As noted above, Supreme has produced the personnel files of the individual defendants (SL1-141), documents relating to the onboarding, recruitment, and setting up of the Williamsville office (SL142-732, SL5872-6605), and the individual defendants' communications with Supreme from their personal e-mail accounts (SL733-839) and reasonably believes that responsive documents, if any, are contained in those productions, or elsewhere in the production of Supreme or the individual defendants. |

| | | | |
|---|---|---|---|
| R16 | Any and all communications (in any format) with PMC's current or former employees since opening your Williamsville, New York office. | Supreme objects to this demand as overbroad, irrelevant, and unduly burdensome. Subject to and without waiving said objections, **Supreme will conduct a reasonable search and produce all non-privileged documents, if any, responsive to this request relevant to the subject claims.** | Plaintiffs' Amended Chart [Doc. 69-15, pp. 18-21] listed this Request as "Unresolved" on grounds that Plaintiffs don't know what [documents are] supposed to be responsive." <br><br> The request covers January 2018 to present and has no limitation on subject matter. Plaintiffs have not shown the relevance of any and all communications with persons who may have at one time been employed by Premium. Note that Supreme's production does include at least two instances of communications by present or former Premium employees with Dylan Randall regarding possible employment with Supreme [Document Nos. SL5531-3] |

| | | | |
|---|---|---|---|
| R17 | All documents and data, including, but not limited to, computer generated or stored information, concerning any and all persons or entities contacted by you or any Defendant concerning customers of PMC, potential customers of PMC, customers in the pipeline of PMC, and leads of potential customers of PMC from January 2017 to date. | Supreme objects to this demand as vague, overbroad, irrelevant, and unduly burdensome without Plaintiffs identifying which leads and potential or existing customers. Subject to and without waiving said objections, **Supreme will produce all non-privileged documents, if any, that it has reason to believe concern customers or potential customers of PMC that are relevant to the claims set forth in this case.** | Plaintiffs' Amended Chart [Doc. 69-15, pp. 18-21] listed this Request as "Unresolved" on grounds that Plaintiffs don't know what [documents are] supposed to be responsive."<br><br>On February 22, 2022, Supreme produced a list of all loan closings for 2019 for the Williamsville Branch during all of 2019, which included detailed descriptions by loan number, customer name, address, and amount of the loan, among other information. [SL SL13297 – 13000]. In addition, Supreme has run searches by loan number and customer name and produced electronic records and Encompass loan files for each of the Williamsville Branch loan closings for 2019. In addition, Supreme has run searches for each of the borrowers identified in Plaintiff's interrogatories and produced electronic records and Encompass loan files for each borrower identified by Plaintiff. In addition, Supreme has run searches for each borrower identified on any of its April or May pipeline reports for the Williamsville Branch, and produced electronic records and Encompass loan files for each borrower identified in these pipeline reports. |

|  |  |  | These searches have resulted in a substantial document production by Supreme which includes electronic files relating to the borrowers that Premium may claim were wrongfully solicited to take business to Supreme, credit reports, and additional contents of Encompass loan files with respect to each borrower so identified.  For each borrower included in the search, all electronic mail communications, credit reports, loan applications, and promissory note documents were produced, along with the listing of all of Supreme's 2019 loan closings for the Williamsville branch.  These documents have been identified by grouping in Supreme's document production summary, and include grouping numbers 5, 6, 7, 17, 18, 19, 20, 21, 25, 26, 27, 29, 30, 31, and 34. |
|---|---|---|---|
| R18 | All documents between you and any other Defendant concerning customers of PMC, potential customers of PMC, customers in the pipeline of PMC, and leads for potential customers of PMC from January 2017 to date. | Supreme objects to the use of the term "pipeline" as being undefined, vague, and unclear, and to the extent that the request covers periods prior to January 1, 2019 as imposing an undue burden and seeking the documents that are irrelevant to the claims or defenses of this matter. Subject to and without waiving said objections, **Supreme refers Plaintiffs to its response to Request No. 17 above.** | Supreme is presently unaware of any document responsive to Request No. 18, that has not been produced in response to Request No. 17, above. Supreme has produced thousands of documents believed to be responsive to this request. |

