# EXHIBIT 17

**PLAINTIFFS' ALLEGATIONS OF DEFICIENCIES AND SUPREME RESPONSE**

| No. | Alleged Deficiency per Plaintiff | Facts | Notes |
|---|---|---|---|
| 1 | Supreme has ignored deadlines and delayed responding to discovery requests [Plaintiffs' MOL pp. 2-4] | All parties put responses to formal discovery on hold while settlement was pursued in 2020 and again in 2021. See Maureen Bass letter to Court dated August 13, 2021 [Doc. 34]. As a result, a new scheduling order was issued in August, 2021.<br><br>Plaintiffs failed to respond to Supreme's outstanding discovery during the same time period.<br><br>When Plaintiffs served their initial disclosures on October 30, 2020, they were required under Fed.R.Civ.P. 26(a)(1)(A)(iv) to provide Supreme with "a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]" Plaintiff provided no computation and no documents.<br><br>Plaintiffs did not communicate with Supreme about the timing of its discovery responses for more than 90 days prior to the filing of the first motion to compel. Had Plaintiffs' counsel inquired, they would have learned that drafts of discovery responses had been transmitted to Supreme for review 30 minutes before the first motion to compel was filed on Friday, November 19, 2021 at 543 pm. | Plaintiffs' failures to provide disclosures required by Fed.R.Civ.P. 26(a)(1)(A)(iii) have continued for more than 20 months, and their responses to Supreme's discovery requests were nearly a year late and highly deficient.<br><br>Supreme engaged an e-discovery vendor prior to August, 2021 to assist with this matter. Supreme's attorneys, paralegals, and ESI vendor spent more than 200 hours between August and November, 2021, primarily working on discovery related issues.<br><br>From December, 2021 through April 2022, Supreme's attorneys, paralegals and ESI vendor have expended an additional 550 hours on this matter. Most of this time has been spent seeking to fulfill Plaintiffs' expansive requests for more searches of records covering longer time periods.<br><br>Any delays since November, 2021 are attributable in significant part to Plaintiffs unwillingness to limit searches to qualified prospects, resulting in searching 5 times the number of names of possible borrowers, and having to collect, review for responsiveness and privilege, deduplicate, format for |

**PLAINTIFFS' ALLEGATIONS OF DEFICIENCIES AND SUPREME RESPONSE**

| No. | Alleged Deficiency per Plaintiff | Facts | Notes |
|---|---|---|---|
| | | | production, and produce 70,000+ pages of documents rather than 15,000 – 20,000 pages of documents. |
| 2 | Supreme has not provided its employees' text messages. [Plaintiffs' Memorandum of Law filed April 29, 2022, Doc 69-1, pp. 3, 5] | Supreme has inquired and determined that Jackie Duhon and Michael Tirio have no text messages that are responsive to Plaintiffs' discovery requests.<br><br>Supreme requested that Jackie Ruotsi provide responsive text messages before she resigned from Supreme and became reemployed by Premium in March, 2022. The only text received from Ruotsi was produced as document number SL29980.<br><br>In addition, on May 25, 2022 Supreme produced responsive text messages from J.R. Teto and Susan Mailman as document numbers SL 80358 – 80739 and SL 75448 – 78778 respectively.. | There is no evidence of relevant text messages that have been lost.<br><br>Plaintiffs have produced <u>no text messages</u> at all in response to the Defendants' discovery requests, including texts from Michael Donoghue to Defendant Randall.<br><br>Moreover, Supreme is aware of several text messages produced by the Individual Defendants with Premium employees that have not been produced by Premium. |
| 3 | Labeling every document as Confidential. [Id., p4, 18]. | With the exception of two documents, which Supreme agrees to de-designate, all of the documents produced by Supreme consist of personnel records [SL1-141], payroll information, and communications concerning Supreme's business, almost always including confidential borrower information.<br><br>Plaintiffs have also designated their entire production confidential, including all borrower information. | Plaintiffs have failed to request that a single specific document be de-designated.<br><br>Nevertheless, Supreme agrees to de-designate document nos. SL31668 – 31669 and SL73115-73116 and is producing these documents as non-confidential.<br><br>Supreme has offered to discuss to discuss de-designation of any other specific document, but none has been identified. Plaintiffs have not identified |

**PLAINTIFFS' ALLEGATIONS OF DEFICIENCIES AND SUPREME RESPONSE**

| No. | Alleged Deficiency per Plaintiff | Facts | Notes |
|---|---|---|---|
|  |  |  | how this issue is impacting their ability to engage in discovery. |
| 4 | Refusing to provide any financial information without renegotiating the terms of the Protective Order. [Id.] | Supreme offered on December 4, 2021 to provide specific financial information to Plaintiffs so long as the parties executed an amendment to the SPO permitting an attorneys' eyes only (AEO) designation. Plaintiffs have declined to agree, and Supreme is moving to modify the SPO accordingly. | Supreme has had responsive documents ready for production since November 30, 2021

