UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL DONOGHUE and PREMIUM
MORTGAGE CORP.,

                             Plaintiffs,

    -against-

CYNTHIA NOSTRO, DYLAN RANDALL, DAVID
POPHAM and EVERETT FINANCIAL, INC. d/b/a
SUPREME LENDING,

                            Defendants.
_____

**MEMORANDUM OF LAW**

Civil Action No.:
6:20-CV-06100-EAW


**PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR REASONABLE ATTORNEY'S FEES**


Abrams Fensterman, LLP
Sharon P. Stiller, Esq.
*Attorneys for Plaintiffs*
2280 East Ave, First Floor
Rochester, New York 14610
sstiller@abramslaw.com

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES .......................................................................................................... ii

STATEMENT OF FACTS ............................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

POINT I:  PLAINTIFF'S COUNSEL IS ENTITLED TO THE FEES REQUESTED .................. 2

   A.  Plaintiff's Counsel's Hourly Rates are Reasonable ............................................................. 3

   B.  Plaintiff's Counsel Spent a Reasonable Number of Hours on this Issue ............................. 4

CONCLUSION ............................................................................................................................... 5

# **TABLE OF AUTHORITIES**

**Cases**

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182 (2d Cir. 2008) .................................................................................................................................. 3

*Document Security Sys., Inc. v. Ronaldi*, No. 20-CV-6265-EAW-MJP, 2022 WL 2207185 (W.D.N.Y. June 21, 2022) ................................................................................................... 4

*Farbotko v. Clinton Cnty.*, 433 F.3d 204 (2d Cir. 2005) ............................................................... 3

*Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974) ........................................ 3

*Millea v. Metro-North R.R. Co.*, 658 F.3d 154 (2d Cir. 2011) ...................................................... 2

*New York v. Grand River Enterprises Six Nations, Ltd.*, No. 14-CV-910A(F), 2021 WL 4958653 (W.D.N.Y. Oct. 26, 2021)....................................................................................................... 4

*Small v. New York State Dep't of Corr. & Cmty. Supervision*, No. 12-CV-1236S, 2019 WL 1593923 (W.D.N.Y. Apr. 15, 2019), *aff'd sub nom. Small v. Cuer*, 812 F. App'x 45 (2d Cir. 2020) ...................................................................................................................................... 2

*Townsend v. Benjamin Enterprises, Inc.*, 679 F.3d 41, 59 (2d Cir. 2012)...................................... 3

# PRELIMINARY STATEMENT

Plaintiffs submit this application for reasonable attorney's fees pursuant to the Court's order dated October 11, 2022.  For months, Plaintiffs have pointed out that Defendants drastically over-designated their document productions, far beyond the scope of the parties' Stipulated Protective Order (the "SPO").  Doc. Nos. 28 and 50.  This caused significant roadblocks in Plaintiffs' efforts to prosecute the case, particularly with respect to motion practice, and required Plaintiffs to spend considerable resources attempting to place documents before the court and litigating whether Defendants adhered to the SPO.  This included numerous meet and confers and correspondence with opposing counsel, conferences with the Court, and drafting the in camera submission.  Plaintiff's counsel ultimately spent 174 hours on this segment of the issue, including preparing this application.  After exercising billing judgment, Plaintiff's counsel respectfully requests an award of $40,085 in fees.

# STATEMENT OF FACTS

This case centers primarily on the allegation that, while they were still employed by Premium Mortgage Company ("Premium"), Dylan Randall, Cynthia Nostro, and David Popham (the "Individual Defendants") conspired with Everett Financial, Inc. d/b/a Supreme Lending ("Supreme") to misappropriate Premium's customers, prospective customers, and confidential information, and did so to Premium's detriment.

Plaintiffs filed their complaint on January 6, 2020.  Doc. No. 1-2 at 2-57.  Plaintiffs served discovery demands on Defendants on or about October 30, 2020.  Since that time, the parties have been embroiled in discovery disputes, as Defendants have sought to delay full disclosure and progression of the case.

On or about November 4, 2021, the Individual Defendants served responses to Plaintiffs' discovery requests via electronic mail.  None of the documents included in this production were

1

marked confidential. On or about November 24, 2021, Supreme provided its first production of documents to Plaintiffs, consisting of approximately 700 pages, all of which were labeled confidential. Subsequently, the Individual Defendants followed suit, and for a time, all of Defendants' respective productions were designated as confidential.

After numerous rounds of correspondence, meetings, and court appearances, this issue came to a head with Plaintiffs' September 9, 2022 letter-motion to the Court requesting the de-designation of documents that Plaintiffs wished to introduce in support of their motion to compel. On October 11, 2022, the Court determined that the majority of the challenged documents were not confidential and ordered some redactions of borrower information and other personal information to facilitate e-filing. Pursuant to that order, Plaintiffs were permitted to submit this "application for reasonable attorneys fees on connection therewith."

## ARGUMENT

### POINT I:  PLAINTIFF'S COUNSEL IS ENTITLED TO THE FEES REQUESTED

"Both [the Second Circuit] and the Supreme Court have held that the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a presumptively reasonable fee." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). In the Second Circuit, "if a court finds a fee award to be appropriate, it must set a 'reasonable hourly rate,' which is 'the rate a paying client would be willing to pay.'" *Small v. New York State Dep't of Corr. & Cmty. Supervision*, No. 12-CV-1236S, 2019 WL 1593923, at *15 (W.D.N.Y. Apr. 15, 2019), *aff'd sub nom. Small v. Cuer*, 812 F. App'x 45 (2d Cir. 2020) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008)). The determination of a reasonable hourly rate "'contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel,' an inquiry that may 'include judicial notice of the rates awarded in prior cases and the court's own

familiarity with the rates prevailing in the district.'" *Townsend v. Benjamin Enterprises, Inc.*, 679 F.3d 41, 59 (2d Cir. 2012) (quoting *Farbotko v. Clinton Cnty.*, 433 F.3d 204, 209 (2d Cir. 2005)). "To determine this rate courts must assess a variety of case-specific variables." *Id.* These include the *Johnson* factors: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Id.* (citing *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

### A. Plaintiff's Counsel's Hourly Rates are Reasonable

Plaintiff's counsel's hourly rates are reasonable. Counsel's requested hourly rates[1] are $400 for Sharon Stiller, $350 - $425 for Maureen Bass, $225 - $275 for Alexander Fantauzzo, and $175 for William Woodard.

"In 'complex' cases, the Western District has awarded between $250 and $375 per hour." *Document Security Sys., Inc. v. Ronaldi*, No. 20-CV-6265-EAW-MJP, 2022 WL 2207185, at *9 (W.D.N.Y. June 21, 2022). "More recently, the District has found that '$500 is in-line with hourly rates for attorneys' who have 'more than 20 years of experience.'" *Id.* (quoting *New York v. Grand River Enterprises Six Nations, Ltd.*, No. 14-CV-910A(F), 2021 WL 4958653, at *4 (W.D.N.Y. Oct. 26, 2021)). Attorneys with between ten and twenty years of experience "can be expected to

---

[1] In most cases, Plaintiff's counsel's requested rates are discounted. Ms. Stiller's regular hourly rate is $425, Ms. Bass's regular hourly rate is $425, and Mr. Fantauzzo's is $275.

3

charge an hourly rate of $350." *Grand River Enterprises Six Nations, Ltd.*, 2021 WL 4958653, at *4.

As outlined in the accompanying affidavit, Plaintiff's lead counsel, Ms. Stiller, is an experienced, distinguished attorney who has been admitted to practice in New York since 1976. Ms. Bass has been practicing for over 20 years and has significant experience in a wide variety of practice areas. Mr. Fantauzzo graduated from the University at Buffalo School of Law and has been admitted to practice for a year. Mr. Woodard is a legal assistant with paralegal training who has worked in his field for approximately five years.

This case is a complex, discovery-intensive matter that has been aggressively defended by all Defendants. Plaintiffs' counsel has been forced to bring a motion to compel to procure Defendants' compliance with their discovery obligations and has had to spend an inordinate amount of time and energy addressing Defendants' counsels' over-designation of documents as confidential.

Under these circumstances, Plaintiffs' counsel's requested hourly rates are reasonable.

### B. Plaintiff's Counsel Spent a Reasonable Number of Hours on this Issue

As explained in the accompanying affidavit, Plaintiffs' counsel recorded their time contemporaneously, as reflected in Exhibit A. In attempting to introduce documents in support of their motion to compel and resolve the issue of over-designation with minimal court intervention, Plaintiffs' counsel was forced to spend a significant amount of time reviewing Defendants' production for confidentiality issues, requesting opposing counsel de-designate documents, corresponding with and meeting with Defendants' counsel, and, ultimately, bringing a motion requesting the de-designation of Defendants' documents. This motion required Plaintiffs' counsel to organize, review, and make arguments with respect to the confidential or non-confidential nature of approximately 100 pages of Defendants' respective productions. It also necessitated significant

4

research regarding the propriety of Defendants' counsel's conduct, the breadth of the confidentiality order, and what remedies were appropriate. Plaintiffs' counsel did spend a significant amount of time litigating this issue, but this was necessitated by Defendants' counsels' failure to review and properly designate their productions, and particularly in Supreme's case, failure to correct the over-designation when Plaintiffs' counsel brought it to their attention.

## CONCLUSION

Defendants' over-designation of documents caused Plaintiffs to spend hundreds of hours and thousands of dollars in legal fees to submit documents to the Court in connection with their Motion to Compel. Plaintiffs request that this Court award $40,085 in reasonable attorneys' fees incurred challenging the designations of the motion exhibits and preparing this application.

Date:  December 22, 2022  
       Rochester, New York

Respectfully submitted,

ABRAMS FENSTERMAN, LLP

/s/ Sharon P. Stiller  
Sharon P. Stiller, Esq.  
*Attorneys for Plaintiffs*  
2280 East Ave, First Floor  
Rochester, New York 14610  
Telephone: (585) 218-9999  
sstiller@abramslaw.com