UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL DONOGHUE and PREMIUM
MORTGAGE CORP.,

                        Plaintiffs,

   -against-

CYNTHIA NOSTRO, DYLAN RANDALL, DAVID
POPHAM and EVERETT FINANCIAL, INC. d/b/a
SUPREME LENDING,

                        Defendants.

**ATTORNEY AFFIRMATION**

Civil Action No.:
6:20-CV-06100-EAW

       SHARON P. STILLER, Esq. hereby affirms that the following is true and correct under penalty of perjury:

       1.    I am a partner with the law firm of Abrams Fensterman, LLP, attorneys for Plaintiffs, MICHAEL DONOGHUE, and PREMIUM MORTGAGE CORP., (the "Plaintiffs") in the above-referenced matter. I am fully familiar with the facts set forth and circumstances described herein.

       2.    I submit this affirmation in support of the Plaintiffs' application for reasonable attorney's fees in connection with their motion to de-designate documents which the Defendants, EVERETT FINANCIAL, INC. d/b/a SUPREME LENDING ("Supreme"), Cynthia Nostro ("Nostro"), Dylan Randall ("Randall"), and David Popham ("Popham," and together with Nostro and Randall, the "Individual Defendants") improperly certified as confidential.

## BACKGROUND

       3.    Plaintiffs initiated this action by filing a complaint on January 6, 2020. Doc. No. 1-2 at 2-57.

4.      On or about October 29, 2020, for purposes of mediation, Plaintiffs, in good faith, agreed to and filed a Stipulated Protective Order (the "SPO"), which was subsequently so-ordered by the Court.  Doc. No. 28.

5.      The SPO allows parties to designate documents as confidential if they contain one of seven defined categories of information.

6.      On or about October 30, 2020, Plaintiffs served their Rule 26(a) Initial Disclosures upon Defendant, along with Plaintiffs' First Interrogatories, Notice to Produce Documents, and Notice of Deposition.

7.      On or about November 4, 2021, the Individual Defendants served responses to Plaintiffs' discovery requests via electronic mail.

8.      None of the documents included in this production were marked confidential.

9.      On or about November 24, 2021, Supreme provided its first production of documents to Plaintiffs, consisting of approximately 700 pages, all of which were labeled confidential.

10.     Soon thereafter, at a meet and confer discussing Supreme's overbroad designations, counsel for the Individual Defendants indicated that the absence of confidential designations in their initial production was inadvertent, and designated all of their production as confidential as well.

11.     Subsequently, Defendants designated all documents they produced as confidential, including approximately 80,000 pages from Supreme and nearly 4,000 pages from the Individual Defendants.

12.     Defendants' over-designation of documents and abuse of the SPO has persisted throughout the litigation, compelling Plaintiffs to spend significant time and energy attempting to

de-designate documents. This included meet and confers and correspondence with opposing counsel, as well as conferences and submissions to the court when Defendants – particularly Supreme – refused to cooperate.

13. The issue came to a head with Plaintiffs' Motion to Compel filed on April 29, 2022. In support of their motion, Plaintiffs wished to submit several exhibits containing information from Defendants' productions which was designated as "confidential."

14. Plaintiffs attempted to file these exhibits under seal, but the Court denied the motion in part, because Plaintiffs had been unable to argue that the documents were sensitive enough that sealing was merited.

15. Following the denial of Plaintiffs' Motion to Seal, Plaintiffs reached out to Defendants' counsel on June 3, 2022, requesting that they reconsider their "confidential" designations of documents that Plaintiffs wished to submit in support of their Motion to Compel.

16. Counsel for all parties participated in a meet and confer regarding Plaintiffs' request on June 8, 2022.

17. Counsel for Supreme refused to de-designate the documents, generally alleged that they contained "confidential internal business information," and failed to specifically identify which category of the SPO each document fell under.

18. On June 16, 2022, Mr. Calabrese responded to Plaintiffs' request and agreed to de-designate many of the documents which Plaintiffs had identified, and redact several others to facilitate e-filing.

19. Plaintiffs' counsel had to engage in a similar exercise with respect to documents they wished to submit in connection with their reply.

20. In an effort to provide the Court with all necessary information in relation to their Motion to Compel, Plaintiffs submitted those portions of the exhibits which were still marked "confidential" for the Court's in-camera review.

21. The Court returned the documents and instructed Plaintiffs to either (1) move to file under seal or (2) move to de-designate the documents under the SPO.

22. On August 12, 2022, Plaintiffs submitted a letter to the Court requesting a conference before resorting to formal motion practice.

23. Supreme responded on August 29, 2022, insisting that all but two of the documents Plaintiffs had requested were properly marked as confidential.

24. At the conference on September 1, 2022, the Court directed that Plaintiffs provide their position with respect to each document that remained at issue in connection with the motion to compel.

25. Plaintiffs provided that submission on September 9, 2022, and Defendants submitted their respective responses on September 16, 2022.

26. On October 11, 2022, the Court issued a decision, finding that the vast majority of the documents at issue were either not confidential or could be filed with redactions. The Court allowed for Plaintiffs to "submit an application for reasonable attorneys fees on connection therewith." Doc. No. 104.

27. All told, Plaintiffs' counsel spent 174 hours and incurred $40,085 in legal fees attempting to place Defendants' improperly designated documents before the Court in connection with their motion to compel and preparing this application, after accounting for billing judgment. A summary of the requested fees is attached as **Exhibit A**. Plaintiffs can provide underlying invoices on request.

28. Attached as **Exhibit B**, for reference, is a summary of the hours and fees Plaintiffs have been forced to spend on the confidentiality issue at large.

### PLAINTIFF'S COUNSEL'S QUALIFICATIONS AND BILLING PRACTICES

29. Plaintiffs' lead counsel, the undersigned, a Partner at Abrams Fensterman, LLP, is an experienced, distinguished attorney who has been admitted to practice in New York since 1976. Ms. Stiller's attorney bio detailing her experience, honors, and awards, is attached hereto as **Exhibit C**.

30. Ms. Stiller's regular hourly rate is $425. As reflected in Exhibit A, that rate was discounted to $400 for this litigation.

31. Maureen Bass is a Partner at Abrams Fensterman, LLP, and has over 20 years of experience. She has practiced in a wide variety of areas including bankruptcy, commercial and corporate litigation, employment and general business law. Ms. Bass's attorney bio detailing her experience, honors, and awards is attached hereto as **Exhibit D**.

32. Ms. Bass's regular hourly rate is $425. As reflected in Exhibit A, Ms. Bass's rate was periodically discounted to $350 or $400 for this litigation.

33. Alexander Fantauzzo is an Associate at Abrams Fensterman, LLP who graduated from the State University of New York at Buffalo School of Law in 2020 and has been admitted to practice in the State of New York for over a year. Mr. Fantauzzo's attorney bio detailing his experience and education is attached hereto as **Exhibit E**.

34. Mr. Fantauzzo's regular hourly rate is $275. As reflected in Exhibit A, Mr. Fantauzzo's rate was periodically discounted to $250 or $225 for this litigation.

35. William Woodard is a paralegal and administrative assistant at Abrams Fensterman, LLP. Mr. Woodard received an associate's degree in Paralegal Studies from Bryant & Stratton College in 2017. Mr. Woodard's resumé is attached as **Exhibit F.**

36. Mr. Woodard's regular hourly rate is $175.

37. Plaintiffs' counsel made contemporaneous billing entries, and exercised proper billing judgment to "no charge" certain time entries, equaling $9,418 of fees, as reflected in Exhibit A.

38. In addition, Plaintiffs' counsel extended courtesy discounts in several months to ease the burden on their clients.

39. Plaintiffs' counsel have had to spend over 350 hours on issues related to confidentiality because of Defendants' over-designation of documents.

40. The issue of Defendants' over-designation was also raised in Plaintiffs' motion to compel, and Plaintiffs requested fees in connection with that motion.

41. Plaintiffs reserve the right to additional fees relating to the confidentiality issue, but for purposes of this request, request an award of $40,085 for the portion of their efforts that relate to the documents they sought to present to the Court.

**WHEREFORE**, Plaintiffs respectfully request an award of $40,085 in reasonable attorneys' fees, together with such other and further relief as the Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  December 22, 2022           /s/ *Sharon P. Stiller*
       Rochester, New York            Sharon P. Stiller, Esq.