| R19 | Any documents concerning the protection, limited use, or dissemination of any PMC information once Nostro, Randall and Popham were hired by Supreme. | **Supreme will produce all non-privileged documents, if any, believed to be responsive to this request.** | As stated in response to Plaintiffs' Interrogatory No. 8, Supreme required Defendants Nostro, Popham, and Randall to each execute a Confidentiality and Non-Solicitation Agreement [Bates Nos SL00000002 – SL00000019] which included at paragraph 4 restrictions on retention and use of information from prior employers. |

| | | | |
|---|---|---|---|
| R20 | Any and all communications (in any format) concerning customers of PMC, potential customers of PMC, customers in the pipeline of PMC, and leads for potential customers of PMC since you employed Nostro, Randall and Popham. | Supreme objects to the use of the term "pipeline" as being undefined, vague, and unclear, and to the extent that the request covers periods prior to January 1, 2019 as imposing and undue burden and seeking the documents that are irrelevant to the claims or defenses of this matter. Subject to and without waiving said objections, **Supreme refers Plaintiffs to its response to Request No. 17, above.** | Supreme is presently unaware of any document responsive to Request No. 20, that has not been produced in response to Request No. 17, above. |
| R21 | All records concerning compensation, reimbursements, commissions, and legal fees paid by you to or on behalf of Nostro, Randall and Popham. | Supreme objects to this demand as overbroad, irrelevant, and unduly burdensome. Subject to and without waiving said objections, **Supreme will produce all non-privileged documents, if any, responsive to this request concerning the compensation paid to Nostro, Randall and Popham.** | Supreme has produced agreements and documentation of compensation for all Defendants during 2019, including guaranteed payments, salary, and commissions. Agreements relating to the defense of this lawsuit are privileged. A privilege log was produced on May 25, 2022. |
| R22 | All documents that concern, contain, refer or relate, in any way, to statements made by any Defendant, or by any Defendant's representative, servant, agent, employee and/or former employee, regarding the dissemination, distribution, detailing, disclosure or sharing of the complaint in the Retaliation Lawsuit or the allegations contained therein. | Supreme objects to this demand as overbroad, irrelevant, and unduly burdensome as it re-lates solely to an unrelated matter of which Supreme is not a party. Subject to and without waiving said objections, **Supreme will produce all non-privileged documents, if any, which can be reasonably located and which reflect communications by any Supreme concerning the Retaliation Lawsuit.** | Supreme has searched its records and produced documents believed to be responsive to this request on May 25, 2022, after conducting a secondary review of the potentially responsive documents for privilege. |

| | | | |
|---|---|---|---|
| R23 | All correspondence, communications (including hard copy or e-mail) or conversations between any Defendant and any other Defendant relative to the dissemination, distribution, detailing, disclosure or sharing of the complaint filed in the Retaliation Lawsuit or the allegations contained therein. | Supreme objects to this demand as overbroad, irrelevant, and unduly burdensome as it relates solely to an unrelated matter of which Supreme is not a party. Subject to and without waiving said objections, **Supreme will produce all non-privileged documents, if any, which can be reasonably located and which reflect communications by any Supreme concerning the Retaliation Lawsuit.** (Supreme referred Plaintiffs to its response to Request No. 22) | Supreme has searched its records and produced documents believed to be responsive to this request on May 25, 2022, after conducting a secondary review of the potentially responsive documents for privilege. |
| R24 | All electronic messages sent from or received by: (1) Nostro; (2) Randall; (3) Popham; (4) any representative of Supreme, including, but not limited to representatives, recruiters and agents; (5) former employees of PMC; (6) current employees of PMC; (7) real estate agents; (8) current or former customers of PMC; (9) individuals who referred customers or potential customers to you while employed at PMC; and (10) friends, acquaintances and/or relatives, during the dates of January 1, 2019 through September 1, 2019, concerning: (a) Mr. Donoghue and/or (b) PMC. | Supreme objects to this demand as overbroad, irrelevant, and unduly burdensome as it re-lates solely to an unrelated matter of which Supreme is not a party. Subject to and without waiving said objections, **Supreme will produce all non-privileged documents, if any, which can be reasonably located and which reflect communications by any Supreme concerning the Retaliation Lawsuit.** (Supreme referred Plaintiffs to its response to Request No. 22.) | Supreme conducted a reasonable search of its systems for references to Donoghue and/or PMC and has produced all documents it believes to be responsive to this request.<br><br>Supreme has produced the following documents were searched for "Premium Mortgage," "PMC," "@premiummortgage.com" and "Donoghue" – SL5833 – SL5871 and SL36508 – SL73114. |

14

| | | | |
|---|---|---|---|
| R25 | All documents concerning the income and/or profits arising from your Williamsville Office, including, but not limited to, prospectuses, offering materials, schedules, investment advertisements, balance sheets, profit loss statements, interim financial statements, accountant work papers, audited financial statements, and tax returns. | Supreme objects to this demand as overbroad, irrelevant, unduly burdensome, and seeking information that is confidential and proprietary. Subject to and without waiving said objections, **Supreme will produce profit and loss statements relating to the Williamsville branch for the time period April 1, 2019 through March 31, 2020 as an "attorneys' eyes only" production pursuant to a separate stipulation.** | Premium and Supreme are competitors. On December 14, 2021 Supreme's counsel submitted a proposed addendum to the Stipulated Protective Order to allow for the review of certain materials by "attorneys' eyes only." While acknowledging receipt of the proposal, Plaintiffs' counsel has never agreed to the addendum, or proposed any revisions to the addendum which would permit it to be filed.<br><br>Supreme has been prepared since January, 2022 to provide the profit and loss statements to Plaintiffs provided that the disclosure was limited to attorneys. |
| R26 | All documents concerning notes sold by Supreme that were originated by an employee working out of or in connection with the Williamsville Office including, but not limited to, pricing information. | Supreme objects to this demand as overbroad, irrelevant, unduly burdensome, and seeking confidential and proprietary information. | Plaintiffs' Amended Chart [Doc. 69-15, pp. 18-21] listed this Request as "Unresolved" with-out further explanation as to why it is unresolved.<br><br>As explained above, Supreme has offered to provide financial information about the Williamsville branch, but Plaintiffs have refused to modify the SPO to permit an attorneys' eyes only (AEO) designation. Supreme is moving to modify the SPO to permit an AEO designation. |

| | | | |
|---|---|---|---|
| R27 | All documents detailing the calculation of profits and expenses relating to loans originating at your Williamsville Office. | Supreme objects to this demand as overbroad, irrelevant, unduly burdensome, and seeking confidential and proprietary information. | Plaintiffs' Amended Chart [Doc. 69-15, pp. 18-21] listed this Request as "Unresolved" without further explanation as to why it is unresolved.<br><br>As explained above, Supreme has offered to provide financial information about the Williamsville branch, but Plaintiffs have refused to modify the SPO to permit an attorneys' eyes only (AEO) designation. Supreme is moving to modify the SPO to permit an AEO designation. |
| R28 | All documents you have ever submitted to a New York regulatory agency or authority at any time. | Supreme objects to this demand as overbroad, irrelevant, unduly burdensome and improperly seeks production of documents that are confidential and proprietary. | Plaintiffs' Amended Chart [Doc. 69-15, pp. 18-21] listed this Request as "Unresolved" with-out further explanation as to why it is unresolved.<br><br>Plaintiffs have never explained the relevance of this information. |

| | | | |
|---|---|---|---|
| R29 | All documents that any or your employees working in New York have ever submitted to a regulatory agency or authority at any time. | Supreme objects to this demand as overbroad, irrelevant, unduly burdensome and improperly seeks production of documents that are confidential and proprietary. | Plaintiffs' Amended Chart [Doc. 69-15, pp. 18-21] listed this Request as "Unresolved" with-out further explanation as to why it is unresolved. Plaintiffs have never explained the relevance of this information. |
| R30 | All documents concerning litigation in which Supreme was a litigant, party, or witness. | Supreme objects to this demand as overbroad, irrelevant, and unduly burdensome. | Plaintiffs' Amended Chart [Doc. 59-1, pp. 18-21] listed this Request as "Unresolved" with-out further explanation as to why it is unresolved. This request seeks information that has no connection with the instant dispute and is palpably improper. |