While Plaintiffs claim to object to requiring AEO designation, nearly all financial information has been redacted from financial documents that they have produced, so that no relevant information regarding sources of revenue or costs is provided. This is the subject of Supreme's motion to compel.. |
| 5 | Supreme relying on privilege, without producing a privilege log. [Id., pp. 4, 15] | Supreme has completed its production, and has now provided a privilege log to Plaintiffs. |  |
| 6-7 | Failing to obey the discovery request instructions addressing the ESI that must be produced and providing "document dumps" of disorganized documents. [Id., pp. 4, 14] | Supreme has provided documents in accordance with the Fed.R.Civ.P. and the parties' PDP [Doc. 29, ¶ 8], in searchable text with a load file.

In addition, Supreme has provided Plaintiffs with an itemization of the documents provided by category. | Plaintiffs have produced documents in the exact same fashion as Supreme and have refused requests to more specifically identify the component parts of their document production.

Plaintiffs have identified more than 50,000 pages of documents as all being responsive to 35 separate document requests served by Supreme, including an interrogatory response served by Plaintiffs on May 20, 2022.

Plaintiffs fail to advise the Court that they are guilty of the practices |

3

**PLAINTIFFS' ALLEGATIONS OF DEFICIENCIES AND SUPREME RESPONSE**

| No. | Alleged Deficiency per Plaintiff | Facts | Notes |
|---|---|---|---|
| | | | complained of, and have provided less identification of documents being produced than has Supreme |
| 8 | Supreme has withheld complete sales or commission information and refused to submit its LARS report submissions for 2019 and 2020, submitting only the publicly available portion after the Court required production. [Id., pp. 9, 16-17] | Supreme has provided information regarding 223 borrowers, all loans from the Williamsville branch closed at any time in 2019, and several in 2020.<br><br>Supreme has also provided all commission reports for the Individual Defendants for 2019. Defendants were paid guaranteed payments for the first few months of their employment with Supreme, and did not receive commissions.<br><br>Plaintiffs' allegations that Randall or Nostro were hired on April 1, 2019 and that they were paid commissions that are not reflected on the commission reports Supreme produced in discovery are incorrect. The paystubs provided show that Randall and Nostro were paid by Supreme beginning April 24, 2022 and that they received guaranteed payments, not commissions. This is supported by the terms of their employment agreements with Supreme, also produced to Plaintiffs in December, 2021. | Plaintiffs identify no request that requires production of the LARS report.<br><br>The production of LARS was raised by Plaintiffs for the first time on February 9, 2022 in the Court conference [tr. 43-60], and not at a meet and confer between counsel the day before. Supreme produced the reports on March 25, 2022 [SL31668 – 31669]<br><br>Supreme produced the LARS reports at the urging of the Court, notwithstanding the lack of a specific request. |
| 9 | Supreme has waived its objections by not responding within 30 days of service to Plaintiffs' discovery requests. [Id., p. 9] | Plaintiffs did not respond or provide any responsive documents for more than a year after Supreme served its requests, and yet raised generalized and specific objections.<br><br>Additionally, Plaintiffs responded on May 20, 2022 to Supreme's discovery requests personally | The same rule advocated by Plaintiffs should apply to all parties. |

4

**PLAINTIFFS' ALLEGATIONS OF DEFICIENCIES AND SUPREME RESPONSE**

| No. | Alleged Deficiency per Plaintiff | Facts | Notes |
|---|---|---|---|
|  |  | delivered on March 17, 2022, more than 60 days after service, without seeking an extension from Supreme, and again raised boilerplate objections to every request |  |
| 10 | Sanctions must be imposed for discovery abuses [Id., p. 19] | Supreme has fulfilled its discovery obligations by cooperating in the discovery process, produced responsive documents, and Plaintiffs, who just filed a motion for leave to file a second amended complaint, have not been prejudiced in the least in the prosecution of their claims. | Plaintiffs' serial filings of discovery-related motions were an unnecessary waste of time for the Court and the parties.<br><br>Further, Plaintiffs are guilty of the very conduct that they claim to have been victims of. They produced 43,000 pages of disorganized documents labeled simply as "borrower documents" without further explanation. Plaintiffs have blatantly failed to provide discovery as described in Supreme's motion to compel.<br><br>Plaintiffs' insistence that Supreme provide voluminous discovery with respect to loans unrelated to Premium has caused the delays that Plaintiffs reference. |
| 11 | Depositions of Supreme should be ordered on spoliation for destruction and/or failure to preserve documents | Plaintiffs have identified no documents that have been lost. |